Honorable Robert J. Bryan

IN THE UNITED STATE DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

GEORGE DC PARKER II and LORI A. PARKER,

                              Plaintiff(s),

    v.

THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,

                              Defendant(s).

NO. 3:23-cv-05069-RJB

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION TO VACATE DEFAULT

**NOTE ON MOTION DOCKET: JUNE 9, 2023**

## I.    RELIEF REQUESTED

Entry of default is an extreme measure and cases should be decided on the merits. Defendant The Society for Creative Anachronism Inc., a/k/a "SCA" or "SCA, Inc." (hereinafter "SCA") seeks relief from this Court from the default entered against it on May 18, 2023 (DKT. 18) in Plaintiffs favor for the SCA's failure to answer the complaint within 20 days. The SCA does not argue that its registered agent was not properly served on April 24, 2023. However, after service was effectuated, a mistake was made by SCA's registered agent who sent the summons and complaint to the wrong address and therefore SCA never received actual notice of the lawsuit

DEFENDANT'S MOTION TO VACATE DEFAULT - 1
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

until an employee received an electronic alert the day before the answer was due about the lawsuit. As a result, default was entered three days later. As this motion will demonstrate, good cause exists for vacating the default and allowing this case to be decided on the merits because SCA appeared shortly after receiving actual notice of the lawsuit and it has a valid defense to Plaintiffs' claims.

## II. STATEMENT OF FACTS

The Society for Creative Anachronism ("SCA) is a 501(c)(3) non-profit volunteer educational organization devoted to the research and re-creation of pre-seventeenth century skills, arts, combat and culture by employing knowledge of history to enrich the lives of participants through events, demonstrations and other educational activities. *See* Declaration of Louise Du Cray, (Du Cray Decl.) ¶ 2.

George Parker II and Lori A Parker (Plaintiffs) were members of the SCA. See *Complaint for Civil Case* (Complaint), DKT. 9. They claim in their complaint that the SCA negligently allowed a hostile work environment to exist at the SCA's activities and otherwise, that SCA allowed Plaintiffs to be harassed, slandered, and bullied by other members of the SCA organization. *Id*. at ¶ 46. Plaintiffs claim bullying and harassment occurred on their private Facebook accounts by others they had not accepted as "friends" and that they were "released" from positions held in the SCA due to activities that occurred on Facebook. *Id*. Plaintiffs further claim they were not voted in by the SCA population as Baron and Baroness when they should have been. They claim the SCA failed to follow policies and protect them. *Id*. Plaintiffs claim emotional injuries, mental anguish pain and suffering and punitive damages as a result. *Id*. at ¶ 47. Plaintiffs additionally claim they were unjustly removed from the SCA and that this removal destroyed their medieval business activities. *Id*. at ¶¶ 49, 53. The SCA denies Plaintiffs claims.

Plaintiffs served their complaint on SCA's registered agent, CT Corporation, on April 24, 2023. Du Cray Decl., ¶ 4. The SCA corporation had changed their business address in August

DEFENDANT'S MOTION TO VACATE DEFAULT - 2
11010-0002 5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

of 2021 and their PO Box in January of 2022. Id. The SCA advised CT Corporation of both changes via email in February of 2022. Id. Unfortunately, neither address was updated CT Corporation who mailed notices of the service to SCA's old addresses. Id. As a result, the SCA did not learn about the Parker Complaint, or receive a copy of the Summons and Complaint until May 14, 2023, when one of its vice presidents received an electronic alert via CourtListener about this lawsuit. Declaration of Eben Kurtzman (Kurtzman Decl.), ¶ 3. SCA immediately informed its corporate counsel, who is not licensed in Washington, about the lawsuit and sought guidance about next steps. *Du Cray Decl*. at ¶ 6 and Kurtzman Decl. at ¶ 3. A clerk's default order was entered on May 18, 2023.  DKT. 18.

SCA located competent legal counsel who was able to defend SCA and who filed a notice of appearance on May 19, 2013. Du Cray Decl., ¶ 6.

### III.    ISSUE

Whether the SCA has demonstrated good cause for this Court to set aside the default order entered on May 17, 2023.

### IV.    EVIDENCE RELIED ON

The SCA relies on this motion, the Declaration of Louise Du Cray, the Declaration of Eben Kurtzman and the documents attached hereto along with this Court's file.

### V.    ARGUMENT AND AUTHORITY

**A.    Good Cause Exists for Vacating the Order of Default.**

FRCP 55(c) provides:

> For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with rule 60(b).

FRCP 60(b) provides a party with relief from a final judgment, order or proceeding due to mistake, inadvertence, surprise or excusable neglect.

/ / /

DEFENDANT'S MOTION TO VACATE DEFAULT - 3
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

The rules for vacating defaults are "remedial in nature and thus must be liberally applied." *Community Dental Servs. v. Tani,* 282 F.3d 1164, 1169 (9th Cir. 2002). "[J]udgment by default is an extreme measure and a case should, whenever possible, be decided on the merits." *Id.* at 1170.

"The good cause standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II LLC v. Hunting Rest. Group,* 375 F.3d 922, 925 (9th Cir. 2004); *see also TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001). In particular, "[a] showing of lack of culpability sufficient to meet the Rule 55(c) 'good cause' standard is ordinarily sufficient to demonstrate as well the 'excusable neglect' or 'mistake' criteria under Rule 60(b)(1)..." *TCI,* 244 F.3d at 696.

In determining whether "good cause" exists, the Court must consider three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. *TCI,* 244 F.3d at 696.

### 1. The SCA Lacks Culpability.

The first factor in determining good cause is whether the defendant had "culpable conduct." In applying the "culpability" and "excusable neglect" standards, the test is whether the conduct is "willful, deliberate or evidence of bad faith." *TCI,* 244 F.3d at 697. Under Rule 60(b)(1), a court may relieve a party of a judgment or order for "mistake, inadvertence, surprise or excusable neglect." *Bateman v. United States Postal Service,* 231 F.3d 1220, 1223-24 (9th Cir. 2000). Whether neglect is excusable depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith. *Id.; see also TCI,* 244 F.3d at 696.

DEFENDANT'S MOTION TO VACATE DEFAULT - 4
11010-0002 5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Here, the SCA did not willfully, deliberately or in bad faith fail to answer Plaintiffs' Complaint. SCA retained CT Corporation to accept service of all legal filings for SCA and expected CT Corporation to judiciously provide any such filings to the SCA in time to respond.

The SCA moved its corporate offices in August of 2021 and its PO Box in February of 2022. Prior to doing so, the SCA advised all vendors, including CT Corporation of these changes. Unfortunately, and through no fault of the SCA, CT Corporation failed to make this change internally and the SCA was not served and did not learn about the Parker Complaint until May 14, 202, four days before the default was entered on May 18, 2023.

Plaintiffs filed their complaint on January 25, 2023, and received approval to proceed in forma pauperis on April 17, 2023. DKT. 8. Plaintiffs Complaint was thereafter filed on April 17, 2023. DKT. 9. Plaintiffs filed their Affidavit of Service of Summons and Complaint on May 12, 2023, noting service on CT Corporation that was effected on April 23, 2023. DKT. 15. The SCA's answer to the complaint was due 20 days later, or by May 15, 2023. Plaintiffs brought their motion for default judgment the following day, on May 16, 2023. See DKT. No. 16. The clerk entered Default against SCA by minute entry on May 18, 2023. See DKT. 18. This Complaint was filed less than 37 days ago. Plaintiffs will not be prejudiced by allowing the SCA to answer their complaint and allowing this matter to move forward now. There will be no impact on the proceedings. Initial disclosures are not due until July 3, 2023, and the joint status report July 17, 2023. See DKT. 12. SCA is moving to vacate the default within days of the order being entered and is actively moving to defend this lawsuit. Clearly the SCA has acted in good faith and this case should now move forward on the merits when it proceeded to defend the matter and filed a notice of appearance within 24-hours of receiving actual notice of the lawsuit.

/ / /

/ / /

DEFENDANT'S MOTION TO VACATE DEFAULT - 5
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## 2. SCA has Meritorious Defenses to Plaintiff's Claims.

The second factor of the "good cause" test is whether the party seeking to overturn the default can present a meritorious defense. "A defendant seeking to vacate a default must present specific facts that would constitute a defense, .... [b]ut the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI,* 244 F.3d at 700. "The underlying concern is ... whether there is some possibility that the outcome ... after full trial will be contrary to the result achieved by the default." *Augusta Fiberglass,* 843 F.2d at 812.

Here, there is far more than "some possibility" that the SCA will defeat Plaintiffs claims and prevail. This is because of the following

- The allegations raised in Plaintiff's complaint are based entirely on Plaintiff's accounting of conversations and actions from others involved in the SCA community whom they have named specifically.  See DKT. 9, ¶ 23 & 26. These individuals are not all identified as officers of SCA and as a result, SCA is not responsible for the actions of such persons in their personal capacity.

- Many of Plaintiffs claims as alleged in their complaint occurred on Facebook.  See DKT. 9.  Plaintiff Lori Parker claims her privacy settings were not adhered to and that she was removed from office for refusing to allow other SCA members to access her Facebook page.  See DKT. 9, ¶ 22.  Plaintiff George Parker claims he was attacked and slandered online.  The SCA has no control over what happens on Facebook and what conduct Facebook users choose to engage in while on this media platform.

- As part of Plaintiffs' first cause of action in negligence, Plaintiffs claim a hostile work environment.  See DKT. 9, ¶ 46.  As mentioned above, SCA is based on volunteer participation and is not a work environment.  The SCA owed Plaintiffs no duty regarding the comments or actions of Plaintiffs peers in this organization.  Much of the activity complained about in Plaintiffs' complaint is outside of the control of the SCA.

- Plaintiffs complain they were not voted into the positions of Baron and Baroness by the SCA membership.  SCA cannot control the manner in which its members vote.

- Plaintiffs default is based, in part, on punitive damages claim which is not viable in Washington State for state based causes of action.  See DKT. 9, ¶ 55 & 56.

/ / /

DEFENDANT'S MOTION TO VACATE DEFAULT - 6
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

In addition, much of the conduct Plaintiffs identify as constituting their emotional distress claim appear to have occurred before April 23, 2020, e.g., conduct occurring in between sometime in January 2017 and March 15, 2020. DKT. 9 ¶¶ 20-32. Conduct occurring before April 23, 2020, are barred under Washington State's three-year statute of limitations. RCW 4.16.080(2); *Washington v. Boeing Co*. 105 Wn. App. 1, 18, 19 P.3d 1041 (2000).

Third, Plaintiffs' complaint appears to be one of allegations that SCA violated its own rules, but they have failed to identify what specific rules were violated or how. Court intervention into the internal affairs of private clubs and organizations is limited to determining whether the club violates their own rules. *Garvey v. Seattle Tennis Club*, 60 Wn. App. 930, 933-34, 808 P.2d 1155 (1991).

The SCA must also conduct discovery in order to verify the factual allegations of Plaintiffs but it believes it will demonstrate for a jury how all SCA procedures were properly followed and adhered to. For these reasons, and many others, the SCA will successfully defend this lawsuit.

**3.    Plaintiffs Cannot Show Prejudice.**

The third factor under the "good cause" test is whether vacating the default would prejudice the plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiffs] ability to pursue his claim will be hindered.'" TCI, 244 F.3 at 701, quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). "A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id.*

Here, if the default is not vacated, Plaintiffs' will enjoy a windfall of $150,000.00, some of which is for alleged punitive damages, or to punish the SCA for alleged actions of members over whom the SCA has no control. Other than having to now prove their allegations, Plaintiffs cannot

DEFENDANT'S MOTION TO VACATE DEFAULT - 7
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

show any prejudice if this Court sets the default aside.

## V. CONCLUSION

The entry of default in this case is not warranted. The SCA did not willfully, deliberately or in bad faith fail to answer Plaintiffs' complaint. As demonstrated by this motion, the complaint was forwarded to wrong address for the SCA. SCA entered a notice of appearance immediately after it learned about this lawsuit. It then brought this motion to vacate default less than three court days after entry of default. The SCA has demonstrated defenses to the claims made in this lawsuit and has also demonstrated that Plaintiffs will not be prejudiced simply because they would now have to prove the allegations asserted in their complaint and the damages they allege to have sustained. For these reasons, default should now be vacated.

DATED this 23rd day of May, 2023.

PREG O'DONNELL & GILLETT PLLC


By /s/ Justin E. Bolster
  Justin E. Bolster, WSBA #38198
  Debra Dickerson, WSBA# 20397
Attorneys for Defendant The Society for Creative Anachronism, Inc., a/k/a/ SCA, Inc.

DEFENDANT'S MOTION TO VACATE DEFAULT - 8
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiffs George DC Parker II and Lori A. Parker**:
George DC Parker II
Lori A. Parker
10710 199th Street East
Graham, WA  98338

```
____  Via Messenger
____  Via Facsimile –
 X    Via U.S. Mail, postage prepaid
____  Via Overnight Mail, postage prepaid
 X    Via Court E-Service or email with recipient's approval
      thenorsegypsyforge@gmail.com
```

DATED at Seattle, Washington, this 23rd day of May, 2023.

/s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198

DEFENDANT'S MOTION TO VACATE DEFAULT - 9
11010-0002  5910103
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113