Honorable Robert J. Bryan

IN THE UNITED STATE DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| GEORGE DC PARKER II and LORI A. PARKER,<br><br>                       Plaintiffs,<br><br>  v.<br><br>THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,<br><br>                       Defendant. | NO. 3:23-cv-05069-RJB<br><br>DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT<br><br>HEARING DATE: JUNE 9, 2023 |

**REPLY**

COMES NOW The Society for Creative Anachronism ("SCA") and submits this Reply to *Plaintiff's Opposition to Motion to Vacate Default Judgment*. As this Reply will demonstrate, Plaintiff's arguments made in opposition to the SCA's motion clearly show a misunderstanding of what the law requires them to establish for this Court to deny the SCA relief.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 1
11010-0002  5912231
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

The parties agree that in considering a motion to set aside a default judgment, this Court must look at three factors: (1) whether the culpable conduct of the defendant led to the default, (2) whether the Defendant has a meritorious defense, and (3) whether the opposing party would be prejudiced if the judgment is set aside. *Francise Holding II LLC v. Hunting Rest. Group, Inc*. 375 F. 3d 922, 926 (9th Cir. 2004). In other words, to deny the SCA's Motion, Plaintiffs must prove intentional, culpable actions on the SCA's part in failing to answer the complaint, must show that the SCA has no defenses to this lawsuit and must show they were prejudiced. Plaintiffs have failed on all three factors and this Court should now grant the SCA's motion to vacate.

1. <u>Plaintiffs have failed to provide any facts that the SCA was culpable.</u>

On a Rule 60(b) motion, the Court will accept the allegations of the movant's factual statements. Falk v. *Allen*, 739 P. 2d 461, 463 (9th Cir. 1984). The SCA's factual statements include the following:

- On May 16, 2023, in-house counsel for the SCA learned for the first time that this lawsuit had been filed through court listener.

- On May 17, 2023 the SCA contacted CT Corporation to inquire about service of this lawsuit.

- On May 18, 2023 the SCA's insurer was contacted and counsel in Washington State was sought.

- On May 19, 2023 counsel appeared for the SCA.

- On May 23, 2023 seven days after learning about this lawsuit and two court days after counsel appeared the motion to set aside default was filed.

A defendant's conduct is culpable if the defendant "has received actual or constructive notice of the filing of the action and **intentionally** failed to answer." *TCI Group Life Ins. Plan v. Knoebber, 244 F. 3d. 691,* 697 (9th Cir. 2001) (quoting *Alan*

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 2
11010-0002  5912231
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

*Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (internal quotation marks omitted) (emphasis in original).  The Court has found that culpability involves "not simply nonappearance following receipt of notice of the action", as in this case, but rather "conduct which hindered judicial proceedings."  Id., citing *Gregorian v. Izvestia*, 871 F. 2d 1515, 1522 (9th cir. 1989).

Plaintiffs offer no evidence and make no argument that the SCA intentionally failed to answer their complaint or that by doing so, the SCA hindered judicial proceedings. Neglectful failure to answer a complaint to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' ... and is therefore not necessarily ... culpable or inexcusable."  *Id.* (emphasis omitted). Ultimately, a defendant's neglectful failure to answer, without more, is typically not "culpable" unless "there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond."  *Id.* at 698.

Here, the SCA did not receive actual notice that service had been effectuated on CT Corporation until May 16, 2023 – the day Plaintiffs filed their motion for default. Dkt. 16. While SCA received an electronic notice about the lawsuit on May 14, it was not until May 16, 2023, when it was able to confirm with CT Corporation that it's agent mistakenly mailed the notice to the wrong address. *Id*.  There is no suggestion or evidence that the SCA deliberately tried to manipulate the legal system by failing to answer the complaint within 20 days.  The SCA's prompt attention to this matter after it learned about the motion for default and diligence in seeking to set aside the default judgment reveals no disrespect

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 3
11010-0002  5912231
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

for the courts. Dkt. 20.  The undisputed facts of this case lead to the irrefutable conclusion that default judgment should now be set aside because there was no culpable conduct by the SCA.

2. <u>The SCA has demonstrated that it has Meritorious Defenses to Plaintiffs claims</u>.

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. *See TCI Group Life Ins. Plan*, 244 F.3d at 700 (citing *Madsen v. Bumb*, 419 F.2d 4, 7 (9th Cir. 1969)). The burden on defendant is relatively low, and courts leave questions **regarding the truth** of any such factual allegations for a later stage in the litigation. *Id.*  (internal citations omitted) (emphasis added).  In its motion, The SCA provided facts in defense of this lawsuit.  These facts are meritorious and worth repeating:

- The allegations raised in Plaintiffs' complaint are based entirely on Plaintiffs' accounting of conversations and actions from others involved in the SCA community whom they have named specifically.

- Many of Plaintiffs' claims as alleged in their complaint occurred on Facebook. The SCA has no control over what happens on Facebook and what conduct Facebook users choose to engage in while on this media platform.

- As part of Plaintiffs' first cause of action in negligence, Plaintiffs claim a hostile work environment. The SCA owed Plaintiffs no duty regarding the comments or actions of Plaintiffs peers in this organization. Much of the activity complained about in Plaintiffs' complaint is outside of the control of the SCA.

- Plaintiffs complain they were not voted into the positions of Baron and Baroness by the SCA membership. SCA cannot control the manner in which its members vote.

- Plaintiffs default is based, in part, on punitive damages claim which is not viable in Washington State for state-based causes of action.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 4
11010-0002  5912231
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

In response to the SCA's claims, Plaintiffs' state no less than six times that they deny the SCA's claims. Once again, Plaintiffs do not understand what they need to demonstrate. Whether they deny the SCA's claims or whether these claims are truthful are questions left for a later stage of the litigation. Instead, Plaintiffs must show that the SCA's factual claims do not demonstrate a single meritorious defense. Simply stating they deny them or making a legal determination that, in their opinion, RCW 4.16.080(2) does not apply to the facts of this matter is not enough.

Here, the SCA has alleged specific facts sufficient to constitute meritorious defenses to Plaintiff's causes of action on which Plaintiffs previously obtained default judgment. The SCA's legal arguments are non-frivolous, and this factor weighs in favor of setting aside default.

3. <u>Plaintiffs entirely ignore prejudice.</u>

To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk, supra,* 739 F.2d at 463; *see also Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433–34 (6th Cir. 1996) (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

The Court stated

> It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 5
11010-0002  5912231
NO. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

litigation. *See Bateman,* 231 F.3d at 1225 (no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must litigate on the merits).

*TCI Group* supra at 701.

Plaintiffs made no argument at all regarding prejudice. Clearly, they have no argument to make.

## CONCLUSION

Default judgments should constitute measures of last resort and motions to set aside default should be liberally granted. *TCI Group Life Ins. Plan v. Knoebber*, 244 F. 3d 691, 696 (9th Cir. 2001). A default judgment is "acceptable only in severe circumstances," *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984). Thus, in order for this Court to deny the SCA's motion to set aside default judgment, this Court must find severe circumstances exist in this case. Merely mistakenly failing to answer a complaint within days of the deadline to do so when meritorious defenses exist and with no prejudice to the Plaintiffs does not demonstrate a severity of circumstances. In sum, the good-cause factors identified by the Ninth Circuit all favor setting aside default and the SCA's Motion should now be granted.

I certify that his memorandum contains 1466 words in compliance with the local Civil Rules.

DATED this 5th day of June, 2023.

PREG O'DONNELL & GILLETT PLLC

*s/Justin E. Bolster*
Justin E. Bolster, WSBA #38198
Debra Dickerson, WSBA# 20397
Attorneys for Defendant The Society for Creative Anachronism, Inc., a/k/a/ SCA, Inc.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 6
11010-0002  5912231
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

# DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiffs George DC Parker II and Lori A. Parker**:
George DC Parker II
Lori A. Parker
10710 199th Street East
Graham, WA  98338

\_\_\_  **Via Messenger**
\_\_\_  **Via Facsimile –**
_X_  **Via U.S. Mail, postage prepaid**
\_\_\_  **Via Overnight Mail, postage prepaid**
_X_  **Via Court E-Service or email with recipient's approval**
*thenorsegypsyforge@gmail.com*

DATED at Seattle, Washington, this 5th day of June, 2023.

/s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT - 7
11010-0002 5912231
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113