HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE DC PARKER II and LORI A. PARKER,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,<br><br>　　　　　　　　　　　　Defendant. | NO. 3:23-cv-05069-RJB<br><br>DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>HEARING DATE: JUNE 9, 2023 |

Defendant The Society for Creative Anachronism's ("SCA" or "Defendant"), by and through its attorneys of record, Preg O'Donnell and Gillett, respectfully requests this Court DENY Plaintiffs George DC Parker II and Lori A. Parker's ("Plaintiffs'") Motion for Entry of Default Judgment.

### I.　　INTRODUCTION

This Court should deny Plaintiffs' Motion for Entry of Default Judgment as SCA is actively litigating this matter, and entering Default Judgment is both unnecessary and ill-advised. Although the Court's clerk entered SCA's default pursuant to Plaintiffs' request, such default was the result

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 1
NO. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

of excusable neglect as explained in Defendant's Motion to Vacate the Entry of Default that is already on calendar for June 9, 2023.

Moreover, given the $150,000.00 damages award Plaintiffs are seeking, without any substantial justification for such an award, it would be inappropriate to cut short the judicial process by entering a Default Judgment based solely on the information Plaintiffs submitted. Furthermore, Plaintiffs have failed to adequately support their request for damages and it should be left to a fact finder to decide the nature and extent of any injuries.

For these reasons, as more fully set forth below, SCA respectfully requests this Court to DENY Plaintiffs' Motion for Entry of Default Judgment against it.

## II.   STATEMENT OF FACTS

### A.   The Society for Creative Anachronism

The Society for Creative Anachronism ("SCA) is a 501(c)(3) non-profit volunteer educational organization devoted to the research and re-creation of pre-seventeenth century skills, arts, combat, and culture by employing knowledge of history to enrich the lives of participants through events, demonstrations and other educational activities. *See* Docket (Dkt.) 25, Declaration of L. Du Cray in support of SCA's Motion to Vacate Default, ¶ 2.

### B.   Procedural History

The *Pro Se* Plaintiffs initiated this lawsuit by filing a Complaint with this Court that was ultimately accepted on April 17, 2023. Dkt. 9. Plaintiffs allege in their complaint that the SCA negligently allowed a hostile work environment to exist at the SCA's activities and otherwise, that SCA allowed Plaintiffs to be harassed, slandered, and bullied by other members of the SCA organization. *Id*. at ¶ 46. Plaintiffs claim bullying and harassment occurred on their private Facebook accounts by others they had not accepted as "friends" and that they were "released" from

THE SOCIETY FOR CREATIVE ANACHRONISM'S
OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT - 2
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

positions held in the SCA due to activities that occurred on Facebook. *Id*. Plaintiffs further allege they were not voted in by the SCA population as Baron and Baroness when they believe they should have been. Plaintiffs further allege the SCA failed to follow its internal policies and protect them from the alleged abuse by others. *Id.* Plaintiffs are seeking damages for emotional injuries, mental anguish pain and suffering and punitive damages as a result of the alleged conduct. *Id*. at ¶ 47. Plaintiffs additionally allege that Mr. Parker was unjustly removed from the SCA and that this removal destroyed their medieval business activities. *Id*. at ¶¶ 49, 53. SCA denies these claims. Dkt. 24.

Later, on May 16, 2023, Plaintiffs submitted a Proposed Motion for Default Judgment (Dkt. 16), which was generally denied the following day as premature, with instructions that the Clerk needed to enter a default order before a default judgment could be considered. Dkt. 17. The Clerk entered default against SCA on May 18, 2023, for failing to plead or otherwise defend the matter. Dkt. 18.

On May 19, 2023, Plaintiffs submitted a document titled "Proposed Order of Default Judgment" with the Court. Dkt. 19. That same day, SCA's counsel, Justin E. Bolster and Debra Dickerson of Preg O'Donnell & Gillett, filed a Notice of Appearance on its behalf. Dkt. 20.

In a Minute Order entered on May 22, 2023, this Court determined that Plaintiffs had not properly filed their Request for Default Judgment. The Order further emphasized that no additional action would be taken on Plaintiffs' Request for Default Judgment after SCA had filed its Notice of Appearance. Dkt. 21.

Subsequently, on May 23, 2023, Plaintiffs filed a Motion for Entry of Default Judgment Dkt. 22. Plaintiffs noted this Motion for a hearing on May 22, 2023, the day prior to its filing. This Court then, via a Minute Order, re-noted the hearing date to June 9, 2023. Dkt. 23. That same day,

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 3
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

SCA filed its Motion to Vacate Default and supportive Declarations of both Mr. Kurtzman and Ms. Du Cray. Dkt. 24. SCA's Motion is also noted for a hearing on June 9, 2023.

SCA filed its Answer on June 2, 2023. Dkt. 29.

### III. STATEMENT OF ISSUES

Should this Court deny Plaintiffs' Motion for Entry of Default Judgment when (1) Defendant asserts and presents evidence of a valid dispute between the parties regarding the nature of the alleged acts and alleged damages, (2) where Plaintiffs failed to document or support their claimed damages with any evidence, and (3) Defendant has moved to vacate the Clerk's entry of default? **YES**.

### IV. EVIDENCE RELIED UPON

In support of its opposition, Defendant relies upon the records on file with this Court combined with Defendant's Motion to Vacate Default, and the declarations filed in support of the same.

### V. ARGUMENT AND AUTHORITY

Plaintiffs' Request for Entry of a Default Judgment against SCA is both legally and factually unsupported. The defendant obviously need not show that it will prevail, only that there is a *bona fide* chance that such a result will occur. *Jones v. Phipps*, 39 F.3d at 165 (7th Cir. 1994). Case law is clear that there is a strong preference for resolving cases on their merits, and it is for this reason that default judgments are generally disfavored. *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). As a result, any doubt as to the propriety of a default is usually resolved against the party seeking a default judgment. *Id*.

This Court has the power to deny Plaintiffs' request for Entry of Default Judgment within its sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A default judgment

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 4
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

may be refused where the court determines no justifiable claim has been alleged; or that a default judgment is inappropriate for other reasons. *Draper v. Coombs*, 793 F.2d 915, 924 (9th Cir. 1986). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *In re Baskett*, 219 BR 754, 756 (6th Cir. BAP 1998); *see also American States Ins. Corp. v. Technical Surfacing, Inc.*, 178 FRD 518, 520 (D MN 1998). This case is precisely an instant when the Court should deny Entry of Default Judgment.

The following factors will be considered in determining whether to grant a default judgment: (1) the substantive merits of plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) "the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Each of these factors support SCA's contention that Entry of Default Judgment is not only unnecessary, but also improper.

A.  **Plaintiffs' Claims Against SCA Lack Merit.**

This first factor weighs in favor of denying Plaintiffs' Motion because the evidence presented by SCA demonstrates the substantial merits of its defense. As set forth in SCA's Motion to Vacate Default:

- The allegations raised in Plaintiffs' complaint are based entirely on Plaintiffs' accounting of conversations and actions from others involved in the SCA community whom they have named specifically. *See* Dkt. 9, ¶¶ 23 & 26. These individuals are not all identified as officers of SCA and as a result, SCA is not responsible for the actions of such persons in their personal capacity.

- Many of Plaintiffs claims as alleged in their complaint occurred on Facebook. *See* Dkt. 9. Plaintiff Lori Parker claims her privacy settings were not adhered to and that she was removed from office for refusing to allow other SCA members to access her Facebook page. *See* Dkt. 9, ¶ 22. Plaintiff George Parker claims he was

THE SOCIETY FOR CREATIVE ANACHRONISM'S
OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT - 5
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

attacked and slandered online. The SCA has no control over what happens on Facebook and what conduct Facebook users choose to engage in while on this media platform.

- As part of Plaintiffs' first cause of action in negligence, Plaintiffs claim a hostile work environment. *See* Dkt. 9, ¶ 46. As mentioned above, SCA is based on volunteer participation and is not a work environment. The SCA owed Plaintiffs no duty regarding the comments or actions of Plaintiffs' peers in this organization. Much of the activity complained about in Plaintiffs' complaint is outside of the control of the SCA.

- Plaintiffs complain they were not voted into the positions of Baron and Baroness by the SCA membership. SCA cannot control the manner in which its members vote.

- Plaintiffs default is based, in part, on punitive damages claim which is not viable in Washington State for state-based causes of action. *See* Dkt. 9, ¶ 55 & 56.

In addition, much of the conduct Plaintiffs identify as constituting their emotional distress claim appear to have occurred before April 23, 2020, e.g., conduct occurring sometime between January 2017 and March 15, 2020. *Dkt*. 9 ¶¶ 20-32. Conduct occurring before April 23, 2020, is barred under Washington State's three-year statute of limitations. RCW 4.16.080(2); *Washington v. Boeing Co.,* 105 Wn. App. 1, 18, 19 P.3d 1041 (2000). Plaintiffs' claims for emotional distress and injury to their business or person all fall under Washington's three-year statute of limitations.

Furthermore, Plaintiffs' Complaint appears to be one of allegations that the SCA violated its own rules, but they have failed to identify what specific rules were violated or how, other than a general averment without any substance. Court intervention into the internal affairs of private clubs and organizations is limited to determining whether the club violates their own rules. *Garvey v. Seattle Tennis Club*, 60 Wn. App. 930, 933-34, 808 P.2d 1155 (1991). The Court will need to evaluate the actual rules and hear evidence about the actual conduct and fact finding conducted by SCA before any determination can be made on these topics.

The SCA must also conduct discovery in order to verify Plaintiffs' factual allegations but it believes this discovery will demonstrate for a jury how all SCA procedures were properly

THE SOCIETY FOR CREATIVE ANACHRONISM'S
OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT - 6
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

followed and adhered to. For these reasons, and many others, the SCA will successfully defend this lawsuit.

**B.     Plaintiffs' Complaint Is Insufficient, Considering the Amount of Money at Stake.**

Plaintiffs' Complaint for Damages is insufficient. Plaintiffs allege that "Plaintiffs claims of Defendant, The Society for Creative Anachronism, Inc., damages in excess of $150,000 together with costs, interest, punitive damages, and attorney's fees as permitted by law. Plaintiffs suffered emotional and mental distress which persists to this day, loss of friendships, recreation, loss of business, opportunity, and quality of life." Dkt. 9, page 21.

However, Plaintiffs offered no evidence as to the calculation of the damages claimed. In their Motion for Entry of Default Judgment, Plaintiffs claimed that they have lost $1,500 per month for twenty (20) months in loss of income. However, that only totals $30,000. Regardless, that number is not supported by any evidence, let alone substantial evidence, and appears to be nothing more than speculation. Plaintiffs did not provide receipts, documentation regarding the unit costs, any historical information regarding how much they earned in the past or documented how many SCA events they previously attended along with a description of the volume of good sold or in which forums. They also did not take into account the impact that COVID had on all manner of in-person gatherings over the past three years.

Case law is clear that damages are a factual question. *Whitford v. Mt. Baker Ski Area, Inc.*, No. C11-00112RSM, 2012 WL 895390, at *2 (W.D. Wash. Mar. 15, 2012). When the factual question of damages is presented to the jury, they will be able to evaluate and weigh the testimony and credibility of Plaintiffs and any expert witnesses presented. *Wenger v. Washington Dep't of Soc. Servs.*, No. CV-11-222-JLQ, 2012 WL 4471221, at *2 (E.D. Wash. Sept. 27, 2012). It is inappropriate to short-circuit the judicial process by entering default judgment, thereby summarily

THE SOCIETY FOR CREATIVE ANACHRONISM'S
OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT - 7
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

awarding Plaintiffs $150,000.00 against SCA based on the information they submitted in their moving material.

Given the amount of money at stake and the lack of sufficient proof to substantiate such an amount, Plaintiffs' Complaint for Damages alone is insufficient to justify entry of a default judgment. A jury will need to weigh the evidence and determine whether Plaintiffs were damaged by the conduct of the SCA and calculate the same based on admissible evidence.

C.     **No Prejudice to Plaintiffs.**

A technical default by a defendant, without a showing of prejudice to plaintiff, is an insufficient reason to grant a plaintiff's motion for default judgment. *Draper v. Coombs*, 792 F.2d 915 (9th Cir. 1986) (holding that although defendant's answer was technically late, it was submitted on the same day that plaintiff filed a motion, and noting that "[plaintiff] has not made any showing of prejudice as a result of [defendant]'s failure to comply strictly with the time requirements of the Federal Rules of Civil Procedure."): *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (holding that district court did not abuse its discretion in denying entry of default judgment when defendant filed a responsive pleading a short time after the deadline for filing and filed a notice of appearance before the motion for default, where plaintiff had not shown prejudice by defendant's failure to file a timely answer).

Plaintiffs are seeking to obtain a default judgment based on a technicality, which is not a sufficient ground to deny SCA the right to defend this action. There is simply no prejudice to Plaintiffs in precluding Entry of Default Judgment. In the short period of time since the Entry of Default, Plaintiffs are not likely to have lost evidence or otherwise become unprepared to continue prosecuting their claims. Plaintiff may not claim "prejudice" merely from having to now prosecute their case on the merits. *Hart v. Parks*, 2001 WL 636444, *4 (C.D. Cal. 2001). Plaintiffs have not

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 8
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

argued and cannot substantiate that they will suffer prejudice because this Court denied their Motion for Entry of Default Judgment. The inimitable prejudice to the SCA, on the other hand, would be monumental in light of the damages sought.

**D.     Material Facts Are In Dispute.**

The SCA's Motion to Vacate Default articulates meritorious defenses to each and every one of Plaintiffs' allegations. Because the facts of this case are clearly in dispute, Entry of Default Judgment is improper.

**E.     Default Was a Result of Excusable Neglect.**

As emphasized in SCA's Motion to Vacate Default, there is certainly no culpable conduct on SCA's part which led to the Entry of Default. Dkt. 24. "'Culpable conduct' generally means 'inexcusable.' Most courts, in deciding a Motion to Set Aside Default under Rule 55(c), focus on the defaulting party's willfulness and consider whether that party intended to violate court procedures." *Hart v. Parks*, 2001 WL 636444, *4 (C.D. Cal. 2001) (citing, *Information Systems & Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed. Cir. 1993)). Other courts define culpable conduct as behavior which is devious, deliberate, willful, or a bad faith failure to respond-conduct designed to obtain a strategic advantage in litigation. *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d at 698 (9th Cir. 2001).

Here, the SCA did not willfully, deliberately or in bad faith fail to answer Plaintiffs' Complaint. The SCA retained CT Corporation to accept service of all legal filings for the SCA and expected CT Corporation to judiciously provide any such filings to the SCA in time to respond. Dkt. 24.

The SCA moved its corporate offices in August of 2021 and its PO Box in February of 2022. Prior to doing so, the SCA advised all vendors, including CT Corporation of these changes.

THE SOCIETY FOR CREATIVE ANACHRONISM'S
OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT - 9
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  Unfortunately, and through no fault of the SCA, CT Corporation failed to make this change
2  internally and the SCA did not receive actual notice of the Parker Complaint being accepted by
3  the Court until May 14, 2023. This information was immediately conveyed to SCA's legal counsel
4  who was on vacation at the time but returned on May 16, 2023 to advise the SCA how to move
5  forward. Dkt. 26. At 6:30 pm on May 16, 2023, SCA discovered that a proof of service had been
6  filed. *Id*. SCA then contacted its registered Agent, CT Corporation on May 17 and learned that the
7  complaint had been mailed by its agent to the wrong address. *Id*.

8      SCA immediately worked to secure local counsel who was licensed in Washington to
9  defend it in that action. Dkt. 26. The SCA secured counsel and filed a Notice of Appearance within
10 48-hours of confirming that its registered agent had been served with the summons and complaint.
11 Dkt. 20. Clearly the SCA has acted in good faith and this case should move forward on the merits.

12     Furthermore, Local Rule 55 (a) provides that "[u]pon motion by a party noted in
13 accordance with CR 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the
14 default of any party against whom a judgment for affirmative relief is sought but who has failed to
15 plead or otherwise defend." Plaintiff is not entitled to entry of default once a defendant files
16 pleadings indicating an intent to defend the matter. *Hudson v. North Carolina*, 158 F.R.D. 78, 80
17 (E.D.N.C. 1994) ("At the time Plaintiff moved for default judgment, Defendants were no longer
18 in default. Their filing, however late, cured their default and therefore entry of default would not
19 be appropriate."); *Davis v. Parkhill-Goodloe Company* (affirming district court's refusal to direct
20 clerk to enter a default when answer filed one day after expiration of time, and noting that "[t]o
21 have granted [default judgment] would have been a return to technicalities"); *see also*, Judge
22 William W. Schwarzer, Judge A. Wallace Tashima & James M. Wagstaffe, Federal Civil
23 Procedure Before Trial, 6-1 (2005) ("Until the default is 'entered' by the court clerk...defendant

THE SOCIETY FOR CREATIVE ANACHRONISM'S
OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF
DEFAULT JUDGMENT - 10
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1 | can still appear in the action...if no default has yet been 'entered,' the clerk must accept for filing defendant's pleadings or motions although they are filed late. Once they are filed, it is too late for entry of default...and defendant can proceed with its defense.")

Here, Plaintiffs' Motion for Entry of Default Judgment is precluded by SCA's Motion to Vacate Default and its Answer. Plaintiffs' Motion must be denied as improper because SCA has appeared, demonstrated an intent to defend the lawsuit, and presented evidence disputing Plaintiffs' alleged claims.

**F.    A Decision on the Merits Is Favored.**

The SCA moved to vacate the default within days of the order being entered and is actively moving to defend this lawsuit. Where defendant seeks timely relief from the default and has a meritorious defense, doubts should be resolved in favor of granting the motion to set aside the default. *In re Hamme,* 940 F.2d 524, 525 (9th Cir. 1991). "[T]he strong policy of the Federal Rules of Civil Procedure favor[s] decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Accordingly, the Court should deny Plaintiffs' Motion for Entry of Default Judgment.

## VI.    CONCLUSION

Notwithstanding the Default against it, the SCA has demonstrated significant factors that weigh in support of its Opposition to Plaintiffs' Motion for Entry of Default Judgment. Considering each of the factors articulated above, Entry of Default Judgment is simply unwarranted. The SCA is vigorously pursuing this matter and should be afforded the opportunity to have this case decided on its merits.

For the foregoing reasons, the Court should exercise its discretion and deny Plaintiffs' Motion for Entry of Default Judgment. The SCA respectfully requests this Court deny Plaintiffs'

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 11
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1. Motion accordingly.

2. I certify that this memorandum contains 3315 words, in compliance with the Local Civil
3. Rules

4. DATED this 5th day of June, 2023.

**PREG O'DONNELL & GILLETT PLLC**

By *s/Justin E. Bolster*_____
Justin E. Bolster, WSBA #38198
Debra Dickerson, WSBA# 20397

*Attorneys for Defendant The Society for Creative Anachronism, Inc., a/k/a/ SCA, Inc.*

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 12
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

# DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed below:

**Plaintiffs Pro Se George DC Parker II and Lori A. Parker:**
10710 199th Street East
Graham, WA 98338

|   |   |
|---|---|
| _____ | **Via Messenger** |
| _____ | **Via Facsimile** |
| __X__ | **Via U.S. Mail, postage prepaid** |
| _____ | **Via Overnight Mail, postage prepaid** |
| __X__ | **Via Court E-Service or email with recipient's approval** |
|   | thenorsegypsyforge@gmail.com |

DATED at Seattle, Washington, this 5th day of June, 2023.

*s/Jasmine Reddy*
Jasmine Reddy

---

THE SOCIETY FOR CREATIVE ANACHRONISM'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT - 13
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113