UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

George DC Parker II, and

Lori A Parker,

                Plaintiff(s),
v.

THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,

                Defendant(s).

Case No. 3:23-cv-05069-RJB

PLAINTIFFS RESPONSE TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT

Comes now Plaintiffs George Parker and Lori Parker with a reply to Defendant's Motion to Vacate Default Judgment.

## I.  Rebuttal to Section I

1. Defendants have requested Rule 60 relief, DKT 30 section 1.

    a. *Rule 60(b)(1) (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*

    b. *(1) mistake, inadvertence, surprise, or excusable neglect;*

2. In DKT 30 section 1 REPLY, ¶ 1, Defendant states that "On May 16, 2023, in-house counsel for the SCA learned for the first time that this lawsuit had been filed through CourtListener." Plaintiffs refute this claim due to the statements

PLAINTIFFS REPLY TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT - 1

made in DKT 26, section 2, wherein SCA "in-house" counsel Eben Kurtzman states: *"SCA learned a lawsuit was filed in February of 2023 and for reasons unknown to SCA was rejected by the Court".* This statement confirms the SCA's knowledge that the lawsuit was filed prior to the May 16th date. This would constitute "constructive notice" as defined by Cornell Law:

   a. *"Constructive notice is the legal fiction that someone actually received notice (being informed of a case that could affect their interest - see: Notice) whether or not they truly did receive this. If certain procedures have been followed, the law will consider a person to legally have received notice, even if in fact they did not. The notice under this doctrine arises by presumption of law from the existence of facts and circumstances. For example,* **a constructive notice can be perceived from** *a registered deed or* **a pending suit**.*"*

3. Defendant's state that they had signed up for a service that would notify them of any litigation on the part of the Plaintiffs (see DKT 26 ¶ 2) in as early as February, 2023. This should also be considered constructive notice that the case was proceeding forward, as the Defendants acted on the knowledge that a lawsuit was filed.

4. Plaintiffs, as Pro Se litigants, understand the difference between a recommendation from a lower court and a signed order by the judge in the case, therefore, it is not unreasonable to expect a learned attorney in the State of California to also understand the difference. Therefore, it is not reasonable for an attorney to be mistaken as to the status of the case.

PLAINTIFFS REPLY TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT - 2

5. Once Defendants were aware that the lawsuit had been filed, it was incumbent upon them to inform and/or retain counsel to monitor the lawsuit. Defendants had sufficient opportunity to seek out and to retain counsel in the State of Washington since the date they became aware of the filing in February, 2023. Such an action would have afforded Defendants' council ample opportunity to remain informed of the correct status of the case and ensure their appearance and response were filed in a timely manner. For this reason, Plaintiffs maintain that Defendants' failure to respond in a timely manner was willful negligence and not a simple excusable mistake or technicality. It would be difficult for any reasonable person to conclude anything other than willfully and intentionally failing to answer.

6. Defendants assert that there was a fault with the Registered Agent Company regarding their address change. Plaintiffs have shown that the address was available online, and that more than a YEAR passed since the change of address was initiated. (See DKT 25). As a large non-profit corporation, Defendants could not have been unaware of the issue as stated in DKT 25. In the more than year since the Defendants changed addresses, they certainly had contact with said agents, as Ms. Du Cray asserted that *"The SCA has been working to inform all vendors of our move" (DKT 25, ¶*3). It is inconceivable that any large corporation or business entity would not have been able to rectify address issues within a reasonable amount of time. Therefore, Plaintiffs assert that the lack of response on the part of Defendants was willful and negligent.

7. Defendants state they were "electronically notified on May 16[th]" ( a Sunday) yet did not contact their agent until 2 days later on May 18th. Ms Du Cray is a paid

PLAINTIFFS REPLY TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT - 3

employee of the SCA, INC.  If the SCA had given this lawsuit any importance, she would have looked into the matter first thing Monday morning.

## II.    Rebuttal to Section II

8. Defendant states that the factual basis of their assertions of alleged facts should be decided at a later date.  In *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) The court held that:

    a.  *"As is true with respect to any Rule 60(b) motion and with respect to a defaulting party invoking Rule 55(c), the party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment. See Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988)."*

9. Any reasonable person would conclude that for an assertion or statement to be factual it must be true and provable.  Defendants have failed to present any facts to support their claim of meritorious defense.

10. Plaintiffs have submitted exhibits that show Defendants meritorious defense is misleading in nature and has no basis in fact on its face. Thus Defense has not met the burden of proof to support a meritorious defense.

## III. Rebuttal to Section 3

11. Plaintiffs have stated that officers within the SCA have admitted to destroying documents as a matter of course (see DKT 9 section 2 ¶ 28).  If the court grants Defendants motion to Vacate Default Judgment this will allow additional time for members and/or officers of the SCA to inadvertently and/or intentionally destroy

PLAINTIFFS REPLY TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT - 4

even more documents that may be used as evidence. This would severely prejudice Plaintiff's case.

### IV. Conclusion

Plaintiffs have submitted ample evidence to support their Opposition to Vacate the Motion. Plaintiffs have stated that should this case move forward, they will present even more evidence necessary to more fully prove the merits of their case. In contrast, Defendants have offered no proof to support their defense.

Defendants have deliberately and with malice left out and/or mis-construed information presented in Plaintiffs filings. For example, the continually repeated statement that BOTH plaintiffs were requesting to be reinstated as members is a deliberate attempt to mislead this Court. Plaintiffs have submitted evidence from Defendants own website to disprove that statement (See Exhibit B). Another example of Defendants deliberate misrepresentation of the facts is the claim that Defendants have no control over social media postings, when Plaintiffs have clearly proven the fact that the Defendants indeed practice control over member postings (see Exhibits F & G ) by revoking the membership of Plaintiff George Parker over a post made on Facebook. Such continued untruthful statements should bring Defendants other claims into question.

Plaintiffs are confident that the Court will assign damages as it sees fit, and as such, make no further statements regarding monetary damages beyond what has already been stated,, and instead leave that decision to the Court.

PLAINTIFFS REPLY TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT - 5

Plaintiffs maintain that they have demonstrated significant issues with Defendants claims of "Good Cause" and so, the Defendants have failed to support their Motion to Vacate Judgment. As such, Plaintiffs request the Court to uphold the Clerk's entry of Default Judgment.

Dated: June 6, 2023

Respectfully submitted,

*[signature]*

George DC Parker II

*[signature]*

Lori A Parker,

PLAINTIFFS REPLY TO DEFENDANTS REPLY TO OPPOSITION OF MOTION TO VACATE DEFAULT JUDGMENT - 6