Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

GEORGE DC PARKER II and LORI A. PARKER,

                                 Plaintiffs,

    v.

THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,

                             Defendant.

NO. 3:23-cv-05069-RJB

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM'S REPLY TO PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO VACATE DEFAULT JUDGMENT

HEARING DATE: JUNE 9, 2023

## I.    SUR-REPLY

Defendant the Society for Creative Anachronism ("SCA") offers the following reply to Plaintiffs' improper supplemental opposition to SCA's Motion to Vacate Default Judgment. (Dkt. 32). This brief will be kept short and to the point but is being offered because as the moving party the SCA is entitled to address new issues raised in opposition to its material. SCA notes this Reply is being timely filed under LCR 7(d).

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1   Plaintiffs' additional reply, filed after the deadline provided by LCR 7(d)(3), attempts to
2   make three points:

3      1. That SCA had adequate notice of the filing of the Complaint such that its failure to
4         file an answer by May 16, 2023, constituted inexcusable neglect.

5      2. That SCA's meritorious defense arguments are deficient. and

6      3. That Plaintiffs will be prejudiced by the delay because they believe SCA has
7         destroyed and will continue to destroy evidence.

8   All three arguments lack merit and must be rejected by the Court as they ignore the
9   declarations of Eben Kurtzman and Louise Du Cray that were previously submitted and ask the
10  Court to simply believe Plaintiffs' arguments over those of the Defendant.

11  First, as explained by the declarations of Eben Kurtzman (Dkt. 26) and Louise Du Cray
12  (Dkt. 25), while SCA received notice of Plaintiffs threatening their lawsuit in January 2023, SCA
13  did not receive any notice the lawsuit was accepted by the Clerk until May 14, 2023. *Id*. At that
14  time SCA was still not aware that the lawsuit had actually been served on SCA. *Id*. The declaration
15  Louise Du Cray (Dkt. 25) makes clear that SCA did not know service had been accomplished until
16  it was told by its registered agent on May 17, 2023, that CT Corporation had received the
17  summons and complaint but mailed the notice to an old SCA address due to CT Corporation's
18  failure to update their records. Dkt. 26 at ¶ 4-5. Ms. Du Cray explained that she personally asked
19  CT Corporation to update their records in February 2022 but for some unknown reason CT
20  Corporation failed to make that correction. *Id*. SCA promptly sought local counsel in Washington
21  and was able to secure such counsel in less than 48-hours. (Dkt. 26 at ¶ 6). SCA has also since
22  filed its answer. Dkt. 29. SCA did not intentionally fail to answer Plaintiffs' complaint. It simply did
23  not know the complaint was accepted or had been served, which would have triggered the filing
24  of an answer.

25

DEFENDANT THE SOCIETY FOR CREATIVE
ANACHRONISM'S REPLY TO PLAINTIFFS' REPLY TO
OPPOSITION TO MOTION TO VACATE DEFAULT
JUDGMENT - 2
11010-0002  5914416
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Second, SCA followed their policies and procedures in reviewing the exile and later Revocation of Membership and Denial of Participation ("R&D") for George Parker. Supplemental Declaration of Louise Du Cray at ¶ 3-5. The SCA Board considered the allegations raised regarding Mr. Parker's use of inappropriate language on an SCA affiliated Facebook page in light of his past history of misconduct and found that the actions rose to the level of affirming the exile and later R&D which resulted in denying his future participation in SCA events. *Id*. Mr. Parker's language was inexcusable and patently offensive. See Supp. Dec. Du Cray Ex. 1; Ex. 2. Mr. Parker may assert that he believes SCA overstepped their bounds, however, SCA has presented evidence of a meritorious defense sufficient to justify vacating the default order. *Id*. Contrary to Plaintiffs' assertions, they are the ones who created an element of hostility, which ultimately culminated in Mr. Parker being exiled and having his membership revoked. SCA has a meritorious defense.

Third, Plaintiffs have no evidence to support their belief that SCA has or will destroy evidence. SCA understands its obligations and is prepared to provide copies of Mr. Parker's files as part of its Fed. R. Civ. P. 26 initial disclosures. A bald allegation in Plaintiffs' Complaint alone is insufficient. Ms. Du Cray confirms that she is not aware of any evidence or documents being destroyed and the entire files related to the exile and R&D continue to be maintained. Supp. Du Cray Decl. ¶ 6. There is simply no evidence to support Plaintiffs' allegation of the destruction of evidence and they failed to explain how they would be prejudiced by being required to litigate their claims.

## II.   CONCLUSION

Motions to set aside a default should be liberally granted.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F. 3d 691, 696 (9th Cir. 2001).  A default should be reserved for "severe circumstances," *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984).  The SCA explained the only

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

reason it did not timely appear or answer the Complaint was due to a mistake made by its registered agent who mailed the notice to the wrong address. This was not a situation where the SCA willfully refused to appear or defend, but instead was caused by an innocent mistake. As soon as SCA discovered the Complaint had been served it immediately took action and secured counsel within 48-hours. Moreover, SCA presented evidence that it followed it policies and procedures regarding the exile and R&D for Mr. Parker. Considering this evidence, the Court should grant Defendant's motion and vacate the default order entered three weeks ago on May 18, 2023.

I certify that his memorandum contains 849 words in compliance with the local Civil Rules.

DATED this 9th day of June, 2023.

PREG O'DONNELL & GILLETT PLLC

*s/Justin E. Bolster*
Justin E. Bolster, WSBA #38198
Debra Dickerson, WSBA# 20397
Attorneys for Defendant The Society for Creative
Anachronism, Inc., a/k/a/ SCA, Inc.

DEFENDANT THE SOCIETY FOR CREATIVE
ANACHRONISM'S REPLY TO PLAINTIFFS' REPLY TO
OPPOSITION TO MOTION TO VACATE DEFAULT
JUDGMENT - 4
11010-0002  5914416
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**DECLARATION OF SERVICE**

1

2          I hereby declare that on this day I electronically filed the foregoing document with the Clerk

3  of the Court using the CM/ECF system, which will send notification of such filing to the attorneys

4  of record listed below:

5  **Counsel for Plaintiffs George DC Parker II**
   **and Lori A. Parker**:
6  George DC Parker II
   Lori A. Parker
7  10710 199th Street East
   Graham, WA  98338
8
9  **____  Via Messenger**
   **____  Via Facsimile –**
10 **_x__  Via U.S. Mail, postage prepaid**
   **____  Via Overnight Mail, postage prepaid**
11 **_x__  Via Court E-Service or email with**
         **recipient's approval**
12       *thenorsegypsyforge@gmail.com*

13

14

15          DATED at Seattle, Washington, this 9th day of June, 2023.

16                              *s/Jasmine Reddy*
                               Jasmine Reddy
17

18

19

20

21

22

23

24

25

DEFENDANT THE SOCIETY FOR CREATIVE
ANACHRONISM'S REPLY TO PLAINTIFFS' REPLY TO
OPPOSITION TO MOTION TO VACATE DEFAULT
JUDGMENT - 5
11010-0002  5914416
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113