1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE DC PARKER, II & LORI A PARKER,<br><br>                Plaintiffs,<br>   v.<br><br>SOCIETY FOR CREATIVE ANACHRONISM, aka SCA and/or SCA, INC.,<br><br>                Defendant. | CASE NO. 3:23-cv-05069-RJB<br><br>ORDER VACATING DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT |

       This matter comes before the Court on the Defendant's Motion to Vacate the Default (Dkt. 24) and the Plaintiffs' Motion for Entry of Default Judgment (Dkt. 22). The Court has considered the pleadings filed regarding the motions and the remaining file.  It is fully advised.

       The Plaintiffs, *pro se,* filed this case on January 25, 2023, asserting claims for negligence and negligent infliction of emotional distress in connection with events which allegedly occurred while the Plaintiffs were members of Defendant Society for Creative Anachronism, Inc.  Dkt. 9.

On May 12, 2023, the Plaintiffs filed an "Affidavit of Service of Summons and Complaint." Dkt. 15.

On May 16, 2023, the Plaintiffs filed a Motion for Default Judgment arguing that the Defendant was served on April 24, 2023. Dkt. 16. They moved for the Clerk of the Court to enter default. *Id.* The Plaintiffs also attached a proposed order, requesting damages of $150,000.00 and injunctive relief (including an apology to Plaintiff George Parker II, lifetime memberships for both Plaintiffs, and revisions of the Defendant's policies and guidelines). Dkt. 16-2.

On May 17, 2023, an order was issued on the Plaintiffs' Motion for Default Judgment. Dkt. 17. To the extent the Plaintiffs moved for default judgment, the motion was denied without prejudice as premature. *Id.* The Plaintiffs were informed that the Clerk of the Court must first enter default against the Defendant pursuant to Fed. R. Civ. P. ("Rule") 55(a) and they had not done so. *Id.* The Plaintiffs' motion was construed as a motion for default and was referred to the Clerk of the Court. *Id.* The order further noted that:

> [I]t appears that the Plaintiffs seek monetary damages and injunctive relief. The monetary relief is not for a "sum certain or a sum that can be made certain by computation" because it is based on the Defendant's alleged negligence. Rule 55(b)(1). Accordingly, if default is entered, and Plaintiffs move for default judgment, Rule 55(b)(2) will likely apply.

*Id.* On May 18, 2023, the Clerk of the Court entered default against the Defendant. Dkt. 18. On May 19, 2023, lawyers appeared for the Defendant. Dkt. 20.

On May 23, 2023, the Defendant filed the instant Motion to Vacate the Default (Dkt. 24) and the Plaintiffs filed their Motion for Default Judgment (Dkt. 22). In support of the motion to vacate the default, the Defendant provided the Declaration of Louise Du Cray, an officer of the Defendant. Dkt. 25. Ms. Du Cray states that the Defendant is a non-profit 501(c)(3) volunteer

1  organization. *Id*. Its corporate offices moved from Milpitas, California to San Jose, California in
2  August of 2021. *Id.* at 2. The Defendant maintained a post office box in Milpitas until January
3  of 2022 and then also moved it to San Jose. *Id.* Ms. Du Cray states that she spoke with CT
4  Corporation (the entity that had agreed to accept service on behalf of the Defendant) in February
5  of 2022 and requested that they update Defendant's address. *Id.* CT Corporation failed to
6  update the address. *Id.*

7  After the Plaintiffs served the Defendant's agent at CT Corporation on April 24, 2023,
8  CT Corporation mailed the summons and complaint to the Defendant's old address which was
9  not forwarded to the new address. *Id.* According to Ms. Du Cray, the Defendant learned of the
10 lawsuit from another person in the organization sometime in mid-May. *Id.* Ms. Du Cray states
11 that they immediately informed their corporate attorney, who was not licensed to practice in
12 Washington or before this Court, and hired local counsel as soon as possible (within 48 hours).
13 *Id.* at 3. Local counsel appeared May 19, 2023. *Id.*

14 The Plaintiffs filed a response and oppose the motion to vacate the default (Dkt. 27) and
15 the Defendants filed a reply (Dkt. 30). The Plaintiff filed a "Response to Defendants' Reply to
16 Opposition of Motion to Vacate Default Judgment" (Dkt. 32) on June 6, 2023. This pleading
17 was filed contrary to Local Rule W.D. Wash. ("Local Rule") 7(b)(1)-(3) that limits pleadings
18 filed regarding motions to: the motion, response and reply. For purposes of the pending motions
19 only, the Court considered this pleading but will not do so in the future. The pleading does not
20 meet the requirement of Local Rule 7(g) regarding surreplies. The Defendant's reply (Dkt. 33)
21 to the Plaintiff's reply (Dkt. 32) to the Defendant's reply (Dkt. 30) will not be considered
22 because it does not comply with Local Rule 7(b)(1)-(3) or 7(g).

23
24

The Defendant filed a response in opposition to the motion for default judgment (Dkt. 31). The motions are ripe for consideration.

## DISCUSSION

**A. DEFENDANT'S MOTION TO VACATE DEFAULT**

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default . . . ." To determine "good cause," three factors are considered: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it has no meritorious defense; or (3) whether reopening the default would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.*

The Defendant's motion to set aside the entry of default (Dkt. 24) should be granted. There is no evidence that it engaged in culpable conduct that led to the default. It offered evidence that it made reasonable efforts to communicate its change of address with the entity that had agreed to accept service on its behalf. As soon as it got actual notice of the case, it acted.

The Defendant has demonstrated that it has meritorious defenses. "All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense." *Signed Pers. Check* at 1094. The Defendant points out that much of the conduct of which the Plaintiffs complain is alleged to have occurred before April 23, 2020, and so Washington's three year statute of limitations, RCW 4.16.080, may apply. Dkt. 24. The Defendant alleges that contrary to the Plaintiffs' assertions, it is not responsible for the actions of members in the community acting in their personal capacities, it is not responsible for what happens on FaceBook, and cannot control how its members vote. *Id.* It also argues that other

ORDER VACATING DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT - 4

legal defenses are viable.  For example, it argues that punitive damages are not available and that to the extent the Plaintiffs attempt to make a hostile work environment claim, the Defendant was not Plaintiffs' employer under either federal or state law.  *Id.*  The Defendant has pointed to additional defenses; suffice to say it has identified several "meritorious" defenses for purposes of the motion to set aside the default.  This is not to be considered a ruling on the merits but merely that the Defendant has raised colorable defenses to the Plaintiffs' claims.

Reopening the default would not prejudice the Plaintiffs.  To be prejudicial, the setting aside of a default must result in greater harm than simply delaying the case.  *Signed Pers. Check* at 1096.  There are no harms identified by the Plaintiffs that are greater than simply those resulting in a longer case.  This case should be decided on the merits.

All three factors in the "good cause" analysis favor the Defendant.  The Defendant's failure to timely answer was the result of "everyday oversights."  *Signed Pers. Check* at 1091.  The circumstances are not sufficiently extreme to warrant a default or default judgment.  The May 18, 2023 default entered against the Defendant should be vacated.

### B.  PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

The Plaintiffs' Motion for Default Judgment (Dkt. 22) should be denied.  The default entered against the Defendant is vacated by this order.

### ORDER

It is **ORDERED** that:

- The Defendant's Motion to Vacate the Default (Dkt. 24) **IS GRANTED;**
  - The May 18, 2023 Default Entry Against Defendant Society for Creative Anachronism, Inc. (Dkt. 18) **IS VACATED**; and
- The Plaintiffs' Motion for Entry of Default Judgment (Dkt. 22) **IS DENIED**.

ORDER VACATING DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT - 5

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing pro se at said party's last known address.
3  Dated this 12th day of June, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge