Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

George DC Parker II, and

Lori A Parker,

                Plaintiff(s),

v.

THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,

                Defendant(s).

Case No. 3:23-cv-05069-RJB
MOTION TO COMPEL

NOTED January 19, 2024

## INTRODUCTION

After producing a ream or more of documents to Defendants and responding with good faith and honesty to Defendant's interrogatories and requests for document production, Plaintiffs now ask Defendants the factual basis for their objections.

Plaintiff's submitted Interrogatories and Request for Productions to Defendants' counsel on July 8, 2023. Defendant's counsel responded with answers on September 8, 2023 wherein Defendants objected to all of the Plaintiffs requests. Plaintiffs sent a second request wherein they further clarified their Interrogatories in response to defendant's objections on October 8, 2023. Defendant's responded to the second request on November 7, 2023 renewing their objections. Parties held a conference on December 13, 2023 in an attempt (in part) to resolve this issue. Defendant's counsel agreed to confer with his clients to discuss compliance with discovery rules. Plaintiffs

MOTION TO COMPEL- 1

allowed 10 court days from the date of the conference for compliance, and now brings this motion.

Ironically, given the enormous burden placed upon Plaintiffs' by Defendants extensive discovery requests, Defendants excuse for refusing to fully comply with Plaintiff's discovery requests, or even the more targeted, specifically defined version of those requests (Plaintiffs Interrogatories 2) that Plaintiffs, in good faith, offered in compromise after defendant's initial objections, is that it would be too "burdensome" to simply disclose the evidentiary underpinnings of their defense. Defendants fail to explain how, or why, they would be unduly burdened by a requirement that they simply provide documents and other evidence to support their defense. See exhibit S. Thus, Plaintiffs' ask the Court to compel Defendants to provide the information requested to Plaintiffs.

Defendants' opposition to Interrogatories and Requests for Documents rests primarily on boilerplate objections such as "overbroad, unduly burdensome, not reasonably calculated to result in admissible evidence, etc, unsubstantiated claims of disclosure of attorney work product" (specifically addressed under Plaintiff's First Interrogatories, Part III, *Claims of Privilege*), or "is not limited in time and scope" (specifically addressed and defined in Plaintiff's First Interrogatories, Part II *Instruction*).

Plaintiffs' discovery has the salutary goal of narrowing the issues and focusing this litigation on those allegations and claims. Indeed, Plaintiffs are entitled to this information so that they may prepare for dispositive motions and a possible trial. Furthermore, Plaintiffs' contend that their responses to Defendants' Interrogatories are sufficient. Defendants' opaque responses, prefaced by conclusory, boilerplate

MOTION TO COMPEL- 2

objections and devoid of any meaningful detail, are plainly deficient under the Federal Rules.

Plaintiffs claim that they are unable to conduct effective depositions on relevant witnesses due to Defendants' lack of cooperation and transparency. Plaintiffs allege that Defendants have failed to answer their questions fully and clearly, and have withheld the documents they requested.

In summary, Plaintiffs are asking Defendants to identify the most fundamental information required in responding to discovery requests: documents, persons, and information supporting Defendants' defense. The Court should compel Defendants to answer the interrogatories. In the interests of resolving this dispute, Plaintiffs reiterate that they are willing to accept discovery from Defendants in accordance with the final position offered to Plaintiffs at the conclusion of the meet and confer process preceding this motion. That is, to comply with the discovery rules, Defendants must: (1) answer Plaintiff's First Interrogatories and Request by naming all persons who have relevant information and summarizing what they know; and (2) answer Plaintiff's First Interrogatories and Request by specifying the material facts requested, and the key documents that support those facts, and further, specifying the location of said documents, (3) specifying what documents Defendant's claim as privilege and how it qualifies as such pursuant to FRCP 26(b)(5) and finally, (4) by providing the non-privileged documents requested in Plaintiff's First Interrogatories and Request. Because these discovery demands are reasonable and necessary for the litigation of the lawsuit, this relief should be granted.

**PROCEDURAL HISTORY**

MOTION TO COMPEL- 3

Unsatisfied with Defendants' interrogatory responses, additionally unsatisfied with Defendants' September (date unknown, as the document fails to have a date noted next to Mr. Bolster's signature) 2023 responses. Plaintiffs initiated a meet and confer, which took place on Wednesday, December 13, 2023. As discussed in the conference, Plaintiffs specifically requested emails mentioned in Defendant's response, page 143 and 144 of Discovery Document 000001-000587 (Exhibit W), wherein the email thread had a subject line "Re: Alizand's husband Hakon" where "Re" typically denotes a reply to an original email with the same subject line. This original email is missing from the response submitted. Plaintiffs noted other references to emails or documents not included in Defendant's response. Plaintiffs also requested that Defendants replies be more specific as to the location of stated evidence within the same document, as Defendants simply referred to sections of the document encompassing 100 or more pages, bypassing the requirement for "specificity" where the information can be found. In addition, after combing through the over 500 page document, Plaintiffs are unable to locate or pinpoint any of the information requested.

### **ARGUMENT**

**I. Plaintiffs' Interrogatories Are Valid Contention Interrogatories Because They Serve To Narrow And Sharpen The Issues.**

Motion to Compel- 4

Defendants' argument that Plaintiffs interrogatories are overbroad and unduly burdensome fails. This objection is conclusory and speculative; it therefore fails for lack of specificity. See Fed. R. Civ. P. 33(b)(4); see also Plascencia v. Collins Asset Group, LLC, 2019 WL 859222, at *2-*3 (*W.D. Wash. Feb. 22, 2019*) (*granting a motion to compel where the responsive party offered no explanation why discovery request was overbroad and unduly burdensome in the particular case*).

Furthermore, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to the application of law to fact." See Fed. R. Civ. P. 33(a)(2). Contention interrogatories "may in certain cases be the most reliable and cost-effective discovery device." Campbell v. Washington, 2009 WL 577599, at *2-*3 *(W.D. Wash. Mar. 5, 2009) (characterizing interrogatories asking a party to identify individuals with information relevant to a party's allegations and those asking a party to identify facts that support their contentions as contention interrogatories)*. Here, Plaintiffs' contention interrogatories are intended to narrow and sharpen the genuine issues of material fact underlying the case; see Woods v. DeAngelo Marine Exhaust, Inc., 692 F.3d 1272, 1280 (*Fed. Cir. 2012*) (*"Contention interrogatories . . . serve an important purpose in helping to discover facts supporting the theories of the parties. Answers to contention interrogatories also serve to narrow and sharpen the issues thereby confining discovery and simplifying trial preparation."*), which is illustrated by the fact that Plaintiffs represented to Defendants their interest in key documents, witness statements, and summaries of material information, see Pauley v. Poured Walls, Inc., 2019 WL 3226996 at *2 *(S.D. W.Va. July 17, 2019)* (*"Contention interrogatories . . . will not be overly broad if they only ask for the 'principal or material facts which support an allegation or defense.'"*). Narrowing the issues is an essential part of discovery, and

MOTION TO COMPEL- 5

Plaintiffs interrogatories are valid on this basis. See Comment to Fed. R. Civ. P. 33 *("As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery.")*.

The interrogatories are Plaintiffs' attempt, following a period of written discovery during which Plaintiffs bore the entire production burden, to narrow the issues and focus the parties on information that is material and relevant to Plaintiffs' claims. Meaningfully responding to the interrogatories will require some effort on Defendants' part, but such effort is proportional here, and should have reasonably been expected by Defendants. Ultimately, Plaintiffs interrogatories are an appropriate, effective, and efficient use of the discovery process in this case. See telSPACE, LLC v. Coast to Coast Cellular, Inc., 2014 WL 4364851, at *2 *(W.D. Wash. Sept. 3, 2014) (explaining that the Federal Rules are "liberally construed to allow the wide-ranging discovery necessary to avoid surprise at trial and help the parties evaluate and resolve their disputes")*.

**II. Defendants' Responses To Plaintiffs' Interrogatories Are Deficient Because They Are Overbroad And Provide Less Information Than Required By Initial Disclosures**

Defendants' responses to Plaintiff's First Interrogatories and Request and Plaintiffs Second Interrogatories and Request are deficient in that they are so overly broad that they cannot qualify as responses at all. Josephs, 677 F.2d at 992 *("However, the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an*

MOTION TO COMPEL- 6

*interrogatory. On the contrary, **the party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive**.*" (*quoting Roesberg v. JohnsManville Corp., 85 F.R.D. 292, 296–97 (E.D. Pa. 1980))*. Defendants made no attempt to detail the knowledge of such persons, documents or privilege conversation or attorney/client work product, even in summary form. Accordingly, though interrogatories entitle parties to more information than that provided through initial disclosures, see Fed. R. Civ. P. 33, 36, Defendants' response actually provides less information than is required to be disclosed under the initial disclosure rule, see Fed. R. Civ. P. 26(a)(1)(A)(i) (*requiring the disclosure of the identity of each individual likely to have information, along with the subjects of that information)*. Defendants responses to Plaintiff's First Interrogatories and Request and Plaintiffs Second Interrogatories and Request responses place Plaintiffs in no better a position to evaluate the evidence, Defendants' theories, or the case in general than if Defendants had not responded at all. The rules entitle Plaintiffs to this evaluation, and Defendants responses are therefore insufficient. *See telSPACE, LLC, 2014 WL 4364851, at \*2; Wilkerson v. Vollans Auto, Inc., 2009 WL 1373678, at \*1 (W.D. Wash. 2009)*.

      Plaintiffs First Interrogatories and Request and Plaintiffs Second Interrogatories and Request included specific, detailed instructions as to the information requested. Part II Instructions p14 of Plaintiff's First Interrogatories clearly states that *"Unless otherwise noted all interrogatories are limited in time and scope to Jan. 2015 up to submission of Interrogatories".* Any objections to lack of time and scope should therefore be deemed unresponsive.

MOTION TO COMPEL- 7

1    Pursuant to 28 USC App Fed R Civ P Rule 26(b)(5), Plaintiff's instructions, **Part II**
2    paragraph 17, and again under **Part III Claims of Privilege** clearly states: "*...which you*
3    *refuse to answer under a claim of privilege, submit a sworn or certified statement from*
4    *your counsel or one of your employees in which you identify the nature of the*
5    *information withheld.*"  Defendants failed to provide any documentation or explanation
6    for their objection in violation to this rule.  Defendants merely offer Heidebrink v
7    Moriwaki, 104 Wn2d 392, 706 P.2d 212 (1985) as their vague reference for the basis for
8    their objection.  In that case, the Supreme Court explained that the discovery rules were
9    to be accorded "broad and liberal treatment". Trials were no longer "*to be carried on in*
10   *the dark; instead, the goal of discovery was to ensure mutual knowledge of all relevant*
11   *facts*" HICKMAN, at 501, 507. However, the Court stressed that it was necessary to
12   maintain certain restraints on bad faith, irrelevant, and privileged inquiries in order to
13   ensure the just and fair resolution of disputes. Hence, the Court held that an attorney's
14   "work product", although relevant and not privileged, is discoverable only upon a
15   showing of good cause. HICKMAN, at 512." Defendants must state with specificity
16   exactly what items, information or documents they are withholding and how any item or
17   question would be exempt under this rule.  See Bess v. Cate, 422 F. App'x 569, 572 (9th
18   Cir. 2011).

     Kelch v. Mass Transit Administration, 411 A.2d 449, 287 Md. 223 (1980). The
     court found in this bus-motorcycle crash that if you demand discovery, the responding
     party must tell you when objecting whether they have the document (or tangible thing)
     being sought. Defendants failed to make any such statement and any response given.

Motion to Compel- 8

Rule 26(b)(5), Rule 26(g) imposes a signature requirement on discovery objections. Every discovery objection must be signed by an attorney. By signing each discovery objection, the attorney certifies a number of things about the objection:

(A) [W]ith respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

When an attorney signs a discovery response containing boilerplate objections, that attorney has failed to live up to Rule 26(g)'s requirement that attorneys reflect on the legitimacy of any objections they make. Defendants counsel signed the Plaintiff's First Interrogatories and Request, but failed to include a date, thereby showing a further lack of attention to detail, which has been consistent throughout these proceedings.

Rule 26(g)(3) specifically gives courts the power to sanction lawyers whose discovery objections do not comport with Rule 26(g)(1)'s requirements.

Rule 33. Like objections under Rule 26, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Boilerplate objections will not do. Instead, the rule is "clear that objections must be specifically justified." Defendants have failed to

state with specificity their objections, and therefore, Plaintiffs ask the Court to insure compliance.

Plaintiffs have simply asked Defendants— consistent with the Federal Rules of Civil Procedure and the principles of civil discovery, and for the benefit of the parties and the Court moving forward—to now identify, with some level of specificity, such documents and evidence. The Court should order Defendants to do so.

## CONCLUSION

For the reasons argued above and in Plaintiffs' motion, the Court should grant Plaintiffs' Motion to Compel Defendant's Answers to Discovery Interrogatories and requests for documents.

Dated: December 28, 2023

Respectfully submitted,

*[signature: George DC Parker II]*

George DC Parker II, and

*[signature: Lori A Parker]*

Lori A Parker

MOTION TO COMPEL- 10