# Exhibit S

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| George DC Parker II, and<br><br>Lori A Parker,<br><br>      Plaintiff(s),<br> v.<br><br>THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,<br><br>      Defendant(s). | Case No. 3:23-cv-05069-RJB 'S PLAINTIFFS GEORGE DC PARKER II AND LORI A. PARKER FIRST INTERROGATORIES AND REQUESTS TO DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM, INC. |

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

 Pursuant to Fed. R. Civ. P. 33, Plaintiff hereby submits the following Interrogatories to Defendant. Plaintiff requests that Defendant serve its answers, in writing and under oath, to the Plaintiff at 10710 199Th St E, Graham, Wa. 98338, within 30 days of service of these Interrogatories.

 This is to inform defendants that the following interrogatories are considered ongoing, and any new information, including any changes, opinions or arguments that differ from those in defendants' responses related to these interrogatories, which defendants obtain after the date of answering these interrogatories and until the date of trial, must be provided to Plaintiffs as soon as such information is obtained.

 For the purpose of these Interrogatories only, Plaintiff has used the definitions set forth below.

PLAINTIFF FIRST INTERROGATORIES

## I. Definitions as used in these Interrogatories:

1. "Defendant" means the SCA, its officers and/or representatives.

2. "Any" means one or more.

3. "Communication" means any disclosure, transfer, or exchange of information or opinion, including but not limited to oral conversations, text, email, social media postings, or US postal service.

4. "Officer" means any person that is warranted or unwarranted that holds a position within the SCA other than that of a general populace member. "Officer" can include but is not limited to: Members of the Board of Directors, Seneschal, Social Media officer, etc. as defined by the Corporate documents. "Officer" can also include those holding the titles of King, Queen, Baron and Baroness.

5. "BOD" means any member of the Board of Directors, or the Board, collectively.

6. The phrase "describe in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts that includes circumstances, names, dates, analysis, opinion and other facts and information relating to the subject matter of a specific interrogatory.

7. The terms "document" and/or "writing" mean and include, but are not limited to, any printed, typewritten, or handwritten matter of whatever character, and every other form of recording upon any tangible thing including texts, emails, screenshots and facsimiles. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the

original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

8. "Identify" or "identity" means to state or a statement of:
9. In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;
   a. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;
   b. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and
   c. in the case of a communication, its date, the place where it occurred, the identity of all persons who were parties to the conversation, the identity of each person who has knowledge of the conversation and all other persons present when it happened, and the subject matter of the conversation.
10. "Including" means including, but not limited to.
11. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.
12. "You," "your" or "your company" means the SCA, Defendant

13. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## II. Instructions

14. Unless otherwise specified, these interrogatories are limited to the time period from January 1, 2015, up to and including the date of service of these interrogatories.

15. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in defendant's possession, custody or control, or in the possession, custody or control of defendants staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of defendants proprietary knowledge, information or documents.

16. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

17. For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the

information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

18. Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

19. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

### III. Claims of Privilege

A document that is protected by attorney-client privilege or work product privilege should not be disclosed to the requesting party. However, you must still list the document in your written response and provide the following information for each privileged document: (a) the date it was created; (b) the name of the person who wrote it; (c) the name of the person who received it; (d) the type of document, such as a memo, a letter, etc.; (e) the names of any other persons who have a copy of the document; and (f) the general topic of the document.

**INTERROGATORY NO. 1:** What binding actions, authorities and/or powers were granted to the Officers prior to April 2, 2021, up to and including but not limited to all sanctions they have the right to levy, what criteria will be used in deciding those sanctions, and what infractions by the members might warrant such sanctions?

**Answer:**

**REQUEST FOR PRODUCTION NO. 1:** Please provide all documentation of any rules that were in effect prior to April 1, 2021 that supports your answer in Interrogatory No. 1

**REQUEST FOR PRODUCTION NO. 2:** Please provide all communications and documents that include or reference the names of Plaintiffs, and their business, including any previous investigations wherein the Plaintiffs are named.

**INTERROGATORY NO. 2:** Describe in detail what training Officers are required to have prior to taking office and/or what training an Officer is required to receive after taking office in relation to their duties and responsibilities of their respective position within the organization?

**Answer:**

**REQUEST FOR PRODUCTION 3:** Please provide all documentation of any rules that supports your answer to interrogatory question no. 2.
PLAINTIFF FIRST INTERROGATORIES

**INTERROGATORY NO. 3:** Please describe in detail the conflict resolution training Officers are required to participate in.

**Answer:**

**REQUEST FOR PRODUCTION 4:** Please provide all documentation of any rules that were in effect prior to April 1, 2021, that outlines all criteria by which the BOD determines that a case brought to them necessitates further investigation for a revocation of membership.

**REQUEST FOR PRODUCTION NO. 5:** Please provide all documentation of any rules that outline any documentation required for the BOD to bring sanctions, including but not limited to, standards of proof required to lend merit to any allegations made against a member being considered for sanctions.

**REQUEST FOR PRODUCTION NO. 6:** Please provide all documentation of any rules that were in effect prior to April 1, 2021 that outlines how the Officers are chosen.

**REQUEST FOR PRODUCTION NO. 7:** Please provide all documentation of any rules that outline all required qualifications for Officers.

**REQUEST FOR PRODUCTION NO. 8:** Please provide all communications and documentation relating to the appointment of the Baron and Baroness for the Barony of Blatha

An Or in 2017 - 2020, including but not limited to polling sheets, letters of recommendation, letters opposing any candidates, email, texts or any other written communications in reference to the candidates for those polling years.

**REQUEST FOR PRODUCTION NO. 9:** Please provide all documentation of any rules that outlines what legally binding actions/authorities/powers are granted to the seneschals, including but not limited to all sanctions they have the right/power to levy, what criteria will be used in deciding those sanctions, and what infractions by the members might warrant such sanctions.

**REQUEST FOR PRODUCTION NO. 10:** Please provide all documentation of all members who have had their membership revoked in the past 10 years.

**INTERROGATORY NO. 4:** Describe in detail the infractions that resulted in revocation of memberships in the last 10 years.
**Answer:**

**REQUEST FOR PRODUCTION NO. 11:** Please provide all documentation that shows the total number of members who have had their membership revoked who were from the Kingdom of An Tir in the last 10 years.

PLAINTIFF FIRST INTERROGATORIES

**REQUEST FOR PRODUCTION NO. 12:** Please provide all documentation that shows the total number of members who have had their membership revoked within the Kingdom of An Tir that were, or claimed to be DEI (Diversity, Equity and Inclusion) related or who raised questions of DEI aspects during the investigation into the incident and/or actions that led to the Revocation.

**REQUEST FOR PRODUCTION NO 13:** Please provide all documentation of any rules that outlines the criteria and/or qualifications for any level investigator.

**INTERROGATORY NO. 5:** Please describe in detail any rules that outlines all training an investigator, at any level, shall or has received in relation to conducting such an investigation, including but not limited to dispute resolution training, investigation training, interrogation training, knowledge or experience with dispute resolution laws and regulations, knowledge of or experience in managing and resolving disputes effectively.

**Answer:**

**REQUEST FOR PRODUCTION NO. 14:** Please provide all documentation in support of your answer to interrogatory no 5.

**INTERROGATORY NO. 6:** Please describe in detail any rules that outline what the corporate dispute policies and resolution paths were prior to April 2, 2021 including who presides over dispute matters, what qualifications are required for the dispute advocates/judges etc.

**Answer:**

**REQUEST FOR PRODUCTION NO. 15:** Please provide all documentation of training, including dispute resolution training, for all seneschals and investigators for the last 10 years.

**INTERROGATORY NO. 7** Please describe in detail any rules that outline the criteria for determining whether or not an appeal should be heard and who makes that determination.

**Answer:**

**REQUEST FOR PRODUCTION NO. 16:** Please provide all documentation in support of your answer to Interrogatory no 7.

**INTERROGATORY NO. 8:** Please describe in detail, how many requests for appeal has the seneschal received in the past 10 years, including dates for each appeal, and of those, how many have been heard by the BOD for the same period.

**Answer:**

**REQUEST FOR PRODUCTION NO. 17:** Please provide all documentation that supports your answer to question no. 8.

**INTERROGATORY NO. 9:** Please describe in detail, out of the number listed in Interrogatory No. 8, the number of revocations that have been successfully overturned by appeal.

**Answer:**

**REQUEST FOR PRODUCTION NO. 18:** Please provide all documentation that supports your answer to Interrogatory No. 9.

**INTERROGATORY NO. 10:** Please describe in detail the number of sanctions requested by kingdoms in the past 10 years, including dates listed by kingdom.

**Answer:**

**REQUEST FOR PRODUCTION NO. 19:** Please provide all documentation that supports your answer to Interrogatory No. 10..

**INTERROGATORY NO. 11:** Describe in detail the SCA's definition of the difference between rule and policy.

**Answer:**

**REQUEST FOR PRODUCTION NO. 20:** Please provide all documentation of any rules that outlines what the stated purpose/mission of the SCA and how that relates to Diversity, Equity and Inclusion, political speech, hate speech or other protected speech.

**REQUEST FOR PRODUCTION NO. 21:** Please provide all documentation of any rules that outlines the role of the peerage, their status within the corporation including but not limited to their rights, privileges, responsibilities, authorities and powers granted to them.

**INTERROGATORY NO. 12:** Describe in detail what reported sanctions automatically go from the Society Seneschal to the BOD for consideration of further sanctions?

**Answer:**

**REQUEST FOR PRODUCTION NO. 22:** Please provide all documentation that supports you answer to Interrogatory No. 12

Plaintiff First Interrogatories

**INTERROGATORY NO. 13:** Describe in detail what criteria establishes the reason a "*Kingdom Sanction: Exile"* from the Kingdom may be imposed.

**Answer:**

**REQUEST FOR PRODUCTION NO. 23:** Please provide all documentation that supports your answer to Interrogatory No. 13.

**INTERROGATORY NO. 14:** Describe in detail what criteria establishes the reason for a "*Kingdom Sanction: Temporary Removal from Participation in the Society"*.

**Answer:**

**REQUEST FOR PRODUCTION NO. 24:** Please provide all documentation that supports your answer to Interrogatory No. 14.

**INTERROGATORY NO. 15:** Describe in detail what is the corporation definition of "Sanction."

**Answer:**

1  **REQUEST FOR PRODUCTION NO. 25:** Please provide all documentation that supports your answer to Interrogatory No. 15.

**INTERROGATORY NO. 16:** Describe in detail what are the specific sanctions that the BOD can impose based on the bylaws as defined in the "powers of the board" prior to April 1, 2021.
**Answer:**

**REQUEST FOR PRODUCTION NO. 26:** Please provide all documentation that supports your answer to Interrogatory No. 16.

**INTERROGATORY NO. 17:** Describe in detail what prompted the removal of Emerson Waite?
**Answer:**

**REQUEST FOR PRODUCTION  NO. 27:** Please provide all documentation that supports you answer to Interrogatory No. 17.

**INTERROGATORY NO. 18:** Describe in detail the rule that outlines behavior in/on social media postings on private pages prior to April 2, 2021.
**Answer:**

PLAINTIFF FIRST INTERROGATORIES

**REQUEST FOR PRODUCTION NO. 28:** Please provide all documentation that supports your answer to Interrogatory No. 18.

**INTERROGATORY NO. 19:** Please describe, in detail, what, if any civil action the SCA has ever been involved in including but not limited to all parties involved in the action, stated cause of the action, and the current disposition.
**Answer:**

**REQUEST FOR PRODUCTION NO. 30:** Please provide all documentation that supports your answer to Interrogatory No. 19 .

**INTERROGATORY NO. 20**: Has any Officer, including but not limited to, members of the chivalry, peerage, royalty, or other like elevated representative, or any other designated representative, been accused or convicted of any civil crime, felony or misdemeanor crime while holding office and/or warrant position within the SCA.
**Answer:**

**REQUEST FOR PRODUCTION NO. 31:** Please provide all documentation that supports your answer to Interrogatory No. 20.

PLAINTIFF FIRST INTERROGATORIES

**INTERROGATORY NO. 21:** How many of those convicted (listed in Interrogatory No. 20) had their membership revoked and when?

**Answer:**

**REQUEST FOR PRODUCTION NO. 32:** Please provide all documentation that supports your answer to Interrogatory No. 21.

**INTERROGATORY NO. 22:** Describe in detail any rule that clearly defines Hate Speech and the sanctions or punishments imposed.

**Answer:**

**REQUEST FOR PRODUCTION NO. 33:** Please provide all documentation that supports your answer to Interrogatory No. 22.

**REQUEST FOR PRODUCTION NO. 34:** Please provide all communications and documents that include or reference a members handbook outlining expected behavior and the penalties a member can expect to have levied upon failure to follow the rules as listed.

Dated: July 8, 2023

Respectfully submitted,

*[signature: George DC Parker II]*

George DC Parker II, and

*[signature: Lori A Parker]*

Lori A Parker