# Exhibit U

Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE DC PARKER II and LORI A. PARKER, <br><br> Plaintiffs, <br><br> v. <br><br> THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al, <br><br> Defendant. | Case No. 3:23-cv-05069-RJB <br><br> PLAINTIFFS GEORGE DC PARKER II AND LORI A. PARKER FIRST INTERROGATORIES AND REQUESTS TO DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM, INC. **AND RESPONSES AND OBJECTIONS THERETO** |

TO:    Plaintiffs George DC Parker II and Lori A. Parker.

COMES NOW, Defendant The Society for Creative Anachronism, Inc., a/k/a "SCA" or "SCA, Inc.", ("SCA"), by and through its attorneys, Justin E. Bolster and Debra Dickerson, with the law firm Preg O'Donnell & Gillett, PLLC, hereby submits its answers, responses, and objections to Plaintiff's First Set of Interrogatories and Requests for Production as set forth below:

## GENERAL OBJECTIONS

SCA generally objects each interrogatory and request for production in Plaintiff's First Set of Interrogatories and Requests for Production to SCA to the extent they seek information protected by the attorney-client privilege or work product doctrine.  Nothing contained in these answers and responses is intended as, or shall in any way be deemed, a waiver of any attorney-

PLAINTIFFS FIRST INTERROGATORIES AND REQUESTS TO DEFENDANT AND RESPONSES AND OBJECTIONS THERETO - 1
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

client privilege, any work product protection or any other applicable privilege or doctrine.  In responding to each interrogatory and request for production, SCA will not undertake to provide privileged or otherwise protected information.

SCA generally objects to each interrogatory and request for production to the extent that the information sought is not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.  In addition, SCA generally objects to each interrogatory and request for production to the extent that providing the requested information would be unduly burdensome and expensive.  Furthermore, SCA reserves the right to reassert this objection in the event Plaintiff seeks additional information or any party seeks to introduce at trial any response to these interrogatories and requests for production.

SCA objects to Plaintiff's definitions to the extent that they assume facts not in evidence and/or are vague, overly broad, ambiguous and indefinite as to time, scope and subject matter.

SCA generally objects to each interrogatory and request for production to the extent they seek information not available to SCA or in SCA's possession, custody or control.  In responding, SCA will not attempt to provide information which is unavailable or not within SCA's possession, custody, or control.

SCA provides the responses herein without waiving any of its objections herein.

SCA generally objects to the instructions to the extent they seek to impose requirements or obligations on SCA in addition to or different from those imposed by the Federal Rules of Civil Procedure, Evidence Rules, other applicable rules, or to the extent the definitions are inconsistent with SCA's objections, answers or responses.  In responding to each interrogatory and request for production, SCA will only provide such information as is required and proper under the Rules. SCA is not bound by Plaintiffs' unilateral instructions and definitions and will only respond to Plaintiffs' discovery requests within the requirements of the Federal Rules of Civil Procedure

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 2
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Rules for the Western District of Washington Federal Court.

In providing the following answers and responses, SCA does not waive but rather preserves the following rights and reservations:

a. SCA expressly reserves the right to all objections as to relevancy, competency, materiality, propriety, and admissibility, that would require the exclusion of any statement contained herein or in any document referenced to the extent any such answer, response or document is sought to be introduced into evidence at any hearing or trial in this action;

b. SCA expressly reserves the right to object on any grounds as to the use or admissibility of the answers and responses herein, or documents produced by SCA, in any subsequent proceedings, including the trial of this or any other action;

c. SCA expressly reserves the right to object on any ground and/or further discovery requests propounded by Plaintiff.

d. SCA has not yet completed its investigation of the facts relating to this action. The following answers and responses are based upon information and documents presently known to SCA and are therefore made without prejudice to SCA's right to produce subsequently discovered evidence relating to the proof of presently known material facts and to produce all evidence, whenever discovered, in any form, relating to the proof of subsequently discovered material facts.

e. Except for explicit facts stated herein, or in any documents referenced in connection herewith, no admission of any nature whatsoever is intended, and none should be implied or inferred.

f. SCA's response to each individual interrogatory and request for production is submitted without prejudice to, and without in any respect waiving, these general objections.

g. SCA reserves the right to reassert these objections in the event Plaintiff seeks additional information or documents, or if any party seeks to introduce at trial any response to

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 3
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

these interrogatories and requests for production.

SCA objects to each request for production, instruction, and definition on all of the grounds set forth in these General Objections and incorporates those objections into each interrogatory and request for production answer and response as if set forth in full therein.

The following answers and responses are based upon SCA's current knowledge, information, and belief.  Discovery in this matter and SCA's investigation of the subject matter of this action are ongoing.  Accordingly, SCA reserves the right to modify, correct, supplement, or clarify its objections, answers, or responses.

**INTERROGATORY NO. 1:** What binding actions, authorities and/or powers were granted to the Officers prior to April 2, 2021, up to and including but not limited to all sanctions they have the right to levy, what criteria will be used in deciding those sanctions, and what infractions by the members might warrant such sanctions?

**ANSWER:**

**SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to identify each and every power or right conveyed to the Officers over the years. The request is also not reasonably limited in time or place as the request ostensibly seeks the authorities of the Officers from the inception of SCA up to April 2, 2021, most of which cannot have any bearing on the claims or issues raised in this lawsuit. SCA further objects to the extent that it seeks information and documents protected by attorney-client privilege and/or work product privilege and/or information collected in anticipation of litigation (see _Heidebrink v. Moriwaki_, 104 Wn.2d 392, 706 P.2d 212 (1985)). SCA further objects to the scope of the request as it is overly broad and**

This is a Boilerplate Objection

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 4
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  ==unduly burdensome regarding **"the powers, actions, and authorities of the**
2  **Officers."**== There are twenty kingdoms with approximately 30 subgroups each.  Each has
3  their own documents, handbooks and other governing documents. Subject to and
4  without waiving the foregoing objections, see Bates Nos. SCA_000259-000431.

5

6  **REQUEST FOR PRODUCTION NO. 1:** Please provide all documentation of any rules that were
7  in effect prior to April 1, 2021 that supports your answer in Interrogatory No. 1

8       **RESPONSE:**
9       **See Answer to Interrogatory No. 1.**

10

11  **REQUEST FOR PRODUCTION NO. 2:** Please provide all communications and documents that
12  include or reference the names of Plaintiffs, and their business, including any previous
13  investigations wherein the Plaintiffs are named.

14       **RESPONSE:**    <span style="color:red">**This is a Boilerplate Objection**</span>
15       ==**Objection, this request is overbroad, unduly burdensome, and not reasonably**==
16  ==**limited to the needs of this case.**== Plaintiffs were members of SCA ==for several decades and==    <span style="color:red">The time</span>
17  ==**it is not reasonable to identify every communication that references either plaintiff.**==    <span style="color:red">frame was addressed in Plaintiff's instructions, defendants chose to ignore them</span>
18  Without waiver of that objection, the following documents were identified that reference
19  complaints against the Plaintiffs and the investigation material related to the same. See
20  Bates Nos. SCA_000001-000002, SCA_000014-000054 and SCA_000121-000258.
21  Discovery is continuing and additional documents will be produced if they are
22  discovered.

23

24

25

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 5
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**INTERROGATORY NO. 2:** Describe in detail what training Officers are required to have prior to taking office and/or what training an Officer is required to receive after taking office in relation to their duties and responsibilities of their respective position within the organization?

**ANSWER:** This is a Boilerplate Objection

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. The request is also not reasonably limited in time or place as the request ostensibly seeks information related to the "training" of all Officers from the inception of SCA to present, most of which cannot have any bearing on the claims or issues raised in this lawsuit. SCA is also unclear what Plaintiffs are referring to by the word "training" related to Officers. SCA further objects to the extent that it seeks information and documents protected by attorney-client privilege and/or work product privilege and/or information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212 (1985). Subject to an understanding that what is sought is information related to Officers who were involved in the exile or revocation and denial of membership action related to Plaintiffs, and without waiving the foregoing objections, see Bates Nos. SCA_000259-000421.

*Any reasonable person understands the meaning of the word "training".*

*Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.*

**REQUEST FOR PRODUCTION 3:** Please provide all documentation of any rules that supports your answer to interrogatory question no. 2.

**RESPONSE:** This is a Boilerplate Objection

Objection, this request is vague, overbroad and not reasonably limited in time or space and appears to be offered to harass SCA and increase the costs of litigation. Without waiver of that objection, see Answer to Interrogatory No. 2.

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 6
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1

2  **INTERROGATORY NO. 3:** Please describe in detail the conflict resolution training Officers are

3  required to participate in.

4        **ANSWER:**        This is a Boilerplate Objection

5        **Objection, this request is not reasonably limited in time or scope.** To the extent

6  this requested information is from 2018 to present regarding SCA Society level Officers

7  and Officers from the Kingdom of An Tir, see Answer to Interrogatory No. 2.

8  Defendant's answer to Interrogatory No. 2 was a broad objection to training in general, however Interrogatory No. 3 is about spacific training, the scope of which was limited in the "instructions" section.

9  **REQUEST FOR PRODUCTION 4:** Please provide all documentation of any rules that were in

10  effect prior to April 1, 2021, that outlines all criteria by which the BOD determines that a case

11  brought to them necessitates further investigation for a revocation of membership.

12        **RESPONSE:**  This is a Boilerplate Objection  and is also nonresponsive as the answer to Interrogatory No. 2 is non-applicable to this question.

13        **Objection, this request is not reasonably limited in time or scope. To the extent**

14  this requested is information from 2018 to April 1, 2021, see Answer to Interrogatory No.

15  **2.**

16

17  **REQUEST FOR PRODUCTION NO. 5:** Please provide all documentation of any rules that

18  outline any documentation required for the BOD to bring sanctions, including but not limited to,

19  standards of proof required to lend merit to any allegations made against a member being

20  considered for sanctions.

21        **RESPONSE:**  This is a Boilerplate Objection .  again, time and scope is addressed in the Instructions section.

22        **SCA objects to this interrogatory to the extent that it is overly broad, unduly**

23  burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the

24  discovery of admissible evidence. The request is not reasonably limited in time or scope.

25

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 7
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Pursuant to Rule 26(b)(5)
Defendants are required to state what is being claimed as privelage and how it quilifies as such.

1    SCA further objects to the extent that it seeks information and documents protected by

2    attorney-client privilege and/or work product privilege and/or information collected in

3    anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212

4    (1985). Subject to the understanding that what is sought are documentation of rules that

5    were in place between 2018 and present, and without waiving the foregoing objections,

6    see Bates Nos. SCA_000259-000421.     Defendant fail to specify exactly what rule they are

     quoting in the 162  pages of documentation they are in

7                                          reference to.

8    **REQUEST FOR PRODUCTION NO. 6:** Please provide all documentation of any rules that were

9    in effect prior to April 1, 2021 that outlines how the Officers are chosen.

10       **RESPONSE:**   This is a Boilerplate Objection and non-resopnsive as Interrogatory
                         No. 2 is irrelevent to this quesion.

11       Objection, this request is overly broad and not reasonably limited in time or

12   scope. Subject to the understand that what is sought are documents regarding rules that

13   were in effect between 2018 and present, see Answer to Interrogatory No. 2.

14

15   **REQUEST FOR PRODUCTION NO. 7:** Please provide all documentation of any rules that

16   outline all required qualifications for Officers.

17       **RESPONSE:**   This is a Boilerplate Objection  Additionally, Persuant to Rule 26(b)(5) Defendants
                         are required to state what is being claimed as privelage and how it quilifies as such.

18       SCA objects to this interrogatory to the extent that it is overly broad, unduly

19   burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the

20   discovery of admissible evidence to identify each and every power or right conveyed to

21   the Officers over the years. SCA further objects to the extent that it seeks information

22   and documents protected by attorney-client privilege and/or work product privilege

23   and/or information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104

24   Wn.2d 392, 706 P.2d 212 (1985). SCA further objects to the scope of the request as it is

25

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Defendant fail to specify exactly what rule they are quoting in the 162 pages of documentation they are in reference to. Highlited section was not asked in this question, therefore, it is irrelevent and non-responsive. Scope is addressed in instructions.

1

overly broad and unduly burdensome regarding **"the powers, actions, and authorities of**

2

**the Officers."** There are twenty kingdoms with approximately 30 subgroups each. Each

3

has their own documents, handbooks and other governing documents. Subject to and

4

without waiving the foregoing objections, see Bates Nos. 000259-000421.

5

6

**REQUEST FOR PRODUCTION NO. 8:** Please provide all communications and documentation

7

relating to the appointment of the Baron and Baroness for the Barony of Blatha An Or in 2017 -

8

2020, including but not limited to polling sheets, letters of recommendation, letters opposing any

9

candidates, email, texts or any other written communications in reference to the candidates for

10

those polling years.          This is a Boilerplate Objection  Additionally, Persuant to Rule 26(b)(5)
Defendants are required to state what is being claimed as privelage and how it

11

          **RESPONSE:**      qualifies as such. Defendants must show cause for a protective order.

12

     SCA objects to this interrogatory to the extent that it is overly broad, unduly

13

burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the

14

discovery of admissible evidence to identify each and every power or right conveyed to

15

the Officers over the years. SCA further objects to the extent that it seeks information

16

and documents protected by attorney-client privilege and/or work product privilege

17

and/or information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104

18

**Wn.2d 392, 706 P.2d 212 (1985). Subject to and without waiving the foregoing objections,**

19

SCA is willing to enter into a protective order and discuss what responsive documents

20

can reasonably be produced.

21

22

**REQUEST FOR PRODUCTION NO. 9:** Please provide all documentation of any rules that

23

outlines what legally binding actions/authorities/powers are granted to the seneschals, including

24

25

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 9
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

but not limited to all sanctions they have the right/power to levy, what criteria will be used in

deciding those sanctions, and what infractions by the members might warrant such sanctions.

**RESPONSE:** This is a Boilerplate Objection  Additionally, Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.

**SCA objects to this interrogatory to the extent that it is overly broad, unduly**

**burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the**

**discovery of admissible evidence. SCA further objects to the extent that it seeks**

**information and documents protected by attorney-client privilege and/or work product**

**privilege and/or information collected in anticipation of litigation (see** *Heidebrink v.*

*Moriwaki*, **104 Wn.2d 392, 706 P.2d 212 (1985). SCA further objects to the scope of the**

**request as it is overly broad and unduly burdensome regarding the powers, actions, and**

**authorities of the seneschals. Subject to and without waiving the foregoing objections,**

**see Bates Nos. 000259-000421.**

**REQUEST FOR PRODUCTION NO. 10:** Please provide all documentation of all members who

have had their membership revoked in the past 10 years.

**RESPONSE:** This is a Boilerplate Objection  Additionally, Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.

**SCA objects to this interrogatory to the extent that it is overly broad, unduly**

**burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the**

**discovery of admissible evidence. See also** *Guthrey v. California Dept. of Corrections*

*and Rehabilitation*, **2012 WL 2499938 at \*15 (The ten-year time frame for which Plaintiff**

**sought information regarding other claims was irrelevant, overbroad and unduly**

**burdensome) and** *Glenn v. Williams*, **209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an**

**inordinate length of time to support plaintiffs' pattern of discrimination theory….in order**

**to establish a pattern of discrimination, three years is a reasonable time in which to allow**

1  discovery.") SCA further objects to the extent that it seeks information and documents

2  protected by attorney-client privilege and/or work product privilege and/or information

3  collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d

4  212 (1985). Subject to and without waiving the foregoing objections, SCA is willing to

5  enter into a protective order and to discuss reasonable parameters for comparator

6  membership revocation matters.

7

8  **INTERROGATORY NO. 4:** Describe in detail the infractions that resulted in revocation of

9  memberships in the last 10 years.

10  **ANSWER:** This is a Boilerplate Objection  Additionally, Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.

11  SCA objects to this interrogatory to the extent that it is overly broad, unduly

12  burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the

13  discovery of admissible evidence. See also *Guthrey v. California Dept. of Corrections*

14  *and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff

15  sought information regarding other claims was irrelevant, overbroad and unduly

16  burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an

17  inordinate length of time to support plaintiffs' pattern of discrimination theory....in order

18  to establish a pattern of discrimination, three years is a reasonable time in which to allow

19  discovery.")  SCA further objects to the extent that it seeks information and documents

20  protected by attorney-client privilege and/or work product privilege and/or information

21  collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d

22  212 (1985). Subject to and without waiving the foregoing objections, SCA is willing to

23  enter into a protective order and to discuss reasonable parameters for comparator

24  membership revocation matters.

25

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 11
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**REQUEST FOR PRODUCTION NO. 11:** Please provide all documentation that shows the total number of members who have had their membership revoked who were from the Kingdom of An Tir in the last 10 years.

**RESPONSE:**

**SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. See also *Guthrey v. California Dept. of Corrections and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff sought information regarding other claims was irrelevant, overbroad and unduly burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an inordinate length of time to support plaintiffs' pattern of discrimination theory….in order to establish a pattern of discrimination, three years is a reasonable time in which to allow discovery.")**

**Subject to and without waiving the foregoing objections, SCA is willing to enter into a protective order and to discuss reasonable parameters for comparator membership revocation matters. However, there have been eighteen (18) member revocation(s) from the Kingdom of An Tir in the last five years.**

**REQUEST FOR PRODUCTION NO. 12:** Please provide all documentation that shows the total number of members who have had their membership revoked within the Kingdom of An Tir that were, or claimed to be DEI (Diversity, Equity and Inclusion) related or who raised questions of DEI aspects during the investigation into the incident and/or actions that led to the Revocation.

**RESPONSE:**

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 12
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

<span style="color:red">This is a Boilerplate Objection  Additionally, Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it qulifies as such.  Furthermore, Defendant states claims and conclusions without supporting documentation.</span>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. See also *Guthrey v. California Dept. of Corrections and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff sought information regarding other claims was irrelevant, overbroad and unduly burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an inordinate length of time to support plaintiffs' pattern of discrimination theory….in order to establish a pattern of discrimination, three years is a reasonable time in which to allow discovery.").

Without waiving the above objections, of the 18 revocations identified above this is the only revocation where the member asserted autism as an element of the revocation. SCA is aware of two other revocations of An Tir members where one member mentioned they were working on mental health issues and one person mentioned they were an indigenous person, but that classification was unrelated to their revocation.

**REQUEST FOR PRODUCTION NO 13:** Please provide all documentation of any rules that outlines the criteria and/or qualifications for any level investigator.

**RESPONSE:** <span style="color:red">This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Defendant fail to specify exactly what rule they are quoting in the 162 pages of documentation they are in reference to.</span>

SCA objects that this request is not reasonably limited in time or scope and ostensibly asks for information from each of the twenty kingdoms along with thirty subgroups each.  Each has their own documents, handbooks and other governing documents. Subject to and without waiving the foregoing objections and in an effort to provide a response, please see Bates Nos. 000259-000421.

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**INTERROGATORY NO. 5:** Please describe in detail any rules that outlines all training an investigator, at any level, shall or has received in relation to conducting such an investigation, including but not limited to dispute resolution training, investigation training, interrogation training, knowledge or experience with dispute resolution laws and regulations, knowledge of or experience in managing and resolving disputes effectively.

**ANSWER:** This is a Boilerplate Objection. Time and scope is addressed in the Instructions section. Defendant fail to specify exactly what rule they are quoting in the 162 pages of documentation they are in reference to. Pursuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to identify all training that an investigator has received at any level, including investigators in one of the other nineteen Kingdoms. The request is not reasonably limited in time or scope. SCA further objects to the extent that it seeks information and documents protected by attorney-client privilege and/or work product privilege and/or information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212 (1985). Subject to and without waiving the foregoing objections and in an effort to provide a response, please see Bates Nos. 000259-000421.

**REQUEST FOR PRODUCTION NO. 14:** Please provide all documentation in support of your answer to interrogatory no 5.

**RESPONSE:** Non-responsive

See Answer to Interrogatory No. 5.

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**INTERROGATORY NO. 6:** Please describe in detail any rules that outline what the corporate dispute policies and resolution paths were prior to April 2, 2021 including who presides over dispute matters, what qualifications are required for the dispute advocates/judges etc.

**ANSWER:** This is a Boilerplate Objection. Time and scope is addressed in the Instructions section. Defendant fail to specify exactly what rule they are quoting in the 172 pages of documentation they are in reference to.

SCA objects that this request is not reasonably limited in time or scope as it seeks any rules related to dispute resolution policies from the beginning of the SCA to April 2, 2021, spanning over 50 years. In an effort to provide a response, see Bates Nos. SCA_000259-000431.

**REQUEST FOR PRODUCTION NO. 15:** Please provide all documentation of training, including dispute resolution training, for all seneschals and investigators for the last 10 years.

**RESPONSE:** This is a Boilerplate Objection , Defendant failed to provide any supporting documentation.

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to identify information related to the nineteen other Kingdoms whose rules and policies are not implicate in this matter. The request is also not reasonably limited in time or scope. See also *Guthrey v. California Dept. of Corrections and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff sought information regarding other claims was irrelevant, overbroad and unduly burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an inordinate length of time to support plaintiffs' pattern of discrimination theory….in order to establish a pattern of discrimination, three years is a reasonable time in which to allow discovery.") SCA further objects to the extent that it seeks information and documents protected by attorney-client privilege and/or work product privilege and/or

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 15
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212 (1985). Subject to and without waiving the foregoing objections, Kingdom seneschals are instructed to read the Seneschal's Handbook, Sanctions Policies and Procedures Manual, and Investigator's Guide, and to be familiar with the Governing Documents and their own kingdom laws. There was a seneschal symposium held in 2019 in-person that was attended by most of the kingdom seneschals. In 2022 Lis Schraer provided a training class for new kingdom seneschals, along with two investigation trainings for seneschals.  Zoom meetings with kingdom seneschals are held by SCA approximately once a quarter to address common issues and questions.

**INTERROGATORY NO. 7** Please describe in detail any rules that outline the criteria for determining whether or not an appeal should be heard and who makes that determination.

**ANSWER:**  This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Non-responsive as Defendant answers elements to questions not asked.

SCA objects to the request as it is not reasonably limited in time or scope. With the understanding what is sought are rules and criteria for whether an appeal should have been heard related to Plaintiffs' exile or the revocation of membership for George Parker, see Bates Nos. SCA_000259-000421.  Defendant fail to specify exactly what rule they are quoting in the 162  pages of documentation they are in reference to.

**REQUEST FOR PRODUCTION NO. 16:** Please provide all documentation in support of your answer to Interrogatory no 7.

**RESPONSE:**  Non-responsive Defendant fail to specify exactly what rule they are quoting in the 162  pages of documentation they are in reference to.

See Answer to Interrogatory No. 7.

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 16
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**INTERROGATORY  NO. 8:** Please describe in detail, how many requests for appeal has the seneschal received in the past 10 years, including dates for each appeal, and of those, how many have been heard by the BOD for the same period.

**ANSWER:** This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not reasonably limited in time or scope. See also *Guthrey v. California Dept. of Corrections and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff sought information regarding other claims was irrelevant, overbroad and unduly burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an inordinate length of time to support plaintiffs' pattern of discrimination theory….in order to establish a pattern of discrimination, three years is a reasonable time in which to allow discovery."). The request ostensibly calls for the evaluation and analysis of reports to hundreds of different seneschals in over twenty kingdoms with approximately 30 subgroups each with various seneschals for each kingdom.  SCA is willing to conduct a discovery conference to discuss a reasonable scope for this request.

**REQUEST FOR PRODUCTION NO. 17:** Please provide all documentation that supports your answer to question no. 8.

**RESPONSE:**

See Answer to Interrogatory No. 8.

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 17
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**INTERROGATORY NO. 9:** Please describe in detail, out of the number listed in Interrogatory No. 8, the number of revocations that have been successfully overturned by appeal.

**ANSWER:**  <span style="color:red">This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.</span>

SCA objects that this request is overbroad, unduly burdensome and not reasonably limited in time or scope. The request seeks information related to appeals in twenty different kingdoms over the past 10 years that have no relationship to Plaintiffs' allegations. Furthermore, the 10-year window is too broad. *Guthrey v. California Dept. of Corrections and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff sought information regarding other claims was irrelevant, overbroad and unduly burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an inordinate length of time to support plaintiffs' pattern of discrimination theory….in order to establish a pattern of discrimination, three years is a reasonable time in which to allow discovery."). SCA is willing to conduct a discovery conference to discuss a reasonable scope for this request.

**REQUEST FOR PRODUCTION NO. 18:** Please provide all documentation that supports your answer to Interrogatory No. 9.

**RESPONSE:**

See Answer to Interrogatory No. 9.

**INTERROGATORY NO. 10:** Please describe in detail the number of sanctions requested by kingdoms in the past 10 years, including dates listed by kingdom.

**ANSWER:**

This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Answers questions not asked.  This questions asks about sanctions not appeals.

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks information related to appeals in twenty different kingdoms over the past 10 years that have no relationship to Plaintiffs' allegations. Furthermore, the 10-year window is too broad. *Guthrey v. California Dept. of Corrections and Rehabilitation*, 2012 WL 2499938 at *15 (The ten-year time frame for which Plaintiff sought information regarding other claims was irrelevant, overbroad and unduly burdensome) and *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Ten years is an inordinate length of time to support plaintiffs' pattern of discrimination theory….in order to establish a pattern of discrimination, three years is a reasonable time in which to allow discovery."). SCA is willing to conduct a discovery conference to discuss a reasonable scope for this request so long as Plaintiffs are willing to enter into a protective order and limit the request to appeals from the Kingdom of An Tir.

**REQUEST FOR PRODUCTION NO. 19:** Please provide all documentation that supports your answer to Interrogatory No. 10..

**RESPONSE:**

**See Answer to Interrogatory No. 10.**

**INTERROGATORY NO. 11:** Describe in detail the SCA's definition of the difference between rule and policy.

**ANSWER:**   Non-responsive.

**SCA is unclear what Plaintiffs are asking for with this request.**

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 19
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**REQUEST FOR PRODUCTION NO. 20:** Please provide all documentation of any rules that outlines what the stated purpose/mission of the SCA and how that relates to Diversity, Equity and Inclusion, political speech, hate speech or other protected speech.

**RESPONSE:** This is a Boilerplate Objection. Time and scope is addressed in the Instructions section. Defendant fail to specify exactly what rule they are quoting in the 172 pages of documentation they are in reference to.

SCA objects to the extent that this request is not reasonably limited in time or scope. With the understanding that what is sought is from 2018 to present, please see Bates Nos. 000259-000431.


**REQUEST FOR PRODUCTION NO. 21:** Please provide all documentation of any rules that outlines the role of the peerage, their status within the corporation including but not limited to their rights, privileges, responsibilities, authorities and powers granted to them.

**RESPONSE:** This is a Boilerplate Objection. Time and scope is addressed in the Instructions section. Defendant fail to specify exactly what rule they are quoting in the 162 pages of documentation they are in reference to.

SCA objects to the extent that this request is not reasonably limited in time or scope. Without waiver of that objection see Bates Nos. SCA_000259-000421.


**INTERROGATORY NO. 12:** Describe in detail what reported sanctions automatically go from the Society Seneschal to the BOD for consideration of further sanctions?

**ANSWER:** This is a Boilerplate Objection. Time and scope is addressed in the Instructions section. Defendant fail to specify exactly what rule they are quoting in the 162 pages of documentation they are in reference to.

SCA objects to the extent that this request is not reasonably limited in time or scope. Without waiver of that objection, see Bates Nos. SCA_000259-000421.


**REQUEST FOR PRODUCTION NO. 22:** Please provide all documentation that supports you answer to Interrogatory No. 12

**RESPONSE:**

1

See Answer to Interrogatory No. 12.

2

3

**INTERROGATORY NO. 13:** Describe in detail what criteria establishes the reason a "*Kingdom*

4

*Sanction: Exile"* from the Kingdom may be imposed.

5

**ANSWER:** This is a Boilerplate Objection.  Time and scope is addressed in the Instructions
section.

6

**SCA objects to the scope of the request as it is overly broad and unduly**

7

**burdensome. There are twenty kingdoms with thirty subgroups each.  Each has their own**

8

**documents, handbooks and other governing documents. Subject to and without waiving**

9

**the foregoing objections and further limiting the response to the Kingdom of An Tir from**

10

**2018 to present, see Bates Nos. SCA_000353-000354.**

11

12

**REQUEST FOR PRODUCTION NO. 23:** Please provide all documentation that supports your

13

answer to Interrogatory No. 13.

14

**RESPONSE:**

15

See Answer to Interrogatory No. 13.

16

17

**INTERROGATORY NO. 14:** Describe in detail what criteria establishes the reason for a

18

"*Kingdom Sanction: Temporary Removal from Participation in the Society"*.

19

**ANSWER:** This is a Boilerplate Objection.  Scope is addressed in the Instructions section.
Defendant states the rules for sanctions, however, Defendant fail to specify exactly
the criteria that establishes the sanctions rendering this a non-responsive answer.

20

**SCA objects to the scope of the request as it is overly broad and unduly**

21

**burdensome. There are twenty kingdoms with thirty subgroups each.  Each has their own**

22

**documents, handbooks and other governing documents. Subject to and without waiving**

23

**the foregoing objections and further limiting the response to the Kingdom of An Tir from**

24

25

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**2018 to present, see Bates Nos. SCA_000353-000355.**

**REQUEST FOR PRODUCTION NO. 24:** Please provide all documentation that supports your answer to Interrogatory No. 14.

      **RESPONSE:**

      **See Answer to Interrogatory No. 14.**

**INTERROGATORY NO. 15:** Describe in detail what is the corporation definition of "Sanction."

      **ANSWER:** *This is a Boilerplate Objection.  The reason for this objection is unclear.*

      **SCA objects to the scope of the request as it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections see Bates Nos. SCA_000325-000326.**

**REQUEST FOR PRODUCTION NO. 25:** Please provide all documentation that supports your answer to Interrogatory No. 15.

      **RESPONSE:**

      **See Answer to Interrogatory No. 15.**

**INTERROGATORY NO. 16:** Describe in detail what are the specific sanctions that the BOD can impose based on the bylaws as defined in the "powers of the board" prior to April 1, 2021.

      **ANSWER:** *This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Defendant fail to specify exactly what rule they are quoting.*

      **SCA objects that this request is not reasonably limited in time or scope and seeks information related to BOD sanctioning power going back over 50 years. The powers of the BOD are outlined in the bylaws which are produced as Bates Nos. SCA_000303-**

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**000309.**

**REQUEST FOR PRODUCTION NO. 26:** Please provide all documentation that supports your

answer to Interrogatory No. 16.

    **RESPONSE:**

    See Answer to Interrogatory No. 16.

> Assumes facts not in evidence.  Defendant has no reasonable expection that Plaintiffs will misues this
> information.  This question does not ask for personal, private information about the subject.  Policies
> of the SCA do not apply in litigation nor in the rules of discovery.  There is no reasonable expectation
> of privacy, and no privelage between a member of an orgnization and a Corporation.

**INTERROGATORY NO. 17:** Describe in detail what prompted the removal of Emerson Waite?

    **ANSWER:**

    SCA objects to this interrogatory to the extent that it is sought to embarrass and

harass another former SCA member and is not reasonably calculated to lead to the

discovery of admissible evidence.  Further, SCA objects to this interrogatory because

this request violated Mr. Waite's privacy and SCA's confidentiality policies.

**REQUEST FOR PRODUCTION  NO. 27:** Please provide all documentation that supports you

answer to Interrogatory No. 17.

    **RESPONSE:**

    See Answer to Interrogatory No. 17.

**INTERROGATORY NO. 18:** Describe in detail the rule that outlines behavior in/on social media

postings on private pages prior to April 2, 2021.

    **ANSWER:**

> This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Defendant
> fail to specify exactly what rule they are quoting in the 9  pages of documentation they are in
> reference to as it applies to this question.

    SCA objects to this interrogatory to the extent that it is overly broad, unduly

burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 23
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

discovery of admissible evidence to identify all behavioral rules in/on social media going back several decades.

Subject to and without waiving the foregoing objections, see Bates Nos. SCA_000422-000431.

**REQUEST FOR PRODUCTION NO. 28:** Please provide all documentation that supports your answer to Interrogatory No. 18.

**RESPONSE:**

See Answer to Interrogatory No. 18.

**INTERROGATORY NO. 19:** Please describe, in detail, what, if any civil action the SCA has ever been involved in including but not limited to all parties involved in the action, stated cause of the action, and the current disposition.

**ANSWER:** *This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Defendant fail to specify exactly what rule they are quoting in the 172 pages of documentation they are in reference to.*

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. SCA further objects to the scope of the request as it is overly broad and unduly burdensome. There are twenty kingdoms with approximately thirty subgroups each. SCA was founded over 50 years ago and it would be extremely burdensome to locate all civil actions SCA has been involved in throughout the world. Without waiving these objections, see response to RFP No. 20.

**REQUEST FOR PRODUCTION NO. 30:** Please provide all documentation that supports your answer to Interrogatory No. 19.

**RESPONSE:**

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**See Bates No. SCA_000436-000448.**

**INTERROGATORY NO. 20**: Has any Officer, including but not limited to, members of the chivalry, peerage, royalty, or other like elevated representative, or any other designated representative, been accused or convicted of any civil crime, felony or misdemeanor crime while holding office and/or warrant position within the SCA.

      **ANSWER:** *This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.*

      **SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence and is sought for the purposes of harassment and abuse. SCA is unsure what a "civil crime" is and cannot respond to that term. SCA further objects to the extent that it seeks information that is outside the control or custody of SCA. SCA further objects to the scope of the request as there are twenty kingdoms with approximately thirty subgroups each with various officers, chivalry and peerage. The request is not limited in time or scope and ostensibly seeks information going back over 50 years.**

      **Without waiving these objections, SCA does not have access to criminal records of every member, every officer, or every peer and only become aware of possible crimes when informed by other members.**

**REQUEST FOR PRODUCTION  NO. 31:** Please provide all documentation that supports your answer to Interrogatory No. 20.

      **RESPONSE:**

      **See Answer to Interrogatory No. 20.**

**INTERROGATORY NO. 21:** How many of those convicted (listed in Interrogatory No. 20) had their membership revoked and when?

**ANSWER:** This is a Boilerplate Objection.  Time and scope is addressed in the Instructions section.  Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.

SCA objects to this interrogatory to the extent that it is overly broad, unduly burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to identify each and every power or right conveyed to the Officers over the years. SCA further objects to the extent that it seeks information and documents protected by attorney-client privilege and/or work product privilege and/or information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212 (1985). SCA further objects to the scope of the request as it is overly broad and unduly burdensome. There are twenty kingdoms with approximately thirty subgroups each.  Each has their own documents, handbooks and other governing documents.

SCA is unable to answer this question as written. In an effort to provide a response, of the eighteen revocations from the Kingdom of An Tir reference above, eleven of them were for criminal convictions.


**REQUEST FOR PRODUCTION NO. 32:** Please provide all documentation that supports your answer to Interrogatory No. 21.

**RESPONSE:** Assumes facts not in evidence as it implies ill intent of Plaintiff with no documentation to support such a conclusion.

SCA objects to the production of the revocation files for the eleven former An Tir members whose membership was revoked for criminal convictions as production of those files are irrelevant, sought to harass and embarrass others, and are not likely to

**lead to the production of admissible evidence. Without waiver of that objection, see**

**Answer to Interrogatory No. 21.**

**INTERROGATORY NO. 22:** Describe in detail any rule that clearly defines Hate Speech and

the sanctions or punishments imposed.

**ANSWER:** This is a Boilerplate Objection.  Defendant fail to specify exactly what rule they are quoting in the 172 pages of documentation they are in reference to.

**Objection, this request is vague, overbroad and not reasonably limited in time or**

**space. Subject to and without waiver of that objection, see Bates Nos. SCA_000259-**

**000431.**

**REQUEST FOR PRODUCTION NO. 33:** Please provide all documentation that supports your

answer to Interrogatory No. 22.

**ANSWER:**

**See Answer to Interrogatory No. 22.**

**REQUEST FOR PRODUCTION NO. 34:** Please provide all communications and documents

that include or reference a members handbook outlining expected behavior and the penalties a

member can expect to have levied upon failure to follow the rules as listed.

**ANSWER:** This is a Boilerplate Objection.  Defendant fail to specify exactly what rule they are quoting in the 172 pages of documentation they are in reference to.  Persuant to Rule 26(b)(5) Defendants are required to state what is being claimed as privelage and how it quilifies as such.

**SCA objects to this interrogatory to the extent that it is overly broad, unduly**

**burdensome, ambiguous, vague oppressive, and not reasonably calculated to lead to the**

**discovery of admissible evidence to identify each and every power or right conveyed to**

**the Officers over the years. SCA further objects to the extent that it seeks information**

**and documents protected by attorney-client privilege and/or work product privilege**

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 27
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

and/or information collected in anticipation of litigation (see *Heidebrink v. Moriwaki*, 104 Wn.2d 392, 706 P.2d 212 (1985). SCA further objects to the scope of the request as it is overly broad and unduly burdensome. There are twenty kingdoms with approximately thirty subgroups each.  Each has their own documents, handbooks and other governing documents.

Subject to and without waiving the foregoing objections, see Bates Nos. SCA_000259-000431.

DATED this _____day of September 2023.

PREG O'DONNELL & GILLETT PLLC

By: _____
        Justin E. Bolster, WSBA #38198
        Debra Dickerson, WSBA# 20397
        Attorneys for Defendant The Society for
        Creative Anachronism, Inc., a/k/a/ SCA, Inc.

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 28
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**<u>DECLARATION OF RESPONDING PARTY</u>**

I declare under the penalty of perjury under the laws of the State of Washington that I, Lis Schraer as the Vice President for Operations of The Society for Creative Anachronism, defendant herein, am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this 7th day of September, 2023, at Saint Louis, Missouri.

By: <u>Melissa Schraer                </u>
      Melissa (Lis) Schraer

For: <u>Society for Creative Anachronism, Inc.   </u>

Title: <u>Vice President for Operations       </u>

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day the undersigned caused to be served in the manner indicated below a copy of the foregoing document directed to the following individuals:

**Counsel for Plaintiffs George DC Parker II and Lori A. Parker**:
George DC Parker II
Lori A. Parker
10710 199th Street East
Graham, WA  98338

**____   Via Messenger**
**____   Via Facsimile –**
**  X    Via U.S. Mail, postage prepaid**
**____   Via Overnight Mail, postage prepaid**
**  X    Via Court E-Service or email with recipient's approval**
  *thenorsegypsyforge@gmail.com*

DATED at Seattle, Washington, this Sep 8, 2023 _____day of September 2023.

Ana I. Todakonzie
_____
Ana I. Todakonzie

PLAINTIFFS FIRST INTERROGATORIES AND
REQUESTS TO DEFENDANT AND RESPONSES AND
OBJECTIONS THERETO - 30
11010-0002  5937538
Case No. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**Signature:** *Melissa Seneschal*

**Email:** seneschal@sca.org

**Signature:** *Ana Todakonzie*
Ana Todakonzie (Sep 8, 2023 15:31 PDT)

**Email:** atodakonzie@pregodonnell.com