HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE DC PARKER II and LORI A. PARKER,<br><br>Plaintiffs,<br><br>v.<br><br>THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,<br><br>Defendant. | Case No. 3:23-cv-05069-RJB<br><br>DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM, INC.'S RESPONSE TO PLAINTIFFS GEORGE DC PARKER II AND LORI A. PARKER'S MOTION TO COMPEL<br><br>NOTED ON MOTION CALENDAR: JANUARY 19, 2024 |

## I. RELIEF REQUESTED

Defendant SOCIETY FOR CREATIVE ANACHRONISM ("SCA") firmly disputes the allegations and arguments presented by Plaintiffs GEORGE DC PARKER II AND LORI A. PARKER ("Plaintiffs") in their Motion to Compel. Much like Plaintiffs discovery requests themselves, Plaintiffs' Motion is untimely, lacks specificity regarding what SCA's discovery responses fail to provide, and fails to address the fundamental question in any motion to compel, namely what additional relevant evidence the Plaintiffs believe they are missing.

RESPONSE TO MOTION TO COMPEL - 1
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

For these reasons, and as is more fully explained in this response, Plaintiffs' motion should be denied.

## II.     RELEVANT BACKGROUND

The SCA is an international group founded in May of 1966 with over 30,000 paid members and is incorporated as a 501(c)3 nonprofit educational organization, spread across the United States, Canada, Europe, Australia, and parts of Asia and Africa. The organization itself is further divided into twenty regions called kingdoms, with each kingdom then divided into local chapters known as Cantons, Shires, and Baronies.[1] Each of the twenty (20) kingdom has upwards of thirty subgroups. This organizational structure is provided for reference as it is important considering the breadth of the discovery requests Plaintiffs propounded and to understand why SCA objected and responded as it did.

SCA received two sets of discovery requests from Plaintiffs. The first set, received on July 8, 2023, included thirty-four (34) requests for production and twenty-two (22) interrogatories, several with multiple subparts. SCA asked for and received an extension to respond and provided its response on September 8, 2023, attempting to answer the broad and vague nature of these requests, the burden they imposed, and the relevance, or lack thereof, of what was requested. *See* Bolster Decl., ¶ 2 - ¶ 3. Of note is the lack of time frame contained in Plaintiffs requests. As read, Plaintiffs sought documents from SCA's inception in 1966 to April of 2021 – a 55-year time frame. Id. In its first responses, SCA attempted to limit its responses to three years, or from January 2018 to January of 2021. *Id*.

Despite these issues, and when including the subparts, these interrogatories exceeded the twenty-five (25)-interrogatory limit per FRCP 33. *Id*., Ex. A. Nonetheless, SCA made substantial

---

[1] www.sca.org/about last accessed January 15, 2024.

RESPONSE TO MOTION TO COMPEL - 2
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

efforts to provide detailed responses to all requests and to locate documents relevant to the discovery requested. See *Bolster Decl.*, Ex. A.

On October 8, 2023, Plaintiffs issued a second set of discovery requests to the SCA containing 22 interrogatories, which duplicated the original discovery, but now had a four-year time limit: January 1, 2017 to present. It also limited the request organizationally to the SCA society level and the Kingdom of An Tir. Bolster Decl., ¶ 4 and Plaintiffs' Ex. 2. The SCA responded, noting that Plaintiffs first discovery requested the same exact information and that the SCA had provided responses covering January 1, 2018 to present, and had limited its responses to the Society level, and the Kingdom of An Tir. Id.

At Plaintiffs' request, a Rule 26(f) conference was held on December 13, 2023. Bolster, *Id.*, ¶ 5. The SCA and Plaintiffs reached an agreement at the time of this conference to narrow the discovery scope for certain requests. This agreement included limiting the discovery period to post-January 1, 2018 and focusing on the information possessed by Kingdom of An Tir and the SCA Society level officers. SCA also committed to locating and identifying pertinent sections within previously produced documents related to certain discovery requests, and to process and produce emails involving Plaintiffs' names that could be reasonably identifiable. *Id.*, ¶ 5.

Immediately following the December 13, 2023 conference, SCA began diligently to gather supplemental information in line with what had been agreed to in the December 13 discovery conference, including detailing relevant portions of previously produced documents requested by Plaintiffs and also providing additional records. *Id.* As of the date of this response, the SCA has provided supplemental responses with this information to Plaintiffs. *Id.,* ¶6.

After learning specifically what Plaintiffs sought during the discovery conference, the SCA has now identified over four hundred (400) additional emails that may be response to Plaintiffs'

RESPONSE TO MOTION TO COMPEL - 3
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  requests. *Id.*, ¶ 7. Those emails are currently being reviewed by counsel for privilege and are being

2  Bates stamped. The SCA intends to produce responsive emails within the next two weeks, along

3  with a privilege log if necessary. *Id*. The SCA believes that it will have then produced all

4  documents responsive to discovery and agreed to at the time of the FRCP 26f conference.

### III.   ISSUES PRESENTED

6  Should Plaintiffs' Motion to Compel be denied considering SCA's efforts to comply with

7  the December 13, 2023 Rule 26(f) conference? **YES**.

### IV.   EVIDENCE RELIED UPON

9  In support of this Opposition, the SCA relies upon the Declaration of Justin E. Bolster and

10 Exhibits thereto; and the files and pleadings on record with the Court.

### V.   AUTHORITY AND ARGUMENT

12 **A.   Plaintiffs' motion is untimely.**

13 A motion to compel is only warranted after discovery has been sought unsuccessfully.

14 FRCP 26(a). This is not the case here. Discovery has been provided and is still being provided.

15 Plaintiffs nevertheless rushed to the courthouse to move to compel discovery after the SCA agreed

16 to supplement and has supplemented its responses.

17 Importantly, SCA and Plaintiffs held a discovery conference on December 13, 2023, where

18 they agreed to narrow down the terms of multiple discovery requests. By doing so, Plaintiffs tacitly

19 acknowledged their request were overbroad and unduly burdensome. Following this, SCA began

20 working to provide its First Supplemental Response to Plaintiffs' First Set of Discovery Requests

21 which was produced to Plaintiff on January 16, 2024. Bolster Decl., Ex. The exact nature of what

22 Plaintiffs now seek remains unclear, as Plaintiffs motion is devoid of any specificity regarding

23 what they are seeking or why it is germane to this lawsuit.

RESPONSE TO MOTION TO COMPEL - 4
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Given the SCA's ongoing efforts to comply with the discovery requests and the agreements reached during the discovery conference, Plaintiffs' Motion to Compel Discovery should be denied. The SCA also notes that no documents have been withheld on privilege grounds yet, and a privilege log will be provided if specific documents are withheld. The SCA did make objections to the extent the request potentially called for privileged discussions between the SCA and its attorneys regarding how to address issues on a case-by-case basis.

### B.     Plaintiffs Motion is Devoid of Specificity and Should Be Denied.

An order compelling discovery is only warranted when a party disobeys a proper request by refusing to produce relevant, non-privileged discovery. Fed. R. Cir. P. 37(a)(2). There must be a specific showing by the movant that the documents requested would lead to relevant evidence. *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Moreover, a motion to compel discovery must specifically identify the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the responses adequate. *E.g., Pappas & Sons, Inc. v. McDonald's Corp.*, 21 F.2d 773,773 (D. D.C. 1976); MOORE'S FED. PRACTICE 3D, § 37.05[5] at 37-34 (2005 ed.); L. R. 37(B)(ii) (requiring the movant to set forth "[e]ach disputed discovery request... its position and the legal authority which supports the requested relief"). The reason for this rule is straightforward, as it provides the responding party with sufficient information to know what must be done to meet the movant's discovery request. Plaintiffs have failed to meet their burden.

Plaintiffs' ten (10)-page motion does not contain identifying sections, does not claim that the SCA refused to answer discovery (presumably because it didn't), does not specify what discovery requests the SCA failed to sufficiently answer (if any), and does not indicate what is missing or what kind of information would be necessary to make the responses adequate.

RESPONSE TO MOTION TO COMPEL - 5
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Statements such as "[t]he Court should compel Defendants to answer the interrogatories" or "that "Defendants have failed to answer [Plaintiffs'] questions fully and clearly and have withheld the documents [Plaintiffs'] requested" without citation to what those might be, is not enough for the SCA to frame a meaningful response. *See* Docket ("Dkt.") 41, Plaintiffs' Motion to Compel, p. 3.

Plaintiffs have failed to explain why the requested material is relevant and not unduly burdensome or oppressive to the SCA. *See Robin Singh Educ. Servs., Inc. v. Excel Test Prep*, 2004 WL 2554454, at *2 (N.D. Cal. Nov. 9, 2004) (denying motion to compel since, inter alia, "[o]ther than the naked statement of this argument, Plaintiff does not even attempt to show how either of these two bases for relevance in fact obtain"); *Nicholas J. Murlas Living Trust v. Mobil Oil Corp.*, 1995 WL 124186, at *5 (N.D. Ill. March 20, 1995) (denying motion to compel in part since, inter alia, plaintiff failed to articulate a coherent theory which would explain how the requested information was relevant). Simply because Plaintiffs appears to be "[u]nsatisfied with Defendants' interrogatory responses, additionally unsatisfied with Defendants' September 2023 responses" does not provide grounds for a motion to compel. *See* Dkt. 41, pp. 3, 4.

Despite Plaintiffs' requests being notably over broad and vague, SCA attempted to respond in a meaningful manner limiting the timeframe of its responses to three years and limiting the breath of the requests to the subgroup Plaintiffs belonged to. This clearly shows SCA's good faith effort to comply with its discovery obligations. The SCA participated in Plaintiff FRCP 26f conference in good faith and has now supplemented its discovery responses to reflect what was agreed to by the parties. This motion is now moot and should be denied.

/ / /

/ / /

/ / /

RESPONSE TO MOTION TO COMPEL - 6
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**C.    Plaintiffs have Exceeded the Interrogatory Limit Imposed by the Federal Rules.**

In their first discovery requests, Plaintiffs propounded 22 numbered interrogatories to the SCA, most if not all containing subparts. See Plaintiffs Motion, Ex. 1. Plaintiffs second set of discovery contained 22 more interrogatories, most if not all containing subparts. Id., Ex. 2.

FRCP 33 states that unless otherwise stipulated to, interrogatories are limited to 25 total, "including discrete subparts." No such stipulation was entered by the parties. The SCA has attempted to response to all 44 interrogatory requests and subparts in good faith even though under the court rules these discovery requests were excessive. The SCA should not be compelled now to response to Plaintiffs excessive discovery.

## VI.    CONCLUSION

The SCA engaged in a good-faith approach to the discovery process, despite facing excessively broad, vague, and irrelevant requests from Plaintiffs. The SCA responded to each discovery item, maintaining compliance with FRCP. Plaintiffs have not only exceeded the permissible limit of interrogatories, but their approach has imposed a significant burden on SCA. The SCA has attempted to take a measured approach to discovery by providing all relevant information that it could reasonably locate, and Plaintiffs failed to identify what they believe is missing.

Had Plaintiffs let the discovery process play out, and had Plaintiffs given SCA time to response as agreed to at the time of the FRCP 26f conference, this motion would not be necessary. By allowing this motion to go forward, Plaintiffs have wasted judicial resources and the SCAs time in having to respond to this motion. For these reasons, the SCA respectfully requests that the Court DENY Plaintiffs' Motion to Compel.

RESPONSE TO MOTION TO COMPEL - 7
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

DATED this 16th day of January, 2024.

PREG O'DONNELL & GILLETT PLLC

By: /s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198
Debra Dickerson, WSBA# 20397
Attorneys for Defendant the Society for Creative Anachronism, Inc., a/k/a/ SCA, Inc.

RESPONSE TO MOTION TO COMPEL - 8
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

# DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiffs George DC Parker II and Lori A. Parker**:
George DC Parker II
Lori A. Parker
10710 199th Street East
Graham, WA 98338
____    **Via Messenger**
____    **Via Facsimile –**
  X    **Via U.S. Mail, postage prepaid**
____    **Via Overnight Mail, postage prepaid**
  X    **Via Court E-Service or email**
         **with recipient's approval**
         *thenorsegypsyforge@gmail.com*

DATED at Seattle, Washington, this 16th day of January, 2024.

/s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198

RESPONSE TO MOTION TO COMPEL - 9
11010-0002 5968560
No. 3:23-cv-05069-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113