UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE DC PARKER, II & LORI A PARKER,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>SOCIETY FOR CREATIVE ANACHRONISM, aka SCA and/or SCA, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cv-05069-RJB<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on the Plaintiffs' Motion to Compel. Dkt. 41. The Court has considered the pleadings filed regarding the motion and the remaining file.

The Plaintiffs, *pro se,* filed this case on January 25, 2023, asserting claims for negligence and negligent infliction of emotional distress in connection with events which allegedly occurred while the Plaintiffs were members of Defendant Society for Creative Anachronism, Inc. Dkt. 9. The Plaintiffs now move the Court for an Order compelling the Defendant to provide more

ORDER DENYING MOTION TO COMPEL - 1

complete and specific responses to their Interrogatories and Requests for Production. Dkt. 41. For the reasons provided below, the motion (Dkt. 41) should be denied.

On July 8, 2023, the Plaintiffs propounded their first set of discovery seeking responses to 22 interrogatories, not including subparts, and 34 requests for production. Dkt. 41-1. The Defendant responded on September 8, 2023. Dkt. 41-3. The Plaintiffs sent a second set of discovery on October 8, 2023, attempting to clarify their requests. Dkt. 41-2. This second set contained 22 interrogatories, not including subparts, and 34 requests for production. *Id.* This second set reduced the relevant time frame and reduced the portion of the organization about which information was sought. *Id.* The Defendant responded on November 7, 2023. Dkt. 43.

On December 13, 2023, the *pro se* Plaintiffs and Defendant's lawyers held a conference regarding the Plaintiffs' discovery requests. Dkt. 43 at 2. The parties agreed to narrow the scope of the requests, and the Defendant agreed to produce additional documents and more specifically identify relevant portions in the various documents it produced. *Id.* The Plaintiffs did not indicate that they were contemplating filing this motion. *Id.* Due to planned vacations, the Defendant did not immediately supplement its responses, but has, as of January 16, 2024, sent the responsive discovery. *Id.* at 3.

On December 29, 2023, (just 16 days after the discovery conference) the Plaintiffs filed the instant motion to compel. Dkt. 41. The Defendant opposes the motion. Dkt. 42. The motion is ripe for decision.

**DISCUSSION**

**A. MEET AND CONFER**

Fed. R. Civ. P. Rule 37(a)(1), "Motion for Order Compelling Disclosure or Discovery," provides,

ORDER DENYING MOTION TO COMPEL - 2

1   On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Local Rule for Western District of Washington 37(a)(1) additionally provides:

Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration of affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to made disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. . .

The Plaintiffs' motion to compel (Dkt. 41) should be denied. Based on the submission of the parties, they had a discovery conference and came to an agreement about how to resolve the dispute. The Defendant has now supplemented its responses. While not required, the Plaintiffs did not file a reply to the Defendant's response. Their motion should be denied.

B.  **STANDARD ON DISCOVERY GENERALLY AND ON MOTION TO COMPEL**

Rule 26(b)(1) provides: "[U]nless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection.

ORDER DENYING MOTION TO COMPEL - 3

This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to produce documents . . . as required under Rule 34."

The Plaintiffs' motion to compel (Dkt. 41) should be denied on the merits. The Plaintiffs failed to point to any particular response that was objectionable. Moreover, they attached the Defendant's responses to the first set of discovery (Dkt. 41-3) but did not provide the Defendant's responses to the second set of discovery. It is not clear that the Defendant failed to answer or properly respond to any of the discovery propounded.

**ORDER**

Accordingly, it is **ORDERED** that:

- The Plaintiffs' Motion to Compel (Dkt. 41) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 25th day of January, 2024.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING MOTION TO COMPEL - 4