Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE DC PARKER II and LORI A. PARKER,

                           Plaintiff(s),

   v.

THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,

                           Defendant(s).

NO. 3:23-cv-05069-RJB

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC.'S MOTION FOR SUMMARY JUDGMENT

**NOTE ON MOTION CALENDAR: MARCH 1, 2024**

## I. RELIEF REQUESTED

COMES NOW The Society for Creative Anachronism, Inc. ("The SCA") and asks that this Court grant summary judgment dismissing Plaintiff George DC Parker II and Lori A Parker's ("Plaintiffs") Complaint in its entirety. Plaintiffs filed their Complaint on April 17, 2023 (DKT. 9). As is more fully explained below, Plaintiffs' claimed allegations, save one, fall outside Washington's three-year statute of limitations and must therefore be dismissed because they arose before April 17, 2020. The one remaining claim, the improper removal of Plaintiff George Parker from membership with the SCA, must also be dismissed because the SCA followed its internal governing policies and bylaws when the Board voted to remove him. Moreover, the SCA

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 1
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

provided Mr. Parker with an opportunity to be heard and respond to the removal process. Finally, the SCA asks that Plaintiffs' claims for economic damages, attorneys fees and punitive damages be dismissed because Plaintiffs presented no evidence of economic loss, failed to identify a statutory or contractual basis for attorney's fees, and failed to identify any basis for seeking punitive damages in this action.

At its core, this lawsuit is about two private individuals who disagree with the internal management of a private non-profit educational organization and ask this Court to resolve an organizational dispute in their favor. Plaintiffs believe they were wronged when George Parker had his membership revoked because of the offensive posting he made on social media and disagree with the outcome of SCA's deliberative process, despite the fact the process complied with SCA's published policies and procedures. Plaintiffs' lawsuit must be dismissed in its entirety.

## II. STATEMENT OF UNDISPUTED FACTS

The SCA is a nonprofit volunteer educational organization devoted to the research and re-creation of pre-seventeenth century skills, arts, combat, culture and employing knowledge of history to enrich the lives of participants through events, demonstrations and other education presentations and activities.  DKT. 9, ¶ 8. Plaintiffs allege that they were members of the SCA for over 30-years but active in the Kingdom of An Tir from 2006 to 2021.  Id., ¶ 19. When participating in SCA events, and other pre-seventeenth century re-creation activities, Plaintiff George Parker goes by the name of Hakon Thorgeirsson, a persona he created for this purpose.[1] *Declaration of*

---

[1] Per the SCA website explaining the SCA naming conventions that are used for SCA events and activities:

"Your S.C.A. name is the name you'll use at S.C.A. activities. The S.C.A. models itself on Europe as it was before 1600 A.D., so the name you pick should be one that might actually have been used then. However, you shouldn't adopt the name of a real historical person; the S.C.A. doesn't reenact the events of those times, so historical figures don't belong at S.C.A. events. Your SCA name should also be different from your legal name, to reflect the difference between your modern and S.C.A. identities." From the SCA Website, What's in an S.C.A. Name? https://heraldry.sca.org/armory/whatis/name.html last accessed on February 2, 2024.

DEFENDANT THE SOCIETY FOR CREATIVE
ANACHRONISM INC'S MOTION FOR SUMMARY
JUDGMENT - 2
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

*Justin Bolster*, ("Bolster Decl."), Exhibit #2, Deposition of George Parker 24:2-24.

Plaintiffs filed their complaint on April 17, 2023. DKT. 9. The Complaint asserts claims for negligence which they assert include a hostile work environment, negligent infliction of emotional distress and a request for injunctive relief to reinstate Plaintiffs as lifetime members of the SCA, and to revise the Corporate documents in a manner more to their liking. *Id*. When questioned during her deposition regarding these claims and the actions/inactions Plaintiffs were complaining about, Plaintiff Lori Parker testified:

> Q: Now, what I want to know is, I want to know each of the specific issues you take with the SCA as it relates to this lawsuit. I want you to identify each of the items that you believe constitutes either the negligence or hostile work environment or whatnot related to the SCA.
>
> A: The issues we have are the hostile work environment…and the circumstances surrounding my release from the Kingdom (sic) YAFA Officer…the lack of protections that we were given when George and I were harassed by a peer, the outcome of the investigation on that, the circumstances surrounding the Baronial polling in general, and specifically the attacks made on us. And then finally, of course, the business with George's exile and later his R&D, his Relocation and Denial of membership.

Bolster Decl., Exhibit #1, Deposition of Lori Parker 28:9-14 & 29:1-12. As the Complaint and Plaintiffs' depositions confirm they are seeking redress for:

- An alleged hostile work environment related to Ms. Parker's Kingdom level volunteer YAFA[2] position that ended in October 2017; (*Id*. at 29:1-5)

- Alleged harassment by a Peer that occurred in 2019 and the outcome of the investigation related to their complaint about the same; (*Id*. at 29:6-10)

- The circumstances surrounding the Baronial polling for an appointment to a volunteer position between May and July 2019; (*Bolster Decl*., Ex. 1, 75:14-16,

---

[2] YAFA stands for Youth and Family Achievement Program. https://www.sca.org/wp-content/uploads/2019/12/YAFA-FAQ.pdf, last accessed February 6, 2024.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 3
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

DKT. 9, ¶ 26 & 27.); and

- The Revocation and Denial of Participation of George Parker ("R&D") for comments he made on a Facebook webpage on April 1, 2021 with the R&D authorized by the SCA Board on October 24, 2021. (*Bolster Decl*., Ex. 1, 29:10-12; Ex. 5).

For purposes of background and understanding, the SCA is governed by a Board of Directors who are elected by the unanimous vote of the Board who fills empty slots on a rotational basis. *Bolster Decl*., Ex. 11, Sec. VI. E. The SCA is divided into 20 different geographical Kingdoms throughout the "Known World", one of which is the Kingdom of An Tir, with the Known World further subdivided into smaller subgroups from there:

> The SCA's "Known World" (which includes the United States, Canada, Europe, Australia, and parts of Asia and Africa) is divided into twenty regions called kingdoms. Each kingdom is ruled by a pair of monarchs who have competed in a Crown Tournament to win the throne. Kingdoms contain local chapters known as Cantons, Shires, and Baronies. The members of these local chapters are the ones who actually plan and run all the events, practices, and other activities for SCA participants.[3]

The Kingdom of An Tir YAFA position mentioned above was an unpaid volunteer position for this non-profit organization. *Id*., Ex. 1, 34:4-8. According to Plaintiff Lori Parker, the hostile work environment claim is only related to time she spent appointed to the YAFA position for the Kingdom of An Tir. *Id*., Ex. 1, 37:19-22. Plaintiff Lori Parker admits she was removed from the YAFA position on October 22, 2017. DKT. 9, ¶ 22. Ms. Parker then shifted to only serving at the Society level YAFA position. Bolster Decl., Ex. 1, 37:7-13. Ms. Parker admitted at her deposition that she does not allege a claim for a hostile work environment for any actions occurring after October 22, 2017. *Id*.

---

[3] https://www.sca.org/about. Last accessed February 7, 2024.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 4
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

According to Plaintiffs, their complaint about peer harassment occurred in May and July of 2019. DKT. 9, ¶ 26 & 27 (Bolster Decl. Ex. 1, 46:23-47:7, 52:1-21, 53:8-15). Plaintiffs allege that the SCA was negligent in failing to protect them from this harassment. However, Plaintiffs fail to explain how the SCA is responsible for the conduct. Moreover, they admit the conduct they complain of amounts to nothing more than passive-aggressive behavior from other SCA members toward them:

> Q: …And what kind of attacks were you, were you suffering? When somebody says, "I felt attacked," it could mean a lot of different things. I want to know, to the best of your recollection, what were the actual attacks that you felt you were suffering at that time?
>
> A: Well, I had a personal instant message conversation with Jonnalyhn, who was -- her and Francisca would constantly say things like, you know, "You need to leave us alone. We're doing our job. You know, you need to be more accepting."
>
> Francisca was a postal carrier at the time and I was asking for reports, and they jumped down my throat because Francisca had a job that she couldn't get to it right away, even though it had been a week.
>
> It's just stuff like that, the nit-picking that went on. Nothing that we said was without comment, and their comments were basically negative.
>
> Q: So it sounds like it was a lot of, you know, negative comments, putting you off, putting you down in general; is that fair?
>
> A: Yes. We're very, again, to you use your word, passive-aggressive behaviors on their part.
>
> Q: Were there any comments that were made towards you and George, other than calling George a Nazi and calling you, you know, abusive? Let's set those comments aside. Were there other comments that were made, that you know, would be something that you would consider patently offensive?
>
> A: You know, I can't recall the specifics, but I kind of, you know, I'm feeling like yeah, there probably were several that were offensive, as in, they were maligning my position as YAFA Officer.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 5
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

> I was also a Baronial Herald at one point, and there was a lot of that passive-aggressive stuff that went on there too. In general, it's hard to be really specific, because it's a couple of years ago now, and it's just this vague feeling of, like I said, every time we said something, somebody would get up there and drag us down.
>
> …
>
> Q: And what was being said on those, on those postings?
>
> A: You know, it wasn't anything, but again, so this is how they play their game. It was not actionable. It was, like you said, passive-aggressive. It was very passive-aggressive. It was kind of snarky, nothing that you could really sit there and say that this is enough to complain about.

*Bolster Decl.*, Ex. 1., 64:20-66:8; 68:16-23).

The polling for the Baron and Baroness positions took place in June and July of 2019. *Bolster Decl.*, Ex. 1, 75:14-16, DKT. 9, ¶ 24. Plaintiffs lodged a complaint with the SCA regarding the alleged harassment activities. The complaint resulted in an investigation that resulted in both the Plaintiffs, and another member who was a peer, being suspended from posting on the Facebook page for the barony of Blatha an Oir in February of 2020. *Bolster Decl.*, Ex. 1, 75:17-25.

On April 1, 2021, Plaintiff George Parker posted an offensive comment publicly on another member's Facebook page wherein the members were using their SCA persona. *Id.*, Ex. 3, Comment from George Parker. That comment led to the exile of Plaintiff George Parker from the Kingdom of An Tir and subsequent removal of him from SCA membership. The specific comment is offered by Mr. Parker using the name he uses for SCA events on the Facebook page of Maude Louisiana d'Orleans (the SCA persona for LaToya Johnson) as follows:

/ / /

/ / /

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 6
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113



> Hakon Thorgeirsson
> To those who support my stand, thank you. To those who are interferent or don't understand it, I would encourage you to re-read the comments wherein I'm being called "sis dude" and tell me that that term isn't being used as much as an insult as calling a homosexual a homo or a fag. All you faggots can stick your reticule and scorn up your collective asses along with everything else you seem to like to stick there.
>
> 32 mins   Like   More

*Bolster Decl.*, Ex. 2, George dep at 83:9-22, Ex. 3.

The Crown of An Tir received at least two complaints from members of the Kingdom complaining about this posting. *Bolster Decl.*, Ex. 6. The SCA has a published manual entitled *Sanctions Procedures and Policies*. ("SPP"). *Id.*, Ex. 4. The purpose of a sanction as outlined in this manual is to "protect the SCA and participants by removing or limiting the participation of an individual who has violated the published rules and policies of the SCA, Kingdom law or modern law." *Id.*, Sec. 1, B.

SCA defines Hate Speech in in its Organizational Handbook:

> Hate speech is not tolerated in the Society. **Hate speech is speech or symbols that offend, threaten, or insult individuals or groups**, based on race, color, religion, national origin, **sexual orientation**, disability **or other traits**. Such symbols and speech have no essential part of any discussion of ideas and are of so little value to the Society that any benefit that may be derived from them is clearly outweighed by the harm caused. **The use by any participant in the Society may result in possible sanctions up to and including revocation of membership and denial of participation**.

*Id.*, Ex. 11, Grievances and Sanctions, Sec. X. A. 4 (Bold added). It was determined by the Crown, and later the SCA Board, that the language used in George Parker's comment (*Decl. Bolster*, Ex. 3) constituted hate speech pursuant to the definition stated above.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 7
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

There are differing types of sanctions that can be imposed depending on whether the sanction issues from the SCA Board, or from the "Crown" of a specific Kingdom. The Crown may impose a royal sanction against an individual for violation of any provisions of SPP, SCA Corporate Documents and/or Kingdom Law, including exile from the Kingdom for the duration of the Crown's term. *Bolster Decl.*, Ex. 4, X. 2, Sec. 3, C. The Kingdom Seneschal is required to notify or make a reasonable attempt to notify the sanctioned person via email or telephone as soon as possible and must also notify the sanctioned person by certified postal mail within 15 days of the announcement in Royal Court. *Id.*, Sec. 4, A. 1. George Parker was notified by email of the exile the day after he posted his email, on April 2, 2021, and also received certified mail that he had been exiled. *Bolster Decl.*, Ex. 7 (SCA_000136-137). DKT. 9, ¶ 35.

Mr. Parker's exile was elevated to the SCA's Board of Directors for review as per SCA policies. As part of the review process, on April 8, 2021, Mr. Parker provided a five (5) page written statement defending/explaining his actions and thought process that was considered by SCA's board before affirming the exile. *Bolster Decl.*, Ex. 8. Mr. Parker was also told he had the right to provide any additional information he wanted the Board to consider by May 20, 2021. *Id*. The Board voted to affirm the exile and recommend an investigation into revocation of Mr. Parker's membership and denial of future participation ("R&D") on May 25, 2021. *Bolster Decl.,* Ex. 9.

By letter dated May 27, 2021, Plaintiff George Parker was notified that the exile was upheld and of the investigation into additional sanctions up to and including R&D on behalf of the Board of Directors of SCA. *Bolster Decl.,* Ex. 10.  SCA policies confirm that the Board has the discretion to take any action the Board finds necessary under the circumstances. *Bolster Decl*, Ex.3, Sec. 4, D, 3, b., 4. Mr. Parker admits he was given the opportunity to respond to the proposed R&D either in writing or by Zoom or telephonic interview. *Bolster Decl.*, Ex. 2, 86:16-87:5. Mr. Parker opted to provide a written response that the Board considered before voting to R&D Mr. Parker.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 8
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

*Id*. The Board voted to R&D Plaintiff George Parker in October of 2021.  DKT. 9, ¶ 41.

Any person who receives a Kingdom Sanction may appeal to the Board of Directors. Bolster Decl., Ex. 4, Sec. 5, A. 1. Appeals may only be filed if there exists either sufficient evidence to conclude the Board would have reached a different decision had the evidence discovered been reviewed by the Board or a discovery of a material error of fact. *Id*., Sec. 5, B. 2. According to the bylaws, the Board is the ultimate determiner and arbiter of the rules of the Society. *Id*., Sec. 5, B. 3.

On January 15, 2022, Plaintiff George Parker submitted his appeal to the office of the vice President Seneschal of the SCA. DKT. 9, ¶ 42. The SCA, in reviewing his appeal, determined Mr. Parker failed to include new information as required by SCA rules and denied the appeal. *Id*., ¶ 44.

Plaintiffs now seek monetary damages related, in part, to their business, The Norse Gypsy Forge. According to their complaint, Plaintiffs seek "damages in excess of $150,000 together with costs, interest, punitive damages and attorney's fees as permitted by law". DKT. 9, III Relief. Plaintiffs claim loss to their business, the Norse Gypsy Forge, but admit they are not able to produce any documents that would identify profits or expenses and further admit that they believe damages to their business are not recoverable. *Bolster Decl,* Ex. 1, 107:16-22, 128:19-20. They have no documents that identify how much profit this business received in a given year.  *Id*., Ex. 4, Deposition of George Parker, 95:9-13.  According to Plaintiff George Parker, The Gypsy Forge was really a hobby, not a business.  Id., 95:12-13.

Plaintiffs have further admitted that there is no rule or statute they are relying on that allows them to seek an award of punitive damages.  *Id*., Ex. 1, 134:6-16.

/ / /

/ / /

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 9
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

### III. STATEMENT OF ISSUES

1. Should Plaintiffs claim of negligent actions of the SCA that took place before April 17, 2020 be dismissed because they are barred by the three-year statute of limitations? Answer: <u>Yes</u>.

2. Should Plaintiffs claim of negligent actions of the SCA resulting in Plaintiff George Parker's R&D be dismissed because the SCA followed its own by-laws? Answer: <u>Yes</u>.

3. Should Plaintiffs claim of economic business loss, attorney's fees and punitive damages be dismissed for lack of evidence or any statutory basis for the same? Answer: <u>Yes</u>.

### IV. THE LAW

**A. Summary Judgment Standard.**

Fed. R. Civ. P. 56(a) provides:

> A party may move for summary judgment, identifying each claim … on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

*See also Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A determination whether a fact is material is governed by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* At, 248-50. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex,* 477 U.S. at 322. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation,* 497 U.S. 871 (1990). The burden then shifts to the non-movant to affirmatively put forward evidence demonstrating that there is a genuine dispute of material fact. Summary judgment should not be denied unless the evidence is such that a reasonable jury

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 10
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

"might return a verdict" in the non-movant's favor. *Anderson,* 277 U.S. at 247; *see also Matsushita Elec. Indus. Co.,* 475 (1986).

All but one of Plaintiffs' complaints fall outside the three-year statute of limitations and must be dismissed. The only remaining claim, the R&D of Plaintiff George Parker, must also be dismissed because the SCA followed its own by-laws/guidelines in revoking his membership and denying him future participation, and Plaintiffs fail to present any evidence how that conduct rises to a cognizable claim under federal or state law. Finally, Plaintiffs offer no support for their economic business losses, punitive damages or claim for attorney's fees. If any of Plaintiffs' claims survive summary judgment, the SCA asks that their economic damage claims also be dismissed as their alleged economic injuries are speculative.

**B**.   **Plaintiffs' Negligence and Negligent Infliction of Emotional Distress Claims are Largely Barred by the Three-Year Statute of Limitations**.

An action for injury to a person or rights of another <u>shall</u> be commenced within three years. RCW 4.16.080 (emphasis added).

Plaintiffs filed their complaint on April 17, 2023. DKT. 9.  Claims made for negligence acts that took place before April 17, 2020 do not fall within the three-year statute of limitations and must now be dismissed. This includes Plaintiffs' claims made regarding Plaintiff Lori Parker's hostile work environment allegation while in the Kingdom YAFA position (2017), the claimed lack of protection when harassed by a peer or peers (2019), the outcome of the investigation into that harassment (communicated February 2020), and the circumstances surrounding the Baronial polling (2019).  These claims occurred more than three years before Plaintiffs filed this lawsuit on April 17, 2023, and must now be dismissed. Plaintiff did not allege any conduct, other than that related to the R&D, that occurred after April 17, 2020. The above identified claims must be dismissed.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 11
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

### C. Plaintiffs Fail to Identify a Duty or Any Actionable Conduct Against SCA.

Moreover, Plaintiffs fail to identify any duty owed by SCA to them that was breached. At most, Plaintiffs take issue with conduct that they agree rises to nothing more than passive-aggressive behavior that they did not like. *Bolster Decl.*, Ex. 1., 64:20-66:8; 68:16-23. The alleged conduct simply does not rise to the level of a cognizable claim, even if they identified some conduct occurring after April 17, 2020. *See generally E.E.O.C. v. Prospect Airport Services, Inc.*, 621 F.3d 991, 998-99 (9th Cir. 2010) (In at Title VII context noting that not all abusive language rises to the level of a cognizable claim in the workplace because "Title VII is not a 'general civility code.' …A violation is [only] established when the unwelcome [] conduct is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'") (internal citations omitted). Plaintiffs failed to identify any conduct that rises to the level of creating liability for an employer under Title VII, let alone create liability for the SCA for some interpersonal disputes between members who can decide on their own whether or not to interact with each other.

Finally, Plaintiffs failed to identify any conduct of an officer of the SCA, that could be imputed to the SCA, to establish liability. While Plaintiffs take issue with comments made by various "peers", SCA peers are simply individuals who have been recognized to have certain character traits and are not official officers of the SCA. As Lori Parker confirmed at her depositions, peerage "…is a Society-level award given by Kingdoms, so it holds status within the Society as a whole.  However, they're not officers…" *Bolster Decl.* Ex. 1, 43:14-25.

### D. Plaintiff George Parker's Claims Regarding his R&D Must Be Dismissed as Untimely and Because the SCA Followed Its Own Bylaws.

The relationship between a social club and its members is one of contract. *Garvey v. Seattle Tennis Club*, 60 Wn. App. 930, 934, 808 P. 2d 1155 (1991) citing *Schroeder v. Meridian Imp. Club*, 36 Wn. 2d 925, 933-34, 221 P. 2d 544 (1950).  When Courts intervene in the internal

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 12
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

affairs of a social club its only to determine whether the club violated its own rules. *Garvey*, 60 Wn. App. 934. Constitutional due process does not apply to private actions or to social clubs. *Id*. at 935. In *Garvey*, Washington's appellate court cited with approval *Hartung v. Audubon Country Club, Inc.*, 785 S.W.2d 501, 503 n. 1 (Ky.App.1990), which recognized that:

> In the context of a subsequent expulsion of a club member whose initial expulsion was invalid, "[t]he Court's only directive in this regard is that any decision must be rendered in good faith and not in malice which simply means that [the member] must be accorded a fair hearing and fair decision." *Jackson v. American Yorkshire Club*, 340 F.Supp. 628, 636 (N.D. Iowa 1971)

As would be expected, the only question should be whether SCA acted with malice. *Id*. Plaintiffs have not presented any evidence that SCA acted with malice here mandating dismissal of this claim. *Id*. Moreover, Mr. Parker was given an opportunity to be heard and to present any evidence he wanted.

In response to discovery, Plaintiffs rely on RCW 24.03A.375 as the basis and support for their negligence claim against the SCA for Plaintiff George Parker's R&D. *Bolster Decl.*, Ex. 12, *Plaintiffs answers to Defendants First Interrogatories*, Int. 13. Setting aside Plaintiffs' reliance on Washington' Nonprofit Corporation Act[4] regarding a California nonprofit, Washington's statute only applies to Membership Organizations as defined in the statute. According to Plaintiffs, their claim that the SCAs negligence pursuant to that statute is found under the section entitled: Termination and Suspension of Membership, paragraph 1, which reads:

> (1)   A membership in a membership corporation may be terminated or suspended for the reasons and in the manner provided in the articles or bylaws.

/ / /

---

[4] Defendant acknowledges that RCW 24.03A.035 notes that a foreign nonprofit corporation registered as of December 31, 2021, is subject to this chapter but does not need to obtain a new statement of registration. However, all acts alleged in this matter occurred before December 31, 2021, rendering that portion of the statute moot.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 13
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Plaintiffs do not expound on this section, explain how Washington's scheme applies to a foreign nonprofit, or outline how the SCA violated its own bylaws. But more importantly, Plaintiffs fail to cite this entire statute, and have conveniently failed to note paragraph (5) of that statute that requires any claim brought under it must be asserted within one (1) year:

> (5) A proceeding challenging a termination or suspension for any reason must be commenced within one year after the effective date of the termination or suspension.

The SCA removed George Parker from membership in October 2021. Under RCW 24.03A.375, he had until October 2022 to file this lawsuit. If this Court agrees with Plaintiffs that this statute applies, then the claim that the SCA should not have exiled or removed George Parker from membership is also untimely.

Regardless, the SCA followed its own bylaws in the removal of Plaintiff George Parker. The SCA had sole authority to determine which speech was hate speech under its bylaws. Once doing so, the SCA gave George Parker immediate notice (within 24 hours) of his exile and sent him a certified letter within 15 days. DKT. 9, ¶ 35. The SCA then conducted an investigation under its bylaws, provided Mr. Parker with an opportunity to respond orally and/or in writing, and ultimately determined that Plaintiff George Parker should be R&D'd. Just because Plaintiffs do not agree or like the decision made by the SCA does not mean the SCA failed to follow its own bylaws. There is no triable issue of fact that prevents this Court from dismissing Plaintiffs claims against the SCA regarding Plaintiff George Parker's R&D. For these reasons, this negligence claim should also be dismissed.

**E.    Plaintiffs' Alleged Damages are not Recoverable.**

If this Court determines that any of Plaintiffs claims survive summary judgment, Plaintiffs economic loss, attorney fees and punitive damage claims should still be dismissed. Plaintiffs admit they have no evidence that their business, the Norse Gypsy Forge, suffered any economic

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 14
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

loss. Plaintiffs have not identified a statutory or contractual basis for attorney's fees. Further, Plaintiffs are representing themselves and no attorney has appeared on their behalf so there are no attorney's fees related to this matter. Exemplary or punitive damages are generally not recoverable under Washington law unless expressly authorized by statute. *Grays Harbor Cty. V. Bay City Lumber Co.*, 47 Wn.2d 879, 289 P.2d 975 (1955); *Anderson v. Dalton*, 40 Wn.2d 894, 898, 246 P.2d 853, 35 A.L.R.2d 302 (1952). Plaintiffs admit they are unable to identify a statute that allows them to recover punitive damages. *Bolster Decl.*, Ex. 1, 134:6-13. Plaintiff's claims for economic losses, attorney's fees and punitive damages must be dismissed.

## V.  CONCLUSION

The majority of the complaints made by Plaintiffs are outside the three-year statute of limitations and should now be dismissed. The burden of proof rests with Plaintiffs. They claim that their allegations regarding George Parker's R&D fall under RCW 24.03A.010 yet ignore the portions of that statute they don't like – namely their requirement of filing the lawsuit within one year. There is no triable issue of fact that the SCA violated its bylaws in removing George Parker from its membership or that it acted with malice. This case is ripe for summary judgment and the SCA respectfully asks that this Court to dismiss Plaintiffs' Complaint with prejudice.

I certify that this memorandum contains 4,642 words in compliance with the Local Civil Rules.

DATED this 8th day of February, 2024.

PREG O'DONNELL & GILLETT PLLC

By /s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198
Debra Dickerson, WSBA# 20397
Attorneys for Defendant The Society for Creative Anachronism, Inc., a/k/a/ SCA, Inc.

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 15
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiffs George DC Parker II and Lori A. Parker**:
George DC Parker II
Lori A. Parker
10710 199th Street East
Graham, WA  98338

\_\_\_  **Via Messenger**
\_\_\_  **Via Facsimile –**
_X_  **Via U.S. Mail, postage prepaid**
\_\_\_  **Via Overnight Mail, postage prepaid**
_X_  **Via Court E-Service or email to:**
*thenorsegypsyforge@gmail.com*

DATED at Seattle, Washington, this 8th day of February, 2024.

/s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198

DEFENDANT THE SOCIETY FOR CREATIVE ANACHRONISM INC'S MOTION FOR SUMMARY JUDGMENT - 16
11010-0002  5971677
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113