# EXHIBIT 12

1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RECEIVED
SEP 0 1 2023
Preg O'Donnell & Gillett

3

4

GEORGE DC PARKER II and LORI A.
PARKER,

NO. 3:23-cv-05069-RJB

5

Plaintiff(s),

PLAINTIFFS ANSWER TO
DEFENDANT FIRST
INTERROGATORIES

v.

6

7

THE SOCIETY FOR CREATIVE
ANACHRONISM, INC., a/k/a/ "SCA" or
"SCA, Inc.", et.al,

8

Defendant(s).

9

10

## PLAINTIFF STATEMENT

**The following statements are subject to revision, modification or correction in light of new**

11

**evidence or circumstances. Plaintiffs reserve the right to amend, alter or otherwise change**

12

**responses should new information become available.**

13

**All instances of emphasis (color, bold, italics, etc) are the Plaintiffs to illustrate salient**

14

**points and to bring attention to relevant excerpts.**

15

16

## I.    INTERROGATORIES AND REQUESTS FOR PRODUCTION

**INTERROGATORY NO. 1**: State your full name and any other names by that you have been

17

known during the last ten years, your present address, date of birth, place of birth, name of

18

spouse(s), date(s) of marriage, and Social Security number. In addition to your present address,

19

state all other addresses at which you have resided for the past ten years and the dates you

20

resided at each address. [NOTE: To protect privacy concerns, the Social Security number may be

21

provided separately from the Answers to these Interrogatories.]

violation of Plaintiff's rights and a breach of the SCA's own rules and procedures.

**ANSWER**: See additional Documentation

**REQUEST FOR PRODUCTION NO. 7**: Please produce all documents that relate directly or indirectly or support your response to Interrogatory No. See additional Documentation

**INTERROGATORY NO. 12**: Identify any and all facts or evidence you have that the SCA was aware of or perceived you to have a disability.

**ANSWER**: Kirsten Chow (via Bullying and harassment statement- attached)

Included in emails to the Board of Directors

Included in emails to the society seneschal

Provided to investigator verbally informed Beth Park and other members of the group known as Blatha An Oir

**INTERROGATORY NO. 13**: Set forth in detail each complaint you made regarding SCA's alleged unlawful conduct or behavior, including, but not limited to, date, name of person whom you complained to, description of the complaint, witnesses to each event and complaint, if any investigation was conducted, and the findings or conclusions of any investigation.

**ANSWER**:

WAC 296-128-770

Retaliation.

(1) It is unlawful for an employer to interfere with, restrain, or deny the exercise of any employee right provided under or in connection with chapter 49.46 RCW. This means an employer may not use an employee's exercise of any of the rights provided under chapter 49.46 RCW as a negative factor in any employment action such as evaluation, promotion, or termination, or otherwise subject an employee to discipline for the exercise of any rights provided under chapter 49.46 RCW.

<snip>

4) Adverse action means any action taken or threatened by an employer against an employee for their exercise of chapter 49.46 RCW rights, which may include, but is not limited to:

(a) Denying use of, or delaying payment for, paid sick leave, minimum wages, overtime wages, all tips and gratuities, and all service charges, except those service charges itemized as not being payable to the employee or employees servicing the customer;

(b) Terminating, suspending, demoting, or denying a promotion;

The corporation's officers acted unlawfully by letting Tami Hayes fire Lori Parker from YAFA for the kingdom, even though they were aware of the problems and complaints involving Tami Hayes. This was a clear case of retaliation against Lori Parker.

RCW 9A.08.010: General requirements of culpability.

   *General requirements of culpability.*

      *(1) Kinds of Culpability Defined.*

         *(a) INTENT. A person acts with intent or intentionally when he or she acts*

*with the objective or purpose to accomplish a result which constitutes a crime.*

*(b) KNOWLEDGE. A person knows or acts knowingly or with knowledge when:*

> *(i) He or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or*
>
> *(ii) He or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.*

*(c) RECKLESSNESS. A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and his or her disregard of such substantial risk is a gross deviation from conduct that a reasonable person would exercise in the same situation.*

*(d) CRIMINAL NEGLIGENCE. A person is criminally negligent or acts with criminal negligence when he or she fails to be aware of a substantial risk that a wrongful act may occur and his or her failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable person would exercise in the same situation.*

*\(2) Substitutes for Criminal Negligence, Recklessness, and Knowledge. When a statute provides that criminal negligence suffices to establish an element of an offense, such element also is established if a person acts intentionally, knowingly, or recklessly. When recklessness suffices to establish an element, such element also is established if a person acts intentionally or knowingly. When acting*

*knowingly suffices to establish an element, such element also is established if a*

*person acts intentionally.*

*(3) Culpability as Determinant of Grade of Offense. When the grade or degree of*

*an offense depends on whether the offense is committed intentionally, knowingly,*

*recklessly, or with criminal negligence, its grade or degree shall be the lowest for*

*which the determinative kind of culpability is established with respect to any*

*material element of the offense.*

*(4) Requirement of Wilfulness Satisfied by Acting Knowingly. A requirement that*

*an offense be committed wilfully is satisfied if a person acts knowingly with*

*respect to the material elements of the offense, unless a purpose to impose further*

*requirements plainly appears.*

The Plaintiffs maintain that the SCA officers showed intent by failing to address their complaints about the bullying, harassment and retaliation they faced from other officers, members and peers, and by minimizing their grievances.

Plaintiffs maintain the corporation's officers possessed sufficient evidence, including screenshots of conversations, that a rational person would regard as factual, proving knowledge as well as intent.

According to the complaint DKT 9, the corporation's officers knowingly disregarded the risks to Plaintiffs, failed to intervene when their colleagues harmed their reputation and business, and downplayed the consequences of those harms.

RCW 9A.08.030:  Entity and personal liability.

*(1) As used in this section:*

*(a) "Agent" means any director, officer, or employee of an entity, or any other person who is authorized to act on behalf of the entity;*

*(b) "Entity" includes any domestic entity formed under or governed as to its internal affairs by Title 23, 23B, 24, or 25 RCW or any foreign business entity formed under or governed as to its internal affairs by the laws of a jurisdiction other than this state;*

*(c) "Governor" has the same meaning as provided in RCW 23.95.105.*

*(d) "High managerial agent" means a governor or person in a position of comparable authority in an entity not governed by chapter 23.95 RCW, and any other agent who manages subordinate employees.*

*(2) An entity is guilty of an offense when:*

*(a) The conduct constituting the offense consists of an omission to discharge a specific duty of performance imposed on entities by law; or*

*(b) The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or tolerated by a high managerial agent acting within the scope of his or her duties and on behalf of the entity; or*

*(c) The conduct constituting the offense is engaged in by an agent of the entity, other than a high managerial agent, while acting within the scope of his or her duties and on behalf of the entity and*

*(i) the offense is a gross misdemeanor or misdemeanor, or*

*(ii) the offense is one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on an entity.*

The kingdom and society seneschal authorized and permitted the flawed investigations, despite being aware of the policy violations. Plaintiff showed evidence and SCA corporate documents excerpts to prove the violations, but the seneschal and Board of Directors (cc'd on the email) disregarded them. See documentation attached.

*RCW 24.03A.340*

*Rights and obligations.*

*(1) The members of a membership corporation have only those rights, privileges, powers, or obligations specifically given or assigned to members in the articles, the bylaws, or RCW 24.03A.450.*

*Corp Policies 8.12.2018*

*B. Non-Statutory Members*

*The Board of Directors has designated the following categories of advisory membership. Such advisory members are not members within the meaning of Section 5056 of the California Corporations Code. California law supports the SCA's use of the terms "member" and "membership" in the common English meaning, referring to persons who have paid to be associated with the organization.*

*1. Sustaining Membership conveys eligibility to hold office in the SCA, a subscription to a Kingdom newsletter, the option to subscribe to other Corporate publications, and any other privileges designated by the SCA or its subdivisions as accruing to members of the SCA. This type of membership is considered a*

*subscribing membership.*

*...*

*3. Associate Membership conveys eligibility to hold office in the SCA, except where other membership categories are required Governing Documents. Associate membership also entitles the holder to any privileges designated by the SCA or its subdivisions as accruing to members of the SCA, except where another membership type is specifically required by the organization defining the privilege. This type of membership is not considered a subscribing membership.*

*...*

*II. GENERAL CONDITIONS AND PRIVILEGES OF MEMBERSHIP*

*A. Access to Membership*

*Membership in the SCA is open to any interested individual, without restriction of age or citizenship. Membership can be terminated only by:*

*1. lapse following nonpayment of dues, or*

*2. action of the Board of Directors.*

*Memberships are not transferable or assignable.*

*B. Privileges of Members  Every natural person holding membership in the SCA is eligible for office and advancement within the SCA, subject to the requirements for such office or advancement, and to the provisions established above. A group or institution may obtain a membership of the types listed in V.B.1-3 in order to obtain the newsletters and/or increase its support of the SCA; such membership does not convey the privileges of membership to any individual associated with that group or institution.*

The corporate documents specify the policy and procedures that the officers of the organization must adhere to. Plaintiff George Parker, as a mere member, did not have such obligations. The officers of the corporation breached their duties by not complying with the policy as stated.

*RCW 24.03A.375*

*Termination and suspension of membership.*

*(1) A membership in a membership corporation may be terminated or suspended for the reasons and in the manner provided in the articles or bylaws.*

See above. Plaintiffs have answered this is question 7

Plaintiff Lori Parker, as an officer of the organization, was entrusted with the responsibility of safeguarding its interests and reputation. However, Plaintiff Lori Parker also deserved to work in a safe and respectful environment. The SCA failed to protect Plaintiff Lori Parker from harassment and retaliation by Tami Hayes. David Keen and A.J. Pongrantz were aware of the situation, but they did not take any action to stop it. This is unacceptable and violates the organization's policies and values. See documentation attached.

Instead of addressing the possible actionable threats (as noted by Stacy Hall, DKT 34.2) the corporation instead chose to archive the Facebook page (Blatha An Oir Populace Page) where they occurred, and did NOT inform Plaintiffs of said threats, or inform appropriate law enforcement agency, in short, actively covering up possible legally actionable content.

Documentation emails attached

*RCW 24.03A.495*

*Standards of conduct for directors.*

*(1) Each director, when discharging the duties of a director, shall act:*

*(a) In good faith;*

*(b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and*

*(c) In a manner the director reasonably believes to be in the best interests of the nonprofit corporation.*

The Board acted negligently and in bad faith when it conducted a flawed investigation that led to the expulsion of a member based on a single remark and unsubstantiated allegations of previous misconduct. The investigation relied on hearsay evidence to "prove" "prior bad acts" that would have been dismissed as unreliable and irrelevant by any reasonable person. The Board's decision did not benefit the organization in any way, but rather harmed it by depriving it of the valuable contributions of both Plaintiffs, who were active and generous members of the Society, giving their time and artistic talents to benefit their local groups. Plaintiff Lori Parker had been society YAFA officer (stepping down after being notified that the Board would investigate Plaintiff George Parker for R&D), donated to their local chapters, organized events, held offices and more. See resumes attached.

The evidence already submitted shows that Plaintiff George Parker, expressed remorse for his post and had removed it before the complaint reached the kingdom. George Parker confirmed his remorse in his email appeal against the kingdom exile and in Stacy Hall's Q&A. He had already taken measures to correct his conduct, as documented on the DEI web page (see attached

screenshot). However, the SCA continued to single him out by launching an investigation after the exile, a step that had not been taken for any other exiles. This indicates a clear prejudice on the part of the SCA officers.

**Plaintiff was unjustly exiled, and later had membership revoked by the SCA based on a non-existent post.** The post in question had been deleted by Plaintiff before the SCA took any action against him. Therefore, the SCA had no valid grounds to exile Plaintiff. This is a clear violation of Plaintiff's rights and a breach of the SCA's own rules and procedures.

**INTERROGATORY NO. 14**: Identify any and all statements by individuals you understand or understood to be SCA Board Members, Administrators, Peerage, or other representatives of the SCA at the Society levor or the Kingdom of An Tir that you contend are discriminatory or demonstrate an animus towards you or your alleged disability. Identify whether the statement was oral or written and how it was conveyed to you.

**ANSWER**:

Defendants DKT 34.2. Copy of Exhibit with notes included.

Email: Liz Schraer- 2 Sept 2021 copy attached

See emails and other documentation

Denise Coyle (Nykkyra) multiple adversarial postings on BAO page See attached

The officers of the SCA failed to even address complaints or allegations made by Plaintiffs in emails or other correspondence.

Plaintiffs expect to be able to answer this more fully as Defendants supply additional information that has been unavailable to Plaintiffs, such as the deliberately hidden BAO populace package

See responses above

See documentation provided

SCA has access to modern names, addresses and other contact information not accessible by Plaintiffs via the membership rolls.

 As the discovery process unfolds and new facts emerge, the plaintiffs may need to modify or supplement their answer. Therefore, the Plaintiffs reserve the right to do so as permitted by the applicable rules and procedures.

## II.    RESERVATION

Plaintiffs reserve the right to call all witnesses or present any documents identified by Defendants in this action. Plaintiff has made a good faith effort to comply with the requirements of Rule 26(a)(1), but Plaintiffs must reserve the right to supplement, modify, amend, alter or otherwise change these disclosures should new information become available.

Dated: August 30, 2023

Respectfully submitted,

George DC Parker II, and

Lori A Parker