Honorable Robert J. Bryan

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE DC PARKER II and LORI A. PARKER,

                        Plaintiff(s),

v.

THE SOCIETY FOR CREATIVE ANACHRONISM, INC., a/k/a/ "SCA" or "SCA, Inc.", et.al,

                        Defendant(s).

NO. 3:23-cv-05069-RJB

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER

COMES NOW The Society for Creative Anachronism (SCA) and submits this Reply to *Plaintiffs Opposition to Defendants Motion for Summary Judgment*, and moves the Court to strike the "declaration" of Lori Parker, DKT 48, as it is unsworn and contains no facts.

**A. Defendant SCA Moves to Strike the "Declaration of Lori Parker in Opposition to Motion for Summary Judgment" DKT 48.**

An affidavit is defined as "[A] voluntary declaration of facts written down and sworn to by a declarant, usu. before an officer authorized to administer oaths." Black's Law Dictionary, Eleventh Edition, Copyright 2019. Where a matter may be proved by affidavit it may be proved

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 1
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

with like effect by an unsworn declaration, certification, verification or statement, in writing of such person which is subscribed by him as true under penalty of perjury, and dated. 28 USC §1746.

The Declaration of Lori Parker, submitted by Plaintiff as DKT 48 is not sworn under oath, nor does it contain any specific facts. Rather the document states in a conclusory fashion what she purportedly believes the SCA documents state and self-servingly concludes that she was subject to harassment. Ms. Parker does not identify any specific instances of conduct, nor does she provide specific facts demonstrating the existence of a genuine issue of material fact. Ms. Parker's "declaration" was not taken before a notary or other person having authority to administer an oath or affirmation and therefore does not meet the definition of an affidavit. Similarly, her "declaration" was not subscribed by her to be true under penalty of perjury. It failed to meet the requirements of 28 USC §1746 for an unsworn declaration.

Furthermore, other than the corporate documents of the SCA, the attachments appended to Plaintiffs' opposition, DKT 47, are unauthenticated hearsay. Fed.R.Evid. 801, 802, 901. Plaintiffs' opposition did not meet the requirements of FRCP 56(e) because they failed to submit either an affidavit or unsworn declaration disputing the facts presented by SCA, which conclusively justified granting SCA's motion. Ms. Parker's "declaration" must be stricken.

**B. Plaintiffs' Request to Delay Defendant's Motion for Summary Judgment to Conduct Additional Discovery Must be Rejected Because Discovery Closed.**

Plaintiffs request that the Court to delay ruling on SCA's motion for summary judgment because they need additional time to conduct additional discovery, and to give them additional time to review and correct their deposition testimony, must be denied. DKT 47. Plaintiffs request fails to recognize that the discovery cutoff elapsed on February 5, 2024, and the deadline for filing a motion for summary judgment is March 5, 2024 – four days after the current motion is set for hearing. DKT 38. For these reasons alone, Plaintiffs premature arguments fail.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 2
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Additionally, to properly request a continuance, FRCP 56(d) requires that Plaintiffs "(1) set forth in affidavit form the specific facts they hope to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Failure to meet these requirements justifies denying Plaintiffs' request and proceeding to summary judgment. *Id*. Plaintiffs do not explain, by affidavit or otherwise, what facts they do not have, or how they are going to go about obtaining such facts since discovery in this case concluded February 5, 2024. DKT 47 & 48. Plaintiffs received all additional records on February 2 and 6, 2024. Supplemental Declaration of Justin Bolster at ¶ 3 ("Supp. Decl. Bolster").

Plaintiffs were deposed January 5, 2024.  DKT 46, ¶ 3-4. The fact that their depositions were not certified by them is not grounds to strike such evidence at the Summary Judgment stage.

> A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002), citing Fed.R.Evid. 901(b); Fed.R.Civ.P. 56(e) & 30(f)(1); *Beyene v. Coleman Sec. Services, Inc.*, 854 F.2d at 1182; *Pavone v. Citicorp Credit Servs., Inc.*, 60 F.Supp.2d 1040, 1045 (S.D.Cal.1997) (excluding a deposition for failure to submit a signed certification from the reporter).

As the reporter certified at the end of the deposition of Mr. and Mrs. Parker, on January 18, 2024, the transcripts were made available for review. Supp. Decl. Bolster, Ex. A, Ex. B. Plaintiffs had 30 days to return an errata to the counsel and the court reporter. As of today's day, no such errata have been received and the 30-day timeline elapsed rendering this argument moot. Supp. Decl. Bolster, ¶ 4, Ex. A, Ex. B.

To the extent Plaintiffs wanted to provide supplemental facts, they had that opportunity when they filed their opposition. They could have provided declarations, affidavits, or other

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 3
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

evidence, to support their claims. Plaintiffs provided a "declaration" of Lori Parker, that appears to be more of an opposition rather than a declaration as noted above. Plaintiffs certainly do not identify any specific acts or conduct to support the allegations in their Complaint, or any basis to delay ruling on Defendant's motion.

SCA's motion should be heard now and ruled on as expeditiously as possible. Plaintiffs' comments that statements made under oath during depositions or in response to discovery "should be deemed inadmissible", makes no sense and is not supported by citation to any case or sound reasoning.

**C. Undisputed Facts.**

The following facts are undisputed as supported by SCAs moving material and Plaintiffs' response:

1. George Parker's Facebook posting constitutes hate speech. DKT 46, Ex. 3.

2. The Crown can impose sanctions against an individual for violation of corporate bylaws and Kingdom Law. *Id*.

3. SCAs Board is the ultimate arbiter of SCA rules. *Id*.

4. The SCA Board reviewed and affirmed the Kingdom of An Tir's decision to exile Mr. Parker after giving him an opportunity to respond and voted to evaluate Mr. Parker for Revocation of Membership and Denial of Participation ("R&D"). DKT 46, Ex. 9.

5. SCA complied with the SCA's notice requirements to George Parker regarding the R&D. *Id*., Ex. 10.

6. George Parker was given the right to respond either in writing or verbally to SCA regarding the sanctions assessed against him and he chose to rely on written statements. *Id*., Ex. 2, 86:16-87:5.

7. George Parker submitted an appeal regarding his R&D that was reviewed and rejected by SCA on February 28, 2022. DKT. 9, ¶ 42.

8. George Parker submitted a second appeal that was rejected on July 26, 2022, for failing to provide any new information. DKT. 47, p. 3, ¶ 8.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S
REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND REQUEST TO STRIKE THE DECLARATION OF
LORI PARKER - 4
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

9. Plaintiffs presented no documentary support for the monetary sanctions they claim in this lawsuit. DKT 47, p 14-15.

Plaintiffs' argument against the R&D of Mr. Parker is a spurious assertion that SCA rules somehow do not apply to them. They apparently believe they can say and do anything anywhere and that SCA does not have any authority to decide that their behavior violates SCA's organizational policies because they were ignorant of the rules. DKT 47 at p. 3. They cite no authority for this standard. Ignorance is not a defense. Plaintiffs' assertion also ignores the waiver they agreed to when they signed up for membership, and acknowledged at each SCA event they attended, that participation in SCA events requires adherence to SCA rules and policies. Declaration of Lis Schraer, Exhibit A.

### D. Plaintiffs Failed to Present Evidence that the SCA Engaged in Bad Faith or Malice Towards Mr. Parker.

Case law is clear that a showing of malice and lack of a fair hearing is required when dealing with club expulsion. *Jackson v. American Yorkshire Club*, 340 F.Supp. 628, 636 (N.D. Iowa 1971). Here, there is no showing of either. Rather the undisputed evidence confirms that the SCA followed its internal rules, and that Plaintiffs simply did not like the decision made by the SCA. That alone is insufficient to justify court intervention in the SCA's control over membership.

It has long been the law that a private organization is the sole arbiter to decide on the expulsion of a member, and that it is only when the decision of the organization was made in bad faith that a court can interfere. *U.S. ex rel De Yturbide v. Metropolitan Club of City of Washington*, 11. App.D.C. 180, 196-97 (D.C. 1897) ("The courts can not sit as appellate tribunals to review the judgments of the corporate authorities in such cases. The parties concerned having constituted their own domestic tribunal for the trial and determination of questions of alleged violation of purely corporate duty, they must abide such determination, unless the authority be transcended, or there be fraud or bad faith shown.").

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S
REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND REQUEST TO STRIKE THE DECLARATION OF
LORI PARKER - 5
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Per the SCA's Corporate Policies Section II D, a member's membership may be revoked "at the sole discretion of the Board of Directors" for "[v]iolations of the Governing Documents or other rules of the SCA." Declaration of Melissa "Lis" Schraer at ¶ 8, Ex. E. Mr. Parker was subject to R&D for violating Corpora Section X.A.4:

> Hate speech is not tolerated in the Society. Hate speech is speech or symbols that offend, threaten, or insult individuals or groups, based on …sexual orientation…or other traits. Such symbols and speech have no essential part of any discussion of ideas…. The use by any participant in the Society may result in possible sanctions up to and including revocation of membership and denial of participation.

*Id*. at ¶ 7, Ex. D.

The SCA Board further noted that the conduct violated the more recent version of SCA's Social Media Policy, that admittedly post-dated the incident. *Id*. However, the Board decided that violation of the above hate speech section of Corpora alone justified the R&D of Mr. Parker. *Id*. Furthermore, Mr. Parker admitted in his discovery answers that in April 2021, the Social Media Policy applied to "people using a profile or interacting on any social media, including unofficial channels, in a manner that demonstrates a direct connection to SCA Inc." Supp. Decl. Bolster, Ex. C. Mr. Parker's posting was made using the persona he uses for SCA events and was on the Facebook page of another SCA member using her SCA persona. Supp. Decl. Bolster, Ex. A, Dep. of George Parker at 83:9 – 84:7. Furthermore, everyone who signs up as a paid member of the SCA, or attends any SCA event, agrees to be bound by the SCA General Waiver that provides in part:

> The SCA has rules which govern and may restrict the activities in which I can participate. These rules include, but are not limited to: Corpora, the By-laws, the various kingdom laws and the Rules for combat related activities.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 6
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Decl. Schraer, ¶ 3, Ex. A. Plaintiffs provided a copy of this general waiver as one of their exhibits in discovery confirming their familiarity with the general waiver and access to the same. Supp. Decl. Bolster at ¶ 7.

Furthermore, the SCA Sanctions Procedures and Policies Manual that was in effect in March and April 2021 confirms at Section 4 D 3, that the Board of Directors, upon review of a Kingdom Level Exile, at its own discretion may:

> (1) Uphold or overturn the sanction.
>
> (2) Extend the sanction and request the Society Seneschal investigate the matter for a determination of the need for additional action up to and including Revocation of Membership and Denial of Participation.
>
> (3) Impose other sanctions as needed.
>
> (4) Take any action the Board finds necessary under the circumstances.

Decl. Schraer, ¶ 9, Ex. F. Therefore, because the Kingdom of An Tir issued the sanction of exile, the Board had full authority to evaluate Mr. Parker's conduct for additional action up to and including R&D. *Id*.

The undisputed evidence confirms that Mr. Parker had an opportunity to be heard and to appeal his R&D. DKT 47 at p. 3. Plaintiffs present no evidence of malice on the part of the SCA, they simply do not agree with the outcome. While the investigation team recommended that Mr. Parker's R&D be a limited term of three-to-five years, the Board voted for an unlimited term as was their right. Decl. Schraer, ¶ 5 Ex. B. Plaintiffs provided insufficient evidence to justify court intervention here.

Even though alleged by Plaintiffs in their opposition to SCA's motion, constitutional due process does not apply to private actions or social clubs. *Garvey v. Seattle Tennis Club*, 60 Wn.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S
REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND REQUEST TO STRIKE THE DECLARATION OF
LORI PARKER - 7
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

App. 930, 935, 808 P. 2d 1155 (1991). Plaintiffs' claim of due process violations is irrelevant and apropos of nothing.

### E. Plaintiffs' Claims are Untimely.

On January 25, 2023, Plaintiffs filed a *Motion to Proceed In Forma Paueris*. DKT. 1. On April 17, 2023, Plaintiff motion was granted. DKT. 8. That same day, on April 17, 2023, Plaintiffs filed their Complaint against SCA. DKT. 9. Accepting January 25, 2023, as the date of filing, does not substantively change Defendants' motion and Plaintiffs' claims must still be dismissed.

Plaintiff Lori Parker <u>unequivocally</u> testified that her claim for a hostile work environment, when performing volunteer services for the SCA, were related to her YAFA position at the Kingdom level that ended October 22, 2017. DKT. 46-1 & DKT. 9 ¶ 22; Supp. Decl. Bolster, Ex. D, Lori Parker Deposition at 37:7 - 37:22.

> Q: Now -- okay, so as it relates again to the Society-level YAFA position, is there anything else about that position or any other conduct that you believe constitutes a, a hostile work environment?
>
> A: Once I made it into the Society position, I cannot recall anything specific. The hostile work issues were centered on my time as Kingdom Officer.
>
> Q: Now, I do want to talk about those issues, you know, briefly, just to make sure I understand. I want to make sure I understand. You can have a chance to tell me your side of the story. That's what I'm here for.
>
> The hostile work environment, in regard to the Kingdom YAFA position, that's what your claim is about, right?
>
> A: Yes.

Any claim related to this volunteer YAFA position had to be filed no later than October 22, 2020 – over two years before the complaint was filed. By their own admission, the peer harassment Plaintiffs complain about occurred in May and July of 2019. DKT. 9 ¶ 26 & 27. The

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S
REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS MOTION FOR SUMMARY JUDGMENT
AND REQUEST TO STRIKE THE DECLARATION OF
LORI PARKER - 8
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

three-year statute for those claims ran by July 2022 – 6 months before Plaintiffs filed anything with this Court.  The polling for Baron and Baroness claims made by Plaintiffs occurred in June and July of 2019 and those complaints had to be filed by July 2022. DKT. 9, ¶ 24.

It is undisputed that the negligence-based claims occurred outside the statute of limitations and must be dismissed.

Plaintiffs cannot rest on generalized statements to oppose summary judgment, rather they must do so with specific facts. *Pine Ridge Coal Co. v. Local 8377, United Mine Workers of America*, 187 F.3d 415, 422 (4th Cir.1999) (must show alternate calculations); *United States v. Hudson*, 982 F.2d 160, 163 (5th Cir.1993) (expert witness affidavit expressing opinion without setting out reasons is insufficient); *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir.2004) (fails to set out times, dates, and places). Plaintiffs failed to present any specific facts identifying actionable conduct occurring after January 25, 2020. All claims other than those related to the R&D of George Parker must be dismissed based on the three-year statute of limitations.

The SCA Board voted to R&D George Parker on October 24, 2021. Decl. Schraer at ¶ 5. Mr. Parker appealed that decision on January 15, 2022, with the Board voting to uphold the R&D on February 28, 2022. Decl. Schraer, ¶ 5, Ex. B. Plaintiffs' Complaint violates RCW 24.03A.375, which requires any proceeding challenging the termination to occur within one year of the effective date of the termination, which would have been October 24, 2022, not within one year of his most recent appeal:

> (5)   A proceeding challenging a termination or suspension for any reason must be commenced within one year after the effective date of the termination or suspension.

Under RCW 24.03A.375, he had until October 2022 to file this lawsuit, January 25, 2023 was too late and that claim too is untimely per RCW 24.03A.375.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 9
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

### F. Plaintiffs Failed to Identify Any Actionable Conduct Against SCA.

Plaintiffs failed to identify any actionable conduct. As Plaintiffs admitted in their depositions, the conduct they complain of was nothing more than passive-aggressive behavior that they did not like. Declaration of Justin Bolster, Ex. 1, 64:20-66:8, 68:16-23. Nor did they identify any conduct that would be imputable to the SCA, other than the SCA's decision to affirm the exile and decision to R&D George Parker. Plaintiffs certainly did not present any evidence rising to the level of a hostile work environment based on a protected classification, which is required for relief. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir.2003).

Plaintiffs' negligence-based claims must all be dismissed.

### G. SCA Followed its Policies Regarding the R&D of Mr. Parker.

The SCA rules are clear on the R&D process. See Corporate Policies of the Society for Creative Anachronism, Inc. Decl. Schraer at ¶ 8, Ex. E. SCA rules expressly provide that R&D is determined "at the sole discretion of the Board of Directors" for actions that "endanger the SCA" or for violations "of the Governing Documents or other rules of the SCA." The Sanctions Manual provides that the SCA Board will consider the R&D of a member when there is documentation of cause for expulsion from the SCA, there is evidence of violations of SCA rules, or a formal recommendation arising from any procedures defined in Corpora, which include a Kingdom's decision to exile a member. Decl. Schraer at ¶ 9, Ex. F.

SCA rules then only requires notice to the member along with an invitation for the member to provide any and all relevant documentation that the member would like the Board to consider. Decl. Schraer at ¶ 10. The member is allowed to appeal the Board's decision, but any such appeal "must be accompanied by new evidence that warrants re-examination by the Board." *Id.* SCA complied with its internal policies in proceeding with the R&D of Mr. Parker.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 10
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Plaintiffs attempt to pick and choose sections from SCA's Organizational Handbook in an attempt to muddy the waters. Their arguments fail. While it is true that one consideration for R&D of a member is when 30% or more of the membership of the Kingdom of residence petitions the Board. However, as noted above that is not the sole consideration for the Board to consider R&D. Any formal recommendation for discipline that requires Board review, e.g., an exile, is sufficient justification for the Board to consider the R&D of a member. Decl. Schraer, ¶ 9, Ex. F.

George Parker engaged in hate speech and SCA had the right to protect itself and its members by R&D-ing him. George Parker's comments were beyond the pale and rose to the level of removal according to SCA's policies. The fact that other dissimilar actions of other members did not rise to the level of R&D has nothing to do with the decision to remove Mr. Parker.

**H.  Plaintiffs Presented No Evidence to Support Their Monetary Losses.**

Plaintiffs failed to present any admissible evidence documenting their financial losses and therefore such claims must be dismissed, along with any claim for punitive damages or attorney's fees.

**I.  Conclusion.**

Plaintiffs' failed to timely bring their claims. Washington's statute of limitations is three years, with Plaintiffs waiting until January 25, 2023 to file anything. All causes of action accruing before January 25, 2020, must be dismissed. Moreover, they failed to bring their request for court review of their R&D within the one year allowed by RCW 24.03A.375 prohibiting that claim from being reviewed either. Regardless, Plaintiffs failed to identify any actionable claim as they seek redress for passive-aggressive conduct by other members, which is simply not redressable in federal court. As it relates to the R&D of Mr. Parker, Plaintiffs failed to present any evidence that the SCA's decision was made with malice.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 11
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Defendant's motion for summary judgment must be granted and Plaintiffs' Complaint dismissed with prejudice.

I certify that this memorandum contains 3,393 words in compliance with the Local Civil Rules.

DATED this 1st day of March, 2024.

PREG O'DONNELL & GILLETT PLLC

By /s/ Justin E. Bolster
    Justin E. Bolster, WSBA #38198
    Debra Dickerson, WSBA# 20397
Attorneys for Defendant The Society for Creative Anachronism, Inc., a/k/a/ SCA, Inc.

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 12
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

# DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiffs George DC Parker II and Lori A. Parker**:
George DC Parker II
Lori A. Parker
10710 199th Street East
Graham, WA  98338

\_\_\_  **Via Messenger**
\_\_\_  **Via Facsimile –**
_X_  **Via U.S. Mail, postage prepaid**
\_\_\_  **Via Overnight Mail, postage prepaid**
_X_  **Via Court E-Service or email with recipient's approval**
*thenorsegypsyforge@gmail.com*

DATED at Seattle, Washington, this 1st day of March, 2024.

/s/ Justin E. Bolster
Justin E. Bolster, WSBA #38198

THE SOCIETY FOR CREATIVE ANACHRONISM INC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER - 13
11010-0002  5978747
NO. 3:23-cv-05069-RJB

**PREG O'DONNELL & GILLETT PLLC**
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113