UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

George DC Parker II, and :

Lori A Parker,

               Plaintiff(s),

   v.

THE SOCIETY FOR CREATIVE :
ANACHRONISM, INC., a/k/a/ "SCA" :
or "SCA, Inc.", et.al,

               Defendant(s).

Case No. 3:23-cv-05069-RJB
OPPSITION TO DEFENDANT'S REPLY AND REQUEST TO STRIKE THE DECLARATION OF LORI PARKER

Plaintiffs request the court deny Defendant's request to strike the Declaration of Plaintiff Lori Parker.

Due to Mr. Bolster's assertion that Plaintiff Lori Parker's declaration lacks the appropriate line of swearing under oath, Plaintiffs submit this request to allow the declaration to stand.   Plaintiffs requested an attorney to avoid such oversites, so we can now only ask the court to allow us a little latitude to amend and resubmit the declaration with the appropriate affirmations and not simply strike it from the record.  Lori Parker's declaration is a statement of facts outlining the areas in which the defendants in fact violated their governing documents.

The declaration includes various evidence and documents that demonstrate the validity and strength of our position. The fact that it lacks affirmation is a minor oversite that can easily be rectified.

1  Mr Bolster asserts that the discovery phase closed on the 5th but then in the same sentence claims
2  that they submitted over 1000 "documents" on the 6. Clearly the Discovery phase has not closed
3  as the Plaintiffs cannot and did not agree to the idea that defendants have submitted all the
4  documentation requested in their interrogatory and request for production. Additionally,
5  Plaintiffs have not yet had an opportunity to go through the entirety of the documents submitted
6  a mere 2 days prior to the motion for summary judgment.

7

8  Mr. Bolster said that the Plaintiffs are asserting that they are above the rules. Yet Plaintiffs did
9  no such thing. Contrary to Mr. Bolsters opinion, Plaintiffs assert that the rules being applied in
10 this case are explicitly written for the running of the corporation and are not written for the
11 behavior of members. Not just Plaintiffs, but any and all members.

12

13  Plaintiffs have not yet had an opportunity to go through the 1000 plus pages of evidence
14 submitted by the defendants just a few days prior to the filing of Defendant's motion, to the best
15 of our knowledge defendants have submitted no evidence that supports Mr. Bolster's claim that
16 plaintiffs have agreed to abide by any rules whatsoever. Defendants have not submitted any
17 evidence that plaintiffs have signed or agreed to any waivers of any kind. Defendants claim that
18 attendance at events constitutes an agreement to abide by ALL SCA rules, this assumes facts not
19 in evidence, as they have not submitted any evidence to prove that assertion. The waiver
20 submitted as so-called evidence of plaintiff's knowledge of the rules is a waiver that covers
21 personal injury but does not absolve the SCA in cases of negligence. Plaintiffs would like to
22 reiterate that this case is about the negligence of the SCA, therefore the waiver submitted is
23 irrelevant and should be disregarded. In addition to the lack of signatures showing plaintiffs
24 agreement to abide by any such rules, the waiver and site waiver mentioned by Mr. Bolster

applies only to SCA official events and does not in any way apply to social media posts. Nor does this waver say anything about adhering to the SCA's governing documents specifically written for corporate officers and the board of directors. Posting on to a private, friends-only locked social media thread does not constitute an SCA event.

The social media policy as presented was in fact superseded by the decision of the board to not monitor/sanction post on private non SCA official pages (see Exhibit T Page 4). Therefore, Plaintiff George Parker had a reasonable expectation of not being penalized by the SCA for anything Plaintiff George Parker said on his friend's private, not publicly accessible page or anything outside of the SCA managed pages altogether.  This is a fact that is not in dispute.

Plaintiffs hereby dispute the alleged facts defendants are asserting as undisputed facts:

*C. Undisputed Facts.*

*The following facts are undisputed as supported by SCAs moving material and Plaintiffs' response:*

1. *George Parker's Facebook posting constitutes hate speech. DKT 46, Ex. 3.*

Hate speech is a subjective opinion and requires special protections to a specific portion of the population that is not afforded to citizens as guaranteed by the 4th amendment of the constitution. It also violates the 1st amendment of free speech.  For this reason the court should not uphold any hate speech claims.

2. *The Crown can impose sanctions against an individual for violation of corporate bylaws and Kingdom Law. Id.*

Posting on a private page does not violate corporate by-laws nor does it violate any kingdom law.  Again, the board of directors ruled against sanctions for posts on non-SCA controlled social

media. (see Exhibit T page 4, Board of Directors quarterly meeting minutes) Defendant's assertion otherwise is an opinion not a fact and is most certainly in dispute.

      3.   SCAs Board is the ultimate arbiter of SCA rules. Id.

The corporate documents set out the rules for how the organization operates, and the behavior of it's officers, but they do not regulate the behavior of the members. Therefore, this statement may seem accurate, but it is not the whole truth.

      4.   The SCA Board reviewed and affirmed the Kingdom of An Tir's decision to exile Mr. Parker after giving him an opportunity to respond and voted to evaluate Mr. Parker for Revocation of Membership and Denial of Participation ("R&D"). DKT 46, Ex. 9.

Plaintiff George Parker was never afforded an opportunity to respond to the exile. Plaintiff George Parker was only given an opportunity to respond to the R&D. Therefore, this not a fact but a statement that is in dispute.

      5.   SCA complied with the SCA's notice requirements to George Parker regarding the R&D. Id., Ex. 10.

      6.   George Parker was given the right to respond either in writing or verbally to SCA regarding the sanctions assessed against him and he chose to rely on written statements. Id., Ex. 2, 86:16-87:5.

      7.   George Parker submitted an appeal regarding his R&D that was reviewed and rejected by SCA on February 28, 2022. DKT. 9, ¶ 42.

To the best of our knowledge Defendants have not submitted any evidence to support the allegation that any appeal was ever heard by the board of directors. Therefore, this statement assumes facts not in evidence, therefore, this not a fact but a statement that is in dispute.

      8.   George Parker submitted a second appeal that was rejected on July 26, 2022, for failing to provide any new information. DKT. 47, p. 3, ¶ 8.

To the best of our knowledge defendants have not submitted any evidence to support the allegation that Plaintiffs failed to provide additional information. In actual fact, plaintiffs

provided the board with additional information proving that the initial exile and the resultant R&D violated corporate documents, therefore, this not a fact but a statement that is in dispute.

    9. *Plaintiffs presented no documentary support for the monetary sanctions they claim in this lawsuit. DKT 47, p 14-15.*

This statement is false. Plaintiffs have presented defendants with ample documentation to support their monetary claims. Therefore, this not a fact but a statement that is in dispute.

For these reasons and the reasons outlined in Plaintiff's original opposition to the Defendants motion, this court should deny Defendant's motion for summary judgment and the request to strike the Declaration of Lori Parker (Dkt 48)

Dated: March 3, 2024

Respectfully submitted,

*/s/ George DC Parker II*

George DC Parker II, and

*/s/ Lori A. Parker*

Lori A Parker,